**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **WSOU INVESTMENTS, LLC D/B/A** | § | |
| **BRAZOS LICENSING AND** | § | **CIVIL ACTION 6:20-cv-00487-ADA** |
| **DEVELOPMENT,** | § | **CIVIL ACTION 6:20-cv-00488-ADA** |
| *Plaintiff,* | § | **CIVIL ACTION 6:20-cv-00489-ADA** |
| | § | **CIVIL ACTION 6:20-cv-00490-ADA** |
| | § | **CIVIL ACTION 6:20-cv-00491-ADA** |
| **v.** | § | **CIVIL ACTION 6:20-cv-00492-ADA** |
| | § | **CIVIL ACTION 6:20-cv-00493-ADA** |
| | § | **CIVIL ACTION 6:20-cv-00494-ADA** |
| | § | **CIVIL ACTION 6:20-cv-00495-ADA** |
| **ZTE CORPORATION, ZTE (USA)** | § | **CIVIL ACTION 6:20-cv-00496-ADA** |
| **INC, AND ZTE (TX), INC.,** | § | **CIVIL ACTION 6:20-cv-00497-ADA** |
| *Defendants.* | | |

**JOINT MOTION FOR ENTRY OF DISPUTED FIRST
AMENDED SCHEDULING ORDER**

**TO THE HONORABLE COURT:**

Pursuant to the Court's November 9, 2020 Order directing the parties to file an amended proposed scheduling order based on OGP Version 3.2, the Parties jointly submit this disputed first amended schedule order. The principal dispute concerns what dates should be modified in view of the OGP Version 3.2 proposed scheduling order. Each sides' respective position is set forth below followed by proposed schedules respectively set forth in Exhibit A and Exhibit B. Also included in Exhibit C is Plaintiff's side-by-side comparison of the parties proposed dates and the Court's OGP, and Exhibit D is Defendants' side-by-side comparison of the parties proposed dates and the Court's OGP. Exhibit E is Defendants' supplemental figure illustrating the dates with respect the set *Markman* hearing.

**Plaintiff's Position**

The parties already negotiated and agreed to a Schedule Ordering that was entered by this Court on October 30, 2020.  On November 9, 2020, the Court ordered the parties to conform the currently entered Order to address the new *Markman* briefing format pursuant to OGP 3.2.  The only reason for this amendment is to comply with the narrow scope of the Court's Order.  And this is easily accomplished by moving three *Markman* briefing dates, by 5-7 days.  In fact, the parties agree on the OGP 3.2 *Markman* briefing format and dates. However, Defendants have held up the entry of an amended order[1] because they want to undo their prior agreement concerning other items in the schedule – none of which should be affected by the Court's November 9, 2020 order. More particularly, for the agreed Scheduling Order entered, Defendants originally requested, and Plaintiff agreed to, a one-week extension (from the OGP default) on their invalidity contention/sufficient to show operation deadline.  Now that agreed Scheduling Ordering has been entered, and Defendants received the benefit of that bargain, they want even more time, namely a one-month extension (from the OGP default) on their invalidity contentions/sufficient to show operation deadline.  Such a request compresses the remaining schedule prior to *Markman* to the prejudice of Plaintiff.  Also, at the 11th hour, Defendants incorrectly alleged for the first time that

---

[1] On November 11, 2020, Plaintiff sent Defendants a proposed amendment to the current court ordered schedule to comply with the Court's November 9, 2020 order. The parties reached agreement on adjustments to address the November 9, 2020 order; however, Defendants have since held up submitting anything to the Court as they attempt to re-negotiate multiple dates and further delay the proceedings. Having not reached agreement on non-essential amendments, Plaintiff sent a draft shell for insertion of positions on November 16, 2020. Defendants argued the need for further meet and confer. Following such a meet and confer, Plaintiff re-urged on November 22, 2020 to send competing positions to the Court.  Defendants indicated they would only first be able to submit their position to the Court on December 1, 2020.  At the 11th hour, Defendants changed their positions yet again. Plaintiff's position has remained the same since November 16, 2020.

there was an agreement to modify the scheduling order. There was not. There is no good cause for the 11th hour changes Defendants seek.

First, again, the parties already submitted an agreed schedule on October 29, 2020, which the Court entered on October 30, 2020.  The agreed Scheduling Order accommodated Defendants' request for an extra week on the invalidity contentions/sufficient to show operation deadline.  The Court subsequently entered its November 9, 2020 order indicating that "OGP version 3.2 shall apply retroactively to Markman briefing" and directing the parties to "file an amended proposed scheduling order based on OGP version 3.2."  The parties have agreed on OGP 3.2 *Markman* briefing dates. The only disagreement is on Defendants' desire to undo the parties' prior agreement on other dates unaffected by OGP version 3.2.

