– 23 –

# EXHIBIT D

| OGP Version 3.2 Default Schedule | WSOU Final Proposal[17] | WSOU Initial Proposal[18] | ZTE Proposal | Item |
|---|---|---|---|---|
|  | 11/10/20 | 11/10/20 | 11/10/20 | Case Management Conference |
| (2 weeks after CMC) | 11/24/20 | 11/24/20 (2 weeks after the CMC) | 12/4/20 | Deadline for Motions to Transfer[19] |
| (7 weeks after CMC or 16 weeks before *Markman* hearing) | 1/6/21 | 1/13/21 | 1/29/21 (16 weeks before *Markman* hearing) | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, |

---

[17] WSOU insists on separate Exs. C and D.

[18] On November 11, 2020, WSOU initially proposed the following dates "in light of the Court's latest order regarding OGP 3.2," and to "revise the *Markman* briefing schedule to not only match OGP 3.2, but also accommodate [Defendants'] request to extend certain deadlines."

[19] The Parties agreed, and the Court extended the Motion to Transfer deadline to December 4, 2020. *See* 6:20-cv-00487-ADA, Dkt. 41 (". . . the deadlines to respond to the Amended Complaint (with a new Motion to Dismiss *or otherwise*), in view of the Amended Complaint, Dkt. No. 38 (supplemented Dkt. No. 39), is to be extended to December 4, 2020") (emphasis added); compare with Dkt. No. 37 (WSOU's opposition brief stating "ZTE Corporation's motion to dismiss *or transfer* should be denied as moot.") (emphasis added).

|  |  |  |  |  |
|---|---|---|---|---|
|  |  |  |  | including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused product(s) for the two years preceding the filing of the Complaint, unless the parties agree to some other timeframe. |
| (9 weeks after CMC or 14 weeks before *Markman* hearing) | **1/22/21** | **1/29/21** | **2/12/21** (14 weeks before *Markman* hearing) | Parties exchange claim terms for construction. |
| (11 weeks after CMC or 12 weeks before *Markman* hearing) | **2/12/21** | **2/19/21** | **2/26/21** (12 weeks before *Markman* hearing) | Parties exchange proposed claim constructions. |
| (12 weeks after CMC or 11 weeks before *Markman* hearing) | **2/19/21** | **2/26/21** | **3/5/21** (11 weeks before *Markman* hearing) | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon in their opening brief with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony. With respect to items of extrinsic evidence, the parties |

| | | | | |
|---|---|---|---|---|
| | | | | shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| (13 weeks after CMC or 10 weeks before *Markman* hearing) | 2/26/21 | 3/5/21 | 3/12/21 (10 weeks before *Markman* hearing) | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| (14 weeks after CMC or 9 weeks before *Markman* hearing) | 3/12/21 | 3/19/21 | 3/19/21 (9 weeks before *Markman* hearing) | Plaintiff files Opening claim construction briefs, including any arguments that any claim terms are indefinite. |
| (17 weeks after CMC or 6 weeks before *Markman* hearing) | 4/9/21 | 4/9/21 | 4/9/21 (6 weeks before *Markman* hearing) | Defendant files Responsive claim construction briefs. |
| (19 weeks after CMC or 4 weeks before *Markman* hearing) | 4/23/21 | 4/23/21 | 4/23/21 (4 weeks before *Markman* hearing) | Plaintiff files Reply claim construction briefs. |
| (21 weeks after CMC or 2 weeks before *Markman* hearing) | 5/7/21 | 5/7/21 | 5/7/21 (2 weeks before *Markman* hearing) | Defendant files a Sur-Reply claim construction brief |
| (3 business days after submission of sur-reply ) | 5/12/21 | 5/12/21 | 5/12/21 (3 business days after submission of sur-reply) | Parties submit Joint Claim Construction Statement and provide copies of briefs to the Court. |
| (22 weeks after CMC, but at least one week | 5/13/21 | 5/13/21 (22 weeks after CMC, but at least | 5/13/21 (22 weeks after CMC, but at least one week | Parties submit option technical tutorials to the Court and technical advisor (if appointed). |

| | | | | |
|---|---|---|---|---|
| before *Markman* hearing) | | one week before *Markman* hearing) | before *Markman* hearing) | |
| **May 20-21, 2021** | **May 20-21, 2021** | **May 20-21, 2021** | **May 20-21, 2021** | *Markman* hearing at 9:00 a.m. |
| **May 24, 2021** (1 business day after *Markman* hearing) | **May 24, 2021** | **May 24, 2021** (1 business day after *Markman* hearing) | **May 24, 2021** (1 business day after *Markman* hearing) | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| The parties are in agreement concerning the remaining dates. | | | | |