# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **WSOU INVESTMENTS LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,** | § § § | **C.A. NO. 6:20-cv-00487-ADA** **C.A. NO. 6:20-cv-00488-ADA** |
| | § | **C.A. NO. 6:20-cv-00489-ADA** |
| *Plaintiff*, | § | **C.A. NO. 6:20-cv-00490-ADA** |
| | § | **C.A. NO. 6:20-cv-00491-ADA** |
| v. | § | **C.A. NO. 6:20-cv-00492-ADA** |
| | § | **C.A. NO. 6:20-cv-00493-ADA** |
| **ZTE CORPORATION, ZTE (USA) INC.** | § | **C.A. NO. 6:20-cv-00494-ADA** |
| **AND ZTE (TX), INC.,** | § | **C.A. NO. 6:20-cv-00495-ADA** |
| | § | **C.A. NO. 6:20-cv-00496-ADA** |
| *Defendants*. | § | **C.A. NO. 6:20-cv-00497-ADA** |
| | § | |

## DEFENDANTS' OPPOSITION TO MOTION FOR SUR-REPLY REGARDING MOTION TO TRANSFER

**Table of Contents**

I.      WSOU's Amended Complaint Moots All Motions—Including WSOU's Sur-
Reply .............................................................................................................................. 1

II.     WSOU Offers *No* Case Law Supporting Its Legal Position or Its Requested Relief ......... 2

III.    WSOU Misstates the Record Before This Court .................................................... 3

On November 6, 2020, WSOU filed an Amended Complaint against ZTE,[1] thereby

mooting *all* of the pending briefings on jurisdiction/venue.[2] WSOU's request for a Sur-reply is a

waste of judicial resources, with unnecessary briefing on a mooted motion to dismiss/transfer.

WSOU's Amended Complaint was not miniscule or trivial—to the contrary, WSOU added new

allegations of alleged infringing activity by ZTE in the Northern District of Texas—new

allegations that *affect* both the personal jurisdiction and venue standings for this suit. Also,

rather than submit a Sur-reply with any caselaw for its positions—it cannot—WSOU merely

asserts erred and misleading arguments. Without detracting from the purpose of the briefing

herein (i.e. whether WSOU's Sur-reply is necessary at all), WSOU's most egregious missteps

are addressed below, including correcting the record with regards to ZTE's cited controlling

case law on these issues. Ultimately, this Court should deny WSOU's request for a Sur-reply.

## I.      WSOU's Amended Complaint Moots All Motions—Including WSOU's Sur-Reply

WSOU originally filed 11 cases on 11 patents against ZTE in a first set of cases, "the

WSOU I matters," as filed on March 26, 2020, and WSOU then moved for voluntarily dismissal

of those cases on June 3, 2020; then, on the same day, WSOU filed "the WSOU II matters," or

11 new cases on the same 11 patents.[3] In response, in each of the 11 cases, ZTE filed a Motion

to Transfer to the Northern District of Texas for the WSOU II matters, and in each of the 11

cases, WSOU filed an Amended Complaint, adding new allegations of actions pertaining to all

three ZTE Defendants.  *See* Dkt. 38, supplemented by Dkt. 39.  It is undisputed that the

Amended Complaint moots all Motion to Dismiss briefings for all three Defendants. *See* Dkt.

---

[1] The Defendants are ZTE Corporation, ZTE (TX), Inc. and ZTE (USA) Inc. collectively ("ZTE").
[2] Because ZTE's original Motion to Dismiss and/or Motion to Transfer was mooted by the Amended Complaint,
ZTE's deadline for responding to the Amended Complaint is December 4, 2020.  *See* November 12, 2020 Order.
[3] *See* WDTX Case Nos. 6:20-cv-00211, -00216, -00224, -00228, -00229, -00231, -00238, -00240, -00242, -00254,
and -00255 (collectively "WSOU I"). The citations throughout here refer to new WDTX Case Nos. -00487 through -
00497 (collectively "WSOU II"), and specific citations reference to the docket for WDTX Case No. -00487.

41.  WSOU, however, maintains—against all cited case law—that ZTE's Motion to Transfer in the 11 cases somehow survives, but only with respect to two ZTE Defendants (ZTE USA and ZTE TX), remain ripe.  This is nonsensical, and WSOU offers no support for its insistence.

