IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 6:20-cv-487-ADA<br>CIVIL ACTION NO. 6:20-cv-488-ADA<br>CIVIL ACTION NO. 6:20-cv-489-ADA<br>CIVIL ACTION NO. 6:20-cv-490-ADA<br>CIVIL ACTION NO. 6:20-cv-491-ADA<br>CIVIL ACTION NO. 6:20-cv-492-ADA<br>CIVIL ACTION NO. 6:20-cv-493-ADA<br>CIVIL ACTION NO. 6:20-cv-494-ADA<br>CIVIL ACTION NO. 6:20-cv-495-ADA<br>CIVIL ACTION NO. 6:20-cv-496-ADA<br>CIVIL ACTION NO. 6:20-cv-497-ADA<br><br>**JURY TRIAL DEMANDED** |
| Plaintiff, | | |
| v. | | |
| ZTE CORPORATION, ZTE (USA) INC., AND ZTE (TX), INC. | | |
| Defendants. | | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUR-REPLY OPPOSING DEFENDANTS' MOTION TO TRANSFER**

WSOU filed a one-page motion for leave to file a sur-reply, merely asking for leave to file a short response addressing new arguments raised for the first time in Defendants' reply. Defendants filed a five-page brief that consists primarily of sur-sur-reply arguments and unwarranted accusations that WSOU's sur-reply arguments are "vexatious" and sanctionable.

Defendants strenuously argue that their original § 1404 motions were mooted by WSOU's Amended Complaint. If Defendants' original § 1404 motions are *not* moot, WSOU's motion for leave should be granted because WSOU seeks only five pages to address arguments raised for the first time Defendants' reply. In the first paragraph of their response ("Response"), Defendants argue WSOU's motion for leave should be denied because it is allegedly a "waste of judicial resources, with unnecessary briefing on a mooted motion to dismiss/transfer." Resp. at 1. WSOU's proposed sur-reply does not contain any briefing on the merits of a mooted motion to dismiss. Rather, it (1) explains why Defendants' § 1404 motions were not mooted by WSOU's amended complaint and (2) briefly responds to new § 1404 arguments raised for the first time in Defendants'

1

reply. Most of Defendants' Response does not address WSOU's motion for leave and instead amounts to a sur-sur-reply filed without leave. Given that Defendants took the liberty of filing a sur-sur-reply, there can be little reason now to deny WSOU's motion for leave to file its sur-reply.

Defendants' Response accuses WSOU of improper conduct, claiming WSOU's sur-reply is "vexatious" and possibly sanctionable under 18 U.S.C. § 1927. Defendants' Response also rudely accuses WSOU of "flip-flopping," "sloppy briefing," and taking "bizarre" positions. Defendants have made a habit of including these types of *ad hominem* attacks in their briefs.[1] Given that the accusations in Defendants' Response are directed at the merits of WSOU's sur-reply, they are themselves improper. Defendants did not seek or obtain leave to file a sur-sur-reply addressing the merits of WSOU's sur-reply. Defendants Response, which is really a sur-sur-reply filled with irrelevant, hyperbolic, and false accusations against WSOU, should be disregarded or struck. And while Defendants' new motions filed after the deadline, now stricken, might be considered vexatious, there is nothing vexatious about WSOU's proposed sur-reply.

Therefore, based on the arguments above, WSOU respectfully requests that its motion for leave be granted.

---

[1] In Defendants' statement supporting their proposed scheduling order, for example, Defendants claimed the parties agreed to extend the deadline for all motions to transfer to December 4, 2020 and accused WSOU of "frankly outrageous" "gamesmanship" for arguing otherwise. -487 Dkt. 44 at 6. WSOU did *not* agree to extend the § 1404 deadline. *See* **Exhibit A** (being filed only in the -487 case for efficiency); -487 Dkt. 41 ¶ 6 (motion to extend filed by Defendants admitting WSOU did not agree to extend the § 1404 deadline).

Dated: December 11, 2020                     Respectfully submitted,

/s/ *Ryan Loveless*
James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Brett A. Mangrum
Texas State Bar No. 24065671
Travis Lee Richins
Texas State Bar No. 24061296
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com

Mark D. Siegmund
State Bar No. 24117055
mark@waltfairpllc.com
Law Firm of Walt, Fair PLLC.
1508 North Valley Mills Drive
Waco, Texas 76710
Telephone: (254) 772-6400
Facsimile: (254) 772-6432

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

    I certify that on December 11, 2020 a true and correct copy of the foregoing document was served upon all counsel of record via the Court's electronic delivery system under this Court's Local Rules.

/s/ *Travis Richins*
Travis Richins