# EXHIBIT A

ZTE acknowledges and confirms this briefing schedule.

With respect to the Motion to Transfer briefings, the Amended Complaints moot these briefings as well, and new briefings should adhere to the same timeline addressed above.

Please let us know WSOU's case law support for opposing these extensions, and WSOU's support for why the Motions to Transfer are not mooted.

We look forward to your timely response so we may file the necessary extensions by Friday, November 13, 2020,

Regards,
Lionel

---

**From:** Jim Etheridge <jim@etheridgelaw.com>
**Sent:** Tuesday, November 10, 2020 9:03 PM
**To:** Lavenue, Lionel <lionel.lavenue@finnegan.com>
**Cc:** Schulz, Bradford <Bradford.Schulz@finnegan.com>; Edgington, Bradley <Bradley.Edgington@finnegan.com>; IPTeam <IPTeam@etheridgelaw.com>; 'mark@waltfairpllc.com' <mark@waltfairpllc.com>
**Subject:** RE: Follow-Up, WSOU v. ZTE (WDTX)

**EXTERNAL Email:**

Lionel,

We are not opposed to a 14-day extension of your deadline to file a motion to dismiss to December 4, if you will agree to a reciprocal extension of our deadline to respond. Also, given that one of our weeks would fall over Christmas, we request that the deadline to respond be extended to January 8. This would give us a two-week extension not counting the week from Christmas Day to New Year's Day.

That said, we do not think the 1404 Motions to Transfer for convenience are mooted by our amended complaints.
Are you saying you consider the 1404 motions to somehow be mooted? Presently, we disagree and are opposed, but look forward to your reply.

Cordially,
Jim

---

**From:** Lavenue, Lionel <lionel.lavenue@finnegan.com>
**Sent:** Tuesday, November 10, 2020 10:29 AM
**To:** Jim Etheridge <jim@etheridgelaw.com>; Ryan Loveless <ryan@etheridgelaw.com>; Travis Richins <travis@etheridgelaw.com>; Brett Mangrum <brett@etheridgelaw.com>; Jeff Huang <jhuang@etheridgelaw.com>; Brian Koide <brian@etheridgelaw.com>; 'mark@waltfairpllc.com' <mark@waltfairpllc.com>
**Cc:** Schulz, Bradford <Bradford.Schulz@finnegan.com>; Edgington, Bradley <Bradley.Edgington@finnegan.com>; IPTeam <IPTeam@etheridgelaw.com>
**Subject:** Follow-Up, WSOU v. ZTE (WDTX)

Counsel,

We kindly request a response to our requests for the extensions of time.

RE: Follow-Up, WSOU v. ZTE (WDTX)

## Jim Etheridge <jim@etheridgelaw.com>

Tue 11/10/2020 10:48 PM

**To:** Lavenue, Lionel <lionel.lavenue@finnegan.com>
**Cc:** Schulz, Bradford <Bradford.Schulz@finnegan.com>; **IPTeam <IPTeam@etheridgelaw.com>**; 'mark@waltfairpllc.com' <mark@waltfairpllc.com>; Leonard, Katherine <Katherine.Leonard@finnegan.com>

Lionel,

Reading back through this email trial, seems in the back and forth we never replied to your request that given your Reply briefs are due Friday, November 13, "would WSOU consent to a 7-day extension for those Reply briefs?"

==Yes, we do consent to a 7-day extension for those Reply briefs.==

Cordially,
Jim

---

**From:** Lavenue, Lionel <lionel.lavenue@finnegan.com>
**Sent:** Tuesday, November 10, 2020 8:43 PM
**To:** Jim Etheridge <jim@etheridgelaw.com>
**Cc:** Schulz, Bradford <Bradford.Schulz@finnegan.com>; IPTeam <IPTeam@etheridgelaw.com>; 'mark@waltfairpllc.com' <mark@waltfairpllc.com>; Leonard, Katherine <Katherine.Leonard@finnegan.com>
**Subject:** RE: Follow-Up, WSOU v. ZTE (WDTX)

Jim,

WSOU's Amended Complaint, if timely (which ZTE does not concede), moots *both* the Motion to Dismiss and the Motion to Transfer briefings for all 11 cases and for all ZTE entities.

Please let us know if you have case law supporting your position that the Amended Complaints *do not* moot the entire set of briefings—in particular the motions to transfer.

For instance, in support of our understanding, it is generally recognized that "an amended pleading supersedes the original *for all purposes*." *Nolen v. Lufkin Indus., Inc.*, 466 F. App'x 895, 898 (Fed. Cir. 2012) (emphasis added); *see also King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and render it of no legal effect"). And, the courts in Texas recognize that the "plaintiff should not be allowed to amend its complaint in response to a motion and then require the movant to rest on its outdated briefing." *Luminati Networks Ltd. v. BiScience Inc.*, 2019 WL 2084426 (E.D. Tex. 2019). Thus, the Motion to Dismiss *and* the Motion to Transfer briefing sets for all cases and all ZTE entities are mooted by WSOU's Amended Complaint.

With respect to the Motion to Dismiss briefings, WSOU concedes that all briefings for all ZTE entities are mooted by the Amended Complaint, and that the parties further agree to briefing extensions for these new briefings:

- ZTE receives a 14-day extension to December 4, 2020 for filing new Motions to Dismiss with respect to all ZTE entities.
- WSOU receives a reciprocal 14-day extension (not counting the Christmas-New Years week) for filing a response by January 8, 2021.