**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| WSOU INVESTMENTS LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | §§§§ | C.A. NO. 6:20-cv-00487-ADA<br>C.A. NO. 6:20-cv-00488-ADA<br>C.A. NO. 6:20-cv-00489-ADA |
| *Plaintiff*, | §§ | C.A. NO. 6:20-cv-00490-ADA<br>C.A. NO. 6:20-cv-00491-ADA |
| v. | §§ | C.A. NO. 6:20-cv-00492-ADA<br>C.A. NO. 6:20-cv-00493-ADA |
| ZTE CORPORATION, ZTE (USA) INC. AND ZTE (TX), INC., | §§§ | C.A. NO. 6:20-cv-00494-ADA<br>C.A. NO. 6:20-cv-00495-ADA<br>C.A. NO. 6:20-cv-00496-ADA |
| *Defendants*. | §§ | C.A. NO. 6:20-cv-00497-ADA |

**DEFENDANTS' MOTION TO STAY, OTHER THAN VENUE PROCEEDINGS**

Pending resolution of the renewed Motion to Dismiss for Improper Venue for this District, Defendants ZTE Corporation, ZTE (USA) Inc., and ZTE (TX), Inc. (collectively "ZTE") respectfully move for a stay of all case activity, with the exception of venue discovery, venue briefing, and this Court's forthcoming decision on ZTE's pending Motion to Dismiss on Venue. Dkt. No. 47.[1] Currently, with WSOU's venue discovery—with such venue discovery extending to June 4, 2021 and with WSOU's responsive briefing due June 18, 2021—the completion of briefing on the pending Motion to Dismiss will not conclude for over 6 months, i.e., until July 2021. Other than venue discovery/briefing, any other matters should be stayed, including but not limited to (1) *Markman* proceedings (the oral hearing on is set for May 21, 2021), (2) the initiation of fact discovery (to start on May 24, 2021), and (3) deadlines to add parties (July 2, 2021). *See* Dkt. No. 45. Therefore, ZTE respectfully moves for a stay of all case activity, other than relating to venue.

On the issue of venue, WSOU has the burden to prove venue, and quite simply, it cannot. There are three ZTE entities, and WSOU cannot claim any plausible basis for venue over either ZTE USA and/or ZTE TX. Neither ZTE USA nor ZTE TX has a physical place of business in the WDTX, and WSOU cannot claim otherwise. Both ZTE USA and ZTE TX had places of business in WDTX but closed them in 2015 and 2018 respectively—well before the earliest filing date of WSOU's initial complaint on March 26, 2020. Given the scarcity of any basis for venue over ZTE USA and ZTE TX,[2] the weight of authority and evidence dictates for a stay of all case activity, other than relating to venue. Given that WSOU has the burden to prove venue and given that WSOU cannot credibly assert a claim of venue for at least ZTE USA and ZTE TX, a stay is proper.

---

[1] There are 11 pending cases. Citations throughout refer to new WDTX Case Nos. -00487 through -00497, and specific citations reference to the docket for WDTX Case No. -00487.
[2] As part of the venue discovery, WSOU also seeks venue discovery from a potential non-party, namely a person not an employee of ZTE USA or ZTE TX. A stay would further enable parties to address what discovery is appropriate and/or if additional parties may be needed in the case.

1

**I.     INTRODUCTION:  PARTIAL STAY IS NECESSARY, GIVEN VENUE DIPUSTE**

In the recent *In re Apple* decision from the Federal Circuit, on writ of mandamus, a panel of the Federal Circuit strongly emphasized that district courts should prioritize venue disputes, before addressing any of the other substantive issues in the case. *In re Apple*, No. 20-135, slip op. at 5 (Fed. Cir. Nov. 9, 2020) (indicating that resolution of venue issues should "unquestionably take top priority" in a case); *see also In re EMC Corp.,* 501 F. App'x 973, 975-76 (Fed. Cir. 2013) (recognizing the importance of addressing early motions at the outset of litigation); *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) ("[I]n our view disposition of that [ ] motion should have taken a top priority in handling of this case by the . . . District Court."). In this case, venue discovery will confirm that venue is entirely *improper* here, yet while other significant substantive case activities proceed—in an improper forum. This dual-tracking here is a waste of party and judicial resources, and in view of the recent appellate mandate to prioritize venue, the other substantive issues in this case should now be stayed, pending the motion to dismiss decision.

