IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 6:20-cv-487-ADA CIVIL ACTION NO. 6:20-cv-488-ADA CIVIL ACTION NO. 6:20-cv-489-ADA CIVIL ACTION NO. 6:20-cv-490-ADA CIVIL ACTION NO. 6:20-cv-491-ADA CIVIL ACTION NO. 6:20-cv-492-ADA CIVIL ACTION NO. 6:20-cv-493-ADA CIVIL ACTION NO. 6:20-cv-494-ADA CIVIL ACTION NO. 6:20-cv-495-ADA CIVIL ACTION NO. 6:20-cv-496-ADA CIVIL ACTION NO. 6:20-cv-497-ADA  **JURY TRIAL DEMANDED** |
| Plaintiff, v. ZTE CORPORATION, ZTE (USA) INC., AND ZTE (TX), INC. Defendants. | | |

**PLAINTIFF'S RESPONSE OPPOSING MOTION TO STAY**

ZTE Corporation's ("ZTC"), ZTE USA Inc.'s ("ZTA"), and ZTE TX, Inc.'s ("ZTX) (collectively "ZTE") Motion to Stay pending ZTE's motion to dismiss for improper venue should be denied. The lengthy stay ZTE seeks would harm WSOU by delaying WSOU's right to a speedy trial. There is no need for a stay to avoid harm to ZTE. Nor is a stay necessary for judicial economy. Rather, if ZTE cooperates, the parties can complete venue discovery and briefing before the May 20-21 *Markman* hearings. A stay would only create an incentive for ZTE to drag out venue discovery.

**A. Legal Standard**

A district court has the inherent power to control its own docket, including the power to stay proceedings before it. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55

(1936); *Gonzalez v. Infostream Grp., Inc.*, Case No. 2:14-CV-906, 2015 WL 12910770, at *1 (E.D. Tex. Mar. 2, 2015).

### B. The stay factors relied on by ZTE do not support a stay.

In determining whether to issue a stay of proceedings, courts have considered: (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether granting of the stay would substantially harm the other parties; and (4) whether granting of the stay would serve the public interest. *See U.S. v. McKenzie*, 697 F.2d 1225, 1226 (5th Cir. 1983). These factors weigh against a stay.

#### 1. ZTE has not shown a likelihood of success on the merits.

ZTE has not shown a likelihood of success on the merits. To support this factor, ZTE baldly insists "[n]o amount of venue discovery will change the facts" that ZTE USA and ZTE TX "severed all ties with WDTX." -487 ECF 49 at 5-6. Of course, determining the truth of these allegations is the *purpose* of venue discovery. ZTE's Motion to Stay should not be granted based on assumptions about what discovery will reveal. Avoiding such assumptions is the reason a stay pending resolution of a motion to dismiss is rarely appropriate. *Hernandez v. Baylor Univ.*, 6-16-CV-069 RP, 2016 WL 9450693, at *2 (W.D. Tex. Sept. 21, 2016) ("A stay of the type where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss . . . this would circumvent the procedures for resolution of such a motion."). It is the same type of harm *In re Apple* warned against – making a determination based on the assumed outcome of a transfer motion. *In re Apple*, No. 20-135, slip op. at 5 (Fed. Cir. Nov. 9, 2020) (arguing that deciding the merits of a case before deciding a motion to transfer temporarily assumes there will be no transfer).

#### 2. The public interest factor weighs against granting a stay.

ZTE cites *In re Apple*, arguing this Court should give ZTE's motion to dismiss or transfer "top priority" so as to "not burden itself with the merits of the action" before deciding ZTE's

motion to dismiss. Def.'s Mot. to Dismiss, -487 ECF No. 49 at 2 citing *In re Apple*, No. 20-135, slip op. at 5 (Fed. Cir. Nov. 9, 2020).

Of course, this Court *has* given venue top priority by allowing discovery on venue before discovery on any other issue. Giving a venue motion "top priority" does not, however, mean discontinuing all other activities. Allowing the parties to move forward with invalidity contentions, claim construction positions, and claim construction briefing will *promote* judicial economy, not defeat it. None of these activities involve burdening this Court with the merits of the action before deciding venue. Instead, they ready this case for a prompt determination on the merits regardless of the outcome of ZTE's venue motion.