Second, in the meet and confer, Defendants argued that they needed additional time to address the amended complaint.  However, the amendments to the complaint concerned only ZTE's Corp.'s allegation in its Motion to Dismiss that this Court lacked personal jurisdiction – not substantive issues concerning the allegations of infringement.  There is nothing to address.

Third, in the meet and confer, Defendants argued that their new counsel only came on board in early November and needs time to get up to speed. This is Defendants' third set of counsel. Plaintiff has been communicating with Defendants' counsel since April of 2020 – for more than seven months. Plaintiff already agreed to multiple earlier extensions (e.g., answering Plaintiff's complaint) to allow Defendants' second set of counsel to come up to speed. Defendants' third set of counsel came after the parties agreed to the current schedule. There is still ample time to comply with the already agreed dates. Defendants' new counsel will have had two months to comply with the deadline.

Fourth, contrary to Defendant's eleventh-hour assertion just hours before this submission, there was never an agreement to modify the deadline to file additional § 1404 motions to transfer, which according to the agreed schedule were due last week.[2] The § 1404 motions to transfer are already fully briefed. This issue has never been discussed – despite having a specific meet and confer to discuss the schedule.  If this truly were an issue, Defendants had multiple opportunities to address – including in the meet and confer between the parties on November 18, 2020.[3]

**ZTE Defendants' Position**[4]

Notwithstanding ZTE's pending motions to dismiss/transfer based on lack of venue,[5] ZTE maintains—and has consistently maintained—that the dates, as proposed by ZTE, comply with the Court's OGP version 3.2 scheduling order. *See* Dkt. 40[6]. Specifically, ZTE proposes setting these dates, based on the fixed May 20-21, 2021 *Markman* hearing date (and thus amending/updating the earlier dates, as needed). In contrast, WSOU offers two sets of dates, neither of which comply with the OGP order. WSOU also creates unnecessary disputes by injecting controversy and a

---

[2] The parties agreed to extend the deadline to file motions to dismiss, which include motions to dismiss or transfer for improper venue, not motions to transfer under § 1404. Plaintiff made this clear in its communications to Defendants and in Plaintiff's proposed sur-reply opposing Defendants' motions to transfer.

[3] While the parties dispute whether the amended complaint mooted Defendants' § 1404 transfer motions, nothing prevented Defendants from voluntarily withdrawing their § 1404 motions to transfer and timely filing renewed motions by the November 24, 2020 deadline. Instead, Defendants used the amended complaint as an excuse to seek even further extensions of the transfer motion deadline (erroneously claiming an amended complaint moots a § 1404 motion) and allowed the November 24 deadline to pass.

[4] Defendants' references to the docket are made with respect to case no. 6:20-cv-00487-ADA.

[5] Venue is improper under 28 U.S.C. § 1400(b) for at least two of the three defendants, ZTE USA and ZTE TX, because neither resides in this district nor has regular and established places of business here.

[6] On November 9, 2020, the Court ordering that the "parties are directed to file an amended proposed scheduling order based on OGP version 3.2".

newly-proposed set of backtracked dates, underscoring WSOU's lack of reasonableness in working to resolve disputes with ZTE, without Court involvement. With respect, the Court should disregard *both sets* of WSOU's dates and adopt ZTE's proposed dates.

ZTE proposes dates for the case schedule, based on the OGP version 3.2 order, by amending the current set of dates based on the May 20-21 *Markman* hearing. The default schedule permits such amendments. The default schedule sets dates based on the CMC, and/or in the alternative, based on the *Markman* hearing date. For instance, the OGP version 3.2 default schedule proposes scheduling the technical tutorial "22 weeks after CMC (**but at least 1 week before *Markman* hearing**)." Thus, the OGP uses either the CMC dates or *Markman* date, as a measuring rod. And, in fact, WSOU acknowledges that the bulk of the default schedule dates are set *exclusively* with respect to the *Markman* hearing. *See* Exs. C&D and the agreed post-*Markman* dates.  On this case, the *Markman* hearing date is the only fixed date to base these amendments.[7] Thus, the Court should amend these dates with respect to the only *fixed* date, the *Markman* hearing.

ZTE's proposed dates are further appropriate and proper, due to the rippling effect of the new briefing schedule. On November 9, 2020, the Court ordered the parties to adjust the *Markman* briefing, by incorporating additional briefing—thereby inserting a ripple effect, cascading to all the dates before and after the additions. Dkt. 40. As illustrated below, ZTE's proposed schedule incorporates new deadlines for opening claim construction brief and adjusts the respective neighboring dates (and all neighbors) in accordance with the OGP version 3.2 (*see also* Ex. E).