As WSOU knows (based on briefing and email correspondence among counsel), "an amended pleading supersedes the original *for all purposes*." *Nolen v. Lufkin Indus., Inc.*, 466 F. App'x 895, 898 (Fed. Cir. 2012) (emphasis added); *see also King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and render[s] it of no legal effect").  And, Texas courts recognize that the "plaintiff should not be allowed to amend its complaint in response to a motion and then require the movant to rest on its outdated briefing." *Luminati Networks Ltd. v. BiScience Inc.*, 2019 WL 2084426 (E.D. Tex. 2019).  Given this caselaw, the Motion to Transfer briefings for *all Defendants* here are fully mooted by WSOU's Amended Complaint, and there is no need for WSOU's Sur-reply.  WSOU's persistence to the contrary is vexatious and a disregard of its duty to this Court, and a waste of judicial (and party) resources. This Court should deny WSOU's request for a Sur-reply.

## II.      WSOU Offers *No* Case Law Supporting Its Legal Position or Its Requested Relief

WSOU requests shocking relief, first that this Court finds that the Amended Complaint *does not* moot the pre-amended complaint transfer motions for ZTE USA and ZTE TX (addressed above), and second, that this Court find that those pre-amended complaint transfer motions *be denied*. This dual relief is unprecedented. WSOU offers *no* case law supporting this position, as no Court has granted *both* of these reliefs simultaneously, underscoring its futility.

No court has rejected post-amended complaint transfer motions *and* simultaneously denied the pre-amended complaint transfer motions—effectively striking the transfer issue in one fell swoop. Defendants recognize that the court has discretion to deem whether an amended

complaint renders motions to transfer moot or applicable. *Luminati*, 2019 WL 2084426, at\*2

(E.D. Tex. 2019). The purpose of exercising this discretion, however, is to "save time and

resources . . . not to unfairly tie the hands of the movant in situations where it is not." *Id*.

In the rare instances where courts may deny additional post-amended complaint briefing,

it is *not to* deny the pre-amended complaint transfer motion (rendering no remedy), but instead, it

is *to grant the transfer* (and forgo needless additional briefing with post-amended complaint

briefings).  For instance, the *WowWee* court granted the pre-amended complaint transfer motion

and thereby denied additional post-amended complaint briefs as mooted by the transfer.

*WowWee Group Ltd. v. Wallace*, 2012 WL 13013022, at \*1 (C.D. Cal. 2012).  Similarly, in

*Krause*, the court considered the original complaint ripe for analysis in order to grant the pending

pre-amended complaint motion to transfer and reduce unnecessary briefing. *Donald Krause v.*

*Williams Chippas et. al*, 2007 WL 4563471, at \*2-3 (N.D. Tex. 2007).  Neither of these courts

(1) muted defendants from responding to the amended complaint, and simultaneously (2) denied

the pre-amended complaint motion to transfer as WSOU requests.

WSOU is aware that no case law supports its extreme, requested relief, yet it still pursues

this legal folly. Again, WSOU's insistence on continuing these pre-amended complaint briefings,

with no supporting case law, highlights WSOU's reckless disregard of its duty to basic fairness.

### III.    WSOU Misstates the Record Before This Court[4]

WSOU further attempts to pivot from its lacking caselaw, by erroneously characterizing

Defendants' Reply incorrectly. On several occasions, WSOU even mischaracterizes the record.

First, WSOU oversteps for its lack of supporting caselaw for its extreme remedy, by

---

[4] Under 28 U.S.C. § 1927, a federal court may award attorney fees, costs, and expenses that were "reasonably incurred" because of opposing counsel's "unreasonabl[e]" and "vexatious[]"multiplication of legal proceedings. *Morrison v. Walker*, 939 F.3d 633, 637 (5th Cir. 2019); *see also Browning v. Kramer*, 931 F.2d 340, 346 (5th Cir. 1991). Insisting that ZTE continue to brief a motion mooted by WSOU  multiplies the proceedings in this case.

generically claiming Defendants' briefing is "unsupported by the law." In one example, WSOU even alleges that ZTE cites "no authority to support their argument that a motion to transfer under 28 U.S.C. § 1404 is mooted by an amended complaint." Dkt. 43, p. 2. This is just false. At the very center of ZTE's Reply brief, at the first sentence of the paragraph, Dkt. 42, p. 2, ZTE specifically states: "On the issue of an Amended Complaint, it is generally recognized that 'an amended pleading **supersedes the original for all purposes**.' Nolen v. Lufkin Indus., Inc., 466 F. App'x 895, 898 (Fed. Cir. 2012); see also King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994) ("***An amended complaint supersedes the original complaint and render[s] it of no legal effect***")." Dkt. 42, p. 2 (emphasis added). This authority is cited – predominately.  ZTE's brief is fully supported by caselaw, and this is another reason this Court should deny WSOU's Sur-reply.