As outlined in ZTE's Motion to Dismiss, Dkt. No. 47, venue is plainly not *proper* here in the Western District of Texas ("WDTX"), and this case should therefore not proceed, until the issue of venue is addressed. WSOU carries the burden for proving venue, yet WSOU fails to show proper venue for all of the ZTE entities—and, it cannot because venue is not proper here for at least ZTE USA and ZTE TX. Of note, no amount of venue discovery will alter the course on venue, as ZTE USA and ZTE TX have *no* venue-setting ties in the WDTX, respectively, especially since July 31, 2015 and August 31, 2018 (i.e., before filing of these cases). *See* Dkt. No. 47, pp. 4-5.

In accordance with Federal Circuit mandate/precedent, this Court should determine if venue is proper, and if it is not, then stay the other deadlines unrelated to venue. ZTE respectfully requests all issues unrelated to venue be stayed, pending a decision on ZTE's Motion to Dismiss.

## II. BACKGROUND:  FACTS DICTATE FOR GRANTING OF PARTIAL STAY

The procedural background of these cases is set forth in ZTE's pending Motion to Dismiss on Venue (Dkt. No. 47) as well as in the briefing for the first Motion to Transfer. Dkt. Nos. 42 and 43. Several key items bear noting here as they are particularly relevant to this new Motion to Stay:

- The 11 pending cases are repeats of the same 11 cases that WSOU previously filed in the WDTX on March 26, 2020, but WSOU voluntarily dismissed them on June 3, 2020, before ZTE could move to dismiss.[3] There is no reason to believe that these cases would not have been dismissed, if WSOU had not voluntarily dismissed them because venue is still fatally improper. It is noted that WSOU filed these matters against the same ZTE three entities, in the same court, for the same exact 11 patents.
- In response to ZTE's October 9, 2020 Motions to Dismiss and/or Transfer to the NDTX, Dkt. Nos. 23-27, WSOU then filed an untimely Amended Complaint, on November 6, 2020—untimely, as it was more than 21 days later and without leave of the Court. *See* Dkt. 38, supplemented by Dkt. 39; *see also* F.R.C.P. 15(a)(1)(B).
- ZTE timely filed a Motion to Dismiss on December 4, 2020. Dkt. No. 47.
- Instead of responding to ZTE's Motion to Dismiss, WSOU has sought extensive discovery of ZTE, ostensibly related to venue. As such, venue discovery finishes on June 4, 2021—more than 16 months after WSOU's first-filed suit, and nearly 7 months after WSOU's newly Amended Complaint. The briefing for ZTE's current Motion to Dismiss will not conclude until a month thereafter (WSOU's response is due June 18, 2021). Any decision on venue is thus delayed until after significant other issues are underway, including *Markman* proceedings and fact discovery.

Contrary to recent appellate direction, significant substantive issues in these cases will progress and will be indirectly *prioritized* over the Motion to Dismiss on Venue, unless this Motion

---

[3] *See* WDTX Case Nos. 6:20-cv-00211, -00216, -00224, -00228, -00229, -00231, -00238, -00240, -00242, -00254, and -00255 (collectively "WSOU I").

3

to Stay is granted. Indeed, the invalidity contentions are due soon, starting on January 6, 2021. Therefore, ZTE respectfully seeks a stay on all case deadlines, other than issues relating to venue.

### III.    ALL CASE ACTIVITY UNRELATED TO VENUE SHOULD BE STAYED PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS

#### A.    The Court Has Inherent Authority to Issue a Stay to Ensure that Questions of Venue Are Addressed Before Other Substantive Issues in the Case

In the recent *In re Apple* decision, the Federal Circuit instructed district courts to prioritize resolution of venue, before addressing other issues in the case. *See In re Apple*, No. 20-135, slip op. at 5 (Fed. Cir. Nov. 9, 2020) ("Although district courts have discretion as to how to handle their dockets, once a party files a transfer motion, disposing of that motion should unquestionably take top priority."); *see also In re Nintendo Co.*, 544 Fed. App'x 934, 941 (Fed. Cir. 2013) (explaining that "a trial court must first address whether it is a proper and convenient venue before addressing any substantive portion of the case");  *see also In re Fusion-IO, Inc.,* 489 F. App'x 465, 466 (Fed. Cir. 2012) ("We fully expect … the district court to act on those motions before proceeding to any motion on the merits of the action"). As needed, a stay is a proper way to do so. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55, 57 S. Ct. 163 (1936).