In an attempt to rely on *In re Apple*, ZTE erroneously assumes venue discovery cannot close until June 4, 2021, making it inevitable that venue briefing will not be completed until after the *Markman* hearings scheduled for May 20-21, 2021. -487 ECF No. 49 at 3. But June 4, 2021 is only the *latest* date by which venue discovery can be completed. Venue discovery and briefing can be completed earlier. WSOU served its venue discovery requests on December 17, 2020. The requests are not extensive. Rather, they consist of 27 specific requests for production and **two** interrogatories. ZTE's responses are due January 18, 2021. On December 17, 2020, WSOU also requested dates for depositions of ZTE's venue declarants. WSOU requested that the depositions occur in late January or early February.[1] Therefore, there is nothing preventing ZTE from cooperating in completing venue discovery and briefing well before the May 20-21 *Markman* hearings, and there is no reason to assume at this early stage that a stay is necessary to avoid having this court "burden itself with the merits of the action" before determining ZTE's venue motion.

Granting a stay would only incentivize ZTE to drag out venue discovery. Instead, this Court should allow the parties to continue the important work of preparing for claim construction (something they must do regardless of the outcome of ZTE's motion to dismiss) and leave in place deadlines that *should* motivate the parties to promptly address venue.

---

[1] ZTE has not provided dates yet, making it possible that the depositions occur later in February or in March. Either way, they should be complete before May.

### 3. Denying ZTE's motion to stay will cause no harm to ZTE.

ZTE will suffer *no* harm by serving invalidity contentions, exchanging claim construction terms, or briefing claim construction prior to a ruling on ZTE's pending motions to dismiss or transfer to the NDTX. This is work ZTE (and WSOU) must complete wherever this case is pending. Indeed, invalidity contentions were due January 6, 2021. ZTE conferred with WSOU about its motion to stay on November 20, 2020 but delayed filing until December 30, 2020, belying ZTE's argument that the purpose for its motion to stay is to avoid the burden of serving invalidity contentions.

There is no merit to ZTE's claim that *Markman* briefing would need to be re-done if this case is transferred to the NDTX. ZTE knows this because the NDTX recently relied on *Markman* briefing *filed by ZTE in the EDTX* to issue a *Markman* ruling after the case was transferred. *Fractus S.A. v. ZTE Corporation et al,* No. 3:18-CV-02838 (N.D. Tex. March 15, 2019) (amending *Markman* order after transfer to the NDTX based on original *Markman* briefing filed in the EDTX). In a seven-page *Markman* ruling, Judge Kinkeade adopted all but one of Judge Gilstrap's claim constructions. *Id.* The work done by the parties and Judge Gilstrap on *Markman* prior to transfer was no additional burden on the parties and *eased* the burden on Judge Kinkeade once the case was transferred.

There is also no reason to conclude that ZTE will be burdened by general fact discovery before a decision on its venue motion. This Court preserves party resources by delaying general fact discovery until two weeks after *Markman.* It should be possible to complete venue discovery and briefing long before fact discovery opens on May 24, 2021.[2]

### 4. A stay would harm WSOU by causing unnecessary delay and by incentivizing ZTE to delay venue discovery.

As this Court has previously found, a patent holder has "an interest in the timely enforcement of its patent right." *Multimedia Content Management LLC v. DISH Network L.L.C.*,

---

[2] Even if fact discovery were open, participating in fact discovery would impose no additional burden on ZTE, as ZTE would be required to produce the *same* discovery (most likely *before Markman*) if this case were pending in the NDTX.