WSOU improperly objects to ZTE's edits and insists on backtracking from **its initially proposed dates** *and even backtracking from agreed dates*. On November 11, 2020, WSOU initially proposed dates "in light of the Court's latest order regarding OGP 3.2," and a revised

---

[7] *See* October 25, 2020 Court cancellation of the CMC via email from the Court's clerk.

"*Markman* briefing schedule to not only match OGP 3.2, but also accommodate [Defendants']
request to extend certain deadlines." For one such deadline, the parties agreed to extending the
new Motion to Dismiss and Transfer date to December 4, 2020, Dkt. 41[8], however, WSOU now
maintains November 24, 2020 for its proposed Motion to Transfer date, which is obvious nonsense
(as that date is now past). *See* Ex. A.[9] Such gamesmanship from WSOU is frankly outrageous.
Further in a sign of WSOU's poor-faith, since November 11, 2020, WSOU rolled back *every
disputed date*—further away from ZTE's proposed dates. *See* Ex. D. Instead of working with ZTE
to resolve this dispute, WSOU pushed the goal posts further apart, thus singlehandedly
necessitating these briefings. It should be noted that ZTE changed its counsel on November 5,
2020, and WSOU has shown an unexplained lack of cooperation and basic reasonableness with
new counsel.

---

[8] The Parties agreed, and the Court extended the Motion to Transfer deadline to December 4, 2020.
*See* 6:20-cv-00487-ADA, Dkt. 41 (". . . the deadlines to respond to the Amended Complaint (with
a new Motion to Dismiss *or otherwise*), in view of the Amended Complaint, Dkt. No. 38
(supplemented Dkt. No. 39), is to be extended to December 4, 2020") (emphasis added); compare
with Dkt. No. 37 (WSOU's opposition brief stating "ZTE Corporation's motion to dismiss *or
transfer should be denied as moot*.") (emphasis added).
[9] On the issue of whether the Amended Complaint moots all briefings, motions to dismiss and
transfer, for all Defendants—if the Court sides with WSOU that the Amended Complaint does not
moot the transfer motions, then those motions are ripe and awaiting ruling. On the other hand, if
the Court sides with Defendants that the Amended Complaint does moot the transfer motions, then
Defendants' forthcoming Motion to Dismiss and in the alternate Transfer will control.

Date:  December 1, 2020                    Respectfully submitted,

                                          By:   _/s/ James L. Etheridge_

                                          James L. Etheridge
                                          Texas Bar No. 24059147
                                          Ryan S. Loveless
                                          Texas Bar No. 24036997
                                          Brett A. Mangrum
                                          Texas Bar No. 24065671
                                          Travis L. Richins
                                          Texas Bar No. 24061296
                                          Jeff Huang
                                          Etheridge Law Group, PLLC
                                          2600 E. Southlake Blvd., Suite 120 / 324
                                          Southlake, TX 76092
                                          Tel.: (817) 470-7249
                                          Fax: (817) 887-5950
                                          Jim@EtheridgeLaw.com
                                          Ryan@EtheridgeLaw.com
                                          Brett@EtheridgeLaw.com
                                          Travis@EtheridgeLaw.com
                                          Jeff@EtheridgeLaw.com

                                          Mark D. Siegmund
                                          State Bar No. 24117055
                                          mark@waltfairpllc.com
                                          Law Firm of Walt, Fair PLLC.
                                          1508 North Valley Mills Drive
                                          Waco, Texas 76710
                                          Telephone: (254) 772-6400
                                          Facsimile: (254) 772-6432
                                          *Counsel for Plaintiff WSOU Investments, LLC*


                                          _/s/ Lionel M. Lavenue_
                                          Lionel M. Lavenue
                                          Virginia Bar No. 49,005
                                          lionel.lavenue@finnegan.com
                                          FINNEGAN, HENDERSON, FARABOW,
                                          GARRETT & DUNNER, LLP
                                          1875 Explorer Street, Suite 800
                                          Reston, VA 20190
                                          Phone:  (571) 203-2700
                                          Fax:      (202) 408-4400

Attorney for Defendants,
ZTE Corporation
ZTE (USA), Inc.
ZTE (TX), Inc.

## CERTIFICATE OF SERVICE

I certify that on December 1, 2020, I electronically field the foregoing with the Clerk of

Court using the CM/ECF system, which will send notification of such filing to all counsel of

record.

*/s/ James L. Etheridge*
James L. Etheridge