Second, WSOU now attempts to backpaddle from statements made in its own briefing. WSOU's initial position in its Response brief on the Motion to Transfer—evident by the *first line* of its Opposition brief, Dkt. 37, p. 1—is that "ZTE Corporation's motion to dismiss *or transfer should be denied as moot*." Dkt. 37, p. 1 (emphasis added). Now, in its proposed Sur-reply, WSOU flips its position and argues that "WSOU does *not* claim ZTE Corporation's motion to transfer is moot." Dkt. 43, p. 3 (emphasis original). This flip-flopping is either evidence of WSOU's sloppy briefing, or it is evidence of WSOU's improper plan to waste judicial resources. In either event, this is another reason the Sur-reply brief should be denied.

Third, in a most *bizarre* turn of events, WSOU argues (A) that the new Amended Complaint pleadings do not "affect" the pre-amended complaint transfer briefings, Dkt. 43, p. 3, and (B) that it is impermissible for ZTE to address the new Amended Complaint pleadings in the Reply because they are "new" arguments, Dkt. 43, p. 4.  ZTE, however, maintains that the new Amended Complaint pleadings affect the pre-amended complaint transfer briefings, and that

4

ZTE should be afforded the opportunity to address these new pleaded facts—either in a new Motion to Transfer (which WSOU opposes) or herein in the pre-amended complaint transfer briefings (which WSOU also opposes).  To be fair, ZTE cannot be silenced in both briefings.

In the Reply briefs, ZTE already applied WSOU's newly-pleaded facts to the transfer factors in the Motion to Transfer (after all, recall that WSOU filed both an Amended Complaint and Response to the Motion to Transfer).  *See* Dkt. 42, p. 3.  For instance, in the Amended Complaint, WSOU pleads, for the first time, that Accused Products are sold and/or licensed from ZTE USA's headquarters in Richardson, Texas (in the NDTX). Dkt. 38, ¶¶ 11 and 13.  ZTE never had the opportunity to address this newly-pleaded fact, as WSOU pled it for the first time in the Amended Complaint (filed on the same day as its Opposition brief).  *Id*.  And, this was not the only newly pleaded fact,[5] and each of the newly-pleased facts applied to the transfer analysis and alleged infringement activity (and evidence) in the NDTX (not WDTX). Thus, in the Reply briefs, ZTE applied this new pleaded fact to the private interest transfer factors, Dkt. 42, p. 3, and WSOU objected by labeling it an improper "new" argument first raised on Reply, Dkt. 43, p. 4.  WSOU's attempt to mark these arguments—where ZTE applied WSOU's new pleadings first raised in the Amended Complaint to the transfer factors—as "new" is nonsensical.[6]  ZTE cannot be silenced everywhere, both here, and with the forthcoming post-amended complaint briefings.

Transfer to the NDTX is proper, and the pre-amended complaint briefings are unnecessary.  WSOU arguments are vexatious. This Court should disregard WSOU's Sur-reply.

---

[5] *See generally* Dkt. 42, pp 3-4 (Other examples include "WSOU further alleges that customers are 'targeted . . . through [ZTE USA's] website' and that ZTE USA ships the Accused Products to customers from the Richardson headquarters (in the NDTX);" "WSOU also alleges that the Richardson, Texas headquarters (in the NDTX) handle 'troubleshooting or other technical support'"; "WSOU alleges that ZTE USA issues press releases from the Richardson headquarters").  These are newly-plead facts. ZTE must have an opportunity to respond, somewhere.
[6] In one example of WSOU's doublespeak, and inconsistency,, WSOU admits that the Amended Complaint newly "identifies ZTE Corporation's shipments to *ZTE USA* in [Northern] Texas as proof of personal jurisdiction," Dkt. 43, fn. 6, yet WSOU oddly maintains that the issues of *venue* remain unaffected by the Amended Complaint.

DATED:  December 4, 2020                          Respectfully submitted,


                                                  */s/ Lionel M. Lavenue*
                                                  Lionel M. Lavenue
                                                  Virginia Bar No. 49,005
                                                  lionel.lavenue@finnegan.com
                                                  **FINNEGAN, HENDERSON, FARABOW,
                                                  GARRETT & DUNNER, LLP**
                                                  1875 Explorer Street, Suite 800
                                                  Reston, VA 20190
                                                    Phone:  (571) 203-2700
                                                    Fax:     (202) 408-4400

                                                  Attorney for Defendants,
                                                  ZTE Corporation
                                                  ZTE (USA), Inc.
                                                  ZTE (TX), Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on December 4, 2020.

/s/ Lionel M. Lavenue
Lionel M. Lavenue