Courts have recognized the importance of staying proceedings during resolution of venue disputes, particularly as a means of preventing unnecessary waste of time and expense and promoting judicial economy. *See Tostado v. Citibank*, 9-cv-00549, 2009 WL 4774771, *1 (W.D. Tex. Dec. 11, 2009) (granting motion to stay discovery pending motion to dismiss, to save the parties the unnecessary cost and inconvenience associated with discovery on claims ultimately dismissed); *Univ. of S. Florida Res. Found. Inc. v. Fujifilm Med. Sys. USA, Inc.*, No. 8:16-cv-1194, 2017 WL 4155344, at *1 (M.D. Fla. Aug. 29, 2017) (granting motion to stay, pending resolution

of whether venue was proper in the district); *B.E. Tech., LLC v. Sony Computer Entm't Am., LLC,* No. 12-cv-2828, 2013 WL 524893, at*1 (W.D. Tenn. Feb. 11, 2013) ("Staying the proceedings--including the Local Patent Rule disclosures and fact discovery--will allow the Court to properly decide the pending Motions to Change Venue in light of judicial economy and comity.").

> **B.   All of the Relevant Factors for a Stay Favor a Stay Here, Until a Ruling by the Court on ZTE's Pending Motion to Dismiss for Improper Venue**

In determining whether to issue a stay of proceedings, courts are to consider four factors: (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether granting of the stay would substantially harm the other parties; and (4) whether granting of the stay would serve the public interest. *See U.S. v. McKenzie*, 697 F.2d 1225, 1226 (5th Cir. 1983); *see also Weaver v. Stroman*, 1:16-cv-01195, 2020 WL 3545655, *3 (W.D. Tex. June 30, 2020) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)). Though "the movant need not *always* show a 'probability' of success on the merits," the movant must "present a substantial case on the merits when a serious legal question is involved and show that *the balance of the equities,* [i.e., the other three factors] *weighs heavily in the favor of granting the stay.*" *McKenzie*, 697 U.S. at 1226 (citing *Ruiz II,* 666 F.2d 854, 856 (5th Cir. 1982) (emphasis in original) (quoting *Ruiz I,* 650 F.2d 555, 565 (5th Cir. 1981))) (internal quotation marks omitted). Here, all four factors favor a stay of this case.

> **1.   Factor One: ZTE is Likely to Succeed on the Merits**

ZTE has presented a substantial case on the merits, demonstrating that venue is improper for at least ZTE USA and ZTE TX. Dkt. No. 47. No amount of venue discovery will change the facts that ZTE USA severed all ties with WDTX as early as July 31, 2015, *id*. at 4, and ZTE TX followed suit thereafter on August 31, 2018, *id*. at 5. As discussed in ZTE's Motion to Dismiss (Dkt. No. 47), at the time of the filing of the Amended Complaint, ZTE USA and ZTE TX were

not residents of the WDTX, did not conduct business in the WDTX, and did not have a physical presence in the WDTX. WSOU's allegations to the contrary are based on erroneous information.

Federal Circuit law determines where patent venue lies. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1012 (Fed. Cir. 2018). Venue must be proper ***for all defendants*** for an action to be brought. *See AGIS Software Development, LLC v. ZTE Corp. et al.*, 2018 WL 4854023, at *4 (E.D. Tex. Sept. 28, 2018) ("Having found venue improper as to ZTA, the Court need not consider the propriety of venue as to ZTX as, in order for a district to be 'one in which [an] action [may be] brought, . . . both venue and jurisdiction must be proper there,' as to all defendants."); *see also Magnacoustics* ("Furthermore, as firmly established by judicial decisions, in an action involving multiple defendants venue and jurisdiction requirements must be met as to each defendant."). Since WSOU cannot establish that venue is proper ***for all ZTE defendants*** here, then as a matter of law, the Court must find that venue is thus not proper in the WDTX.