No. 6:18-CV-00207-ADA, Dkt. 73 at 4 (W.D. Tex. May 30, 2019) (Albright, J.). A stay would harm ZTE by unnecessarily delaying a ruling on the merits. It would also give ZTE an incentive to drag out the venue discovery process in hopes of allowing IPR proceedings to advance ahead of litigation. On the same day ZTE filed its motion to stay, Unified Patents, LLC filed an IPR petition (IPR2021-00378) seeking to invalidate the '960 Patent at issue in the -490 case. More IPRs may be on the way. A delay of litigation could harm WSOU by allowing the IPR to advance ahead of litigation. A stay would also tactically disadvantage WSOU, "as the longer this matter persists, the more likely it is that evidence and witnesses' memories will disappear or deteriorate." *Allure Energy, Inc. v. Nest Labs, Inc.*, No. 9:13-CV-102, 2015 WL 11110606, at *1 (E.D. Tex. Apr. 2, 2015).

ZTE blames WSOU for "deliberately" prolonging venue briefing and argues WSOU is to blame for any harm caused by the delay of a stay. -487 ECF No. 49 at 7. First, there is ample time to complete venue discovery before the *Markman* hearings, making ZTE's blame game irrelevant. There is no reason to delay the substantive work of exchanging claim construction positions while the parties complete venue discovery (particularly because, thanks to this Court's procedures, the parties are not simultaneously burdened with fact discovery).

Second, even if relevant, there is no merit to ZTE's allegation that WSOU is to blame for the delay. A prompt resolution of venue has been WSOU's goal all along. WSOU timely filed an Amended Complaint[3] because ZTC claimed WSOU's original complaints lacked sufficient allegations to support personal jurisdiction. WSOU did not use the Amended Complaint as a tactic to delay briefing on venue. Instead, despite the Amended Complaint, WSOU filed timely responses to ZTX's and ZTA's motions to dismiss or transfer for improper venue. As WSOU explained in prior briefing, WSOU was willing to move forward on ZTX's and ZTA's motions to dismiss *despite* the Amended Complaint. -487 ECF 43.1 at 2-3. It was ZTE, not WSOU, that insisted on

---

[3] For some reason, ZTE alleges WSOU's Amended Complaint was untimely filed without leave. It is unclear how this allegation is relevant to ZTE's motion. Regardless, it is incorrect. Under the scheduling order, the deadline to amend pleadings without leave is September 16, 2021.

5

treating ZTX's and ZTA's original motions to dismiss for improper venue as moot. And it was ZTE, not WSOU, that requested an extension of ZTE's deadline to file renewed motions to dismiss.[4] As a courtesy, WSOU agreed. ZTE now claims this courtesy is proof that WSOU "deliberately" prolonged the briefing schedule.

ZTE likewise blames WSOU for seeking venue discovery. -487 ECF No. 49 at 3. WSOU's original responses ZTE's original motions requested venue discovery, but ZTE insisted that the original motions triggering venue discovery be treated as moot. WSOU promptly served venue discovery after receiving ZTE's renewed motions.

### C. Conclusion

The Court should deny ZTE's Motion to Stay because ZTE has not shown a likelihood of success on the merits and a stay would only prejudice WSOU, as ZTE's affiliated entity has already filed an IPR against an asserted patent in this case. Moreover, granting such a stay is an act against judicial economy.

---

[4] Similarly, WSOU timely filed responses to ZTE's original § 1404 motions. It was ZTE, not WSOU, that caused delay (and unnecessary briefing) by baselessly insisting the § 1404 motions were mooted by WSOU's Amended Complaint. ZTE then filed untimely renewed § 1404 motions, causing WSOU the unnecessary work of preparing a motion to strike (which was never filed because the Court struck ZTE's untimely renewed § 1404 motions *sua sponte*).

Dated: January 6, 2021

Respectfully submitted,

/s/ *Ryan Loveless*
James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Brett A. Mangrum
Texas State Bar No. 24065671
Travis Lee Richins
Texas State Bar No. 24061296
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com

Mark D. Siegmund
State Bar No. 24117055
mark@waltfairpllc.com
Law Firm of Walt, Fair PLLC.
1508 North Valley Mills Drive
Waco, Texas 76710
Telephone: (254) 772-6400
Facsimile: (254) 772-6432

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that on January 6, 2021 a true and correct copy of the foregoing document was served upon all counsel of record via the Court's electronic delivery system under this Court's Local Rules.

/s/ *Travis Richins*
Travis Richins