### 2. Factor Two: ZTE Will be Irreparably Injured Absent a Stay

ZTE will be irreparably injured, unless there is a stay of non-venue deadlines in the case. The Federal Circuit recently held that venue disputes should be the Court's top priority. *In re Apple*, No. 20-135, slip op. at 5 (Fed. Cir. Nov. 9, 2020); *In re Nintendo Co.*, 544 Fed. App'x 934, 941 (Fed. Cir. 2013). As such, proceeding with any of the merits of the case, such as invalidity contentions, claim construction activities, and fact discovery—which are to begin **on January 6, 2021**—will impinge the "waste of time, energy and money" that the Federal Circuit cautioned against, in *In re EMC Corp*. 501 Fed. Appx. 973, 975-76 (Fed. Cir. 2013).

Additionally, claim construction (starting January 22, 2021) and discovery and are not merely rote, ministerial tasks. Indeed, a *Markman* hearing and claim construction ruling are two

of the most important and time-intensive substantive tasks a district court undertakes in a patent case. *In re Apple*, No. 20-135, slip op. at 5 (Fed. Cir. Nov. 9, 2020).

Indeed, if this case is dismissed, WSOU will likely re-file in the NDTX, which has its own local rules, patent rules, and *Markman* procedures that differ from those employed by this Court. In all likelihood, claim construction submissions will need to be done again, to comply with NDTX rules. By staying the proceedings in this case, until the venue dispute is resolved, the risk of undue hardship and injury to ZTE is completely eliminated.

### 3. Factor Three: Issuance of the Stay Will *Not* Injure WSOU

A stay will not injure WSOU—in fact it will help WSOU by saving party resources. ZTE seeks a stay of a limited duration, so that the venue issue is decided before other substantive issues are addressed. Any potential injury alleged by WSOU was created by WSOU. Knowing of the venue issues in this District, WSOU deliberately prolonged the briefing schedule, initiated scheduling disputes, moved up its own proposed deadlines, and then requested venue discovery, needlessly prolonging any resolution of venue.

A stay will even benefit WSOU. If (when) these cases are dismissed for improper venue, and if the cases are not dismissed with prejudice (a risk to WSOU, given the procedural issues in the case), WSOU will likely re-file the case/cases in the NDTX. As discussed above, a stay will prevent potential duplicative litigation in the 11 separate actions, in two separate courts, and it would reduce costs associated with such litigations. As scheduled, if the case is note dismissed, then the parties will likely need to prepare two sets of claim construction briefs, prepare for and attend two separate Markman Hearings, and adhere to discovery deadlines in two courts with differing local rules and procedures, resulting in an enormous waste of party resources. Yet, a stay would solve all of these issues, which would not only not injure WSOU, but it benefits it.

### 4. Factor Four: Public Interest Favors a Stay

Public interest favors saving party and judicial resources. Here, staying the case/cases is consistent with other decisions from this Court, ordering a stay until issues of jurisdiction and venue are resolved. Specifically, a stay here will promote judicial efficiency and protect the parties against unnecessary inconvenience and expense. If the Court allows the case to progress while pending the Motion to Dismiss on Venue, there is a significant risk that the Court will needlessly expend time and resources addressing claim construction issues and potential discovery disputes that will have to be revisited by a court in another jurisdiction (likely the NDTX). The waste of time and resources on claim construction alone would be substantial, as the *Markman* Hearing is currently scheduled for May 20-21, 2021, which is well before the close of venue discovery (currently set for June 4, 2021) and well before the deadline for WSOU's opposition to ZTE's Motion to Dismiss (currently scheduled for June 18, 2021). Given the extreme waste of party and judicial resources that would likely occur, a stay is greatly favored.

## IV. CONCLUSION

For the foregoing reasons, the facts and law support that this Court should stay all case activity unrelated to venue, until a decision on ZTE's renewed Motion to Dismiss is rendered.

DATED: December 30, 2020                     Respectfully submitted,

*/s/Lionel M. Lavenue*
Lionel M. Lavenue
Virginia Bar No. 49,005
lionel.lavenue@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
1875 Explorer Street, Suite 800
Reston, VA 20190
  Phone: (571) 203-2700
  Fax:     (202) 408-4400

**ATTORNEY FOR DEFENDANTS**

## **CERTIFICATE OF CONFERENCE**

The parties complied with Local Rule CV-7(i). On December 15, 2020, Defendants' counsel conferred with Plaintiff's counsel via telephone, and on Plaintiff's counsel confirmed that Plaintiff opposes the stay relief sought in this motion.

*/s/Lionel M. Lavenue*
Lionel M. Lavenue

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on December 30, 2020.

*/s/Lionel M. Lavenue*
Lionel M. Lavenue
