# EXHIBIT 2

**Joint Chart -** *WSOU Investments LLC v. ZTE Corp. et al.*

The parties have a dispute concerning the number of claim terms and page limits for claim construction briefing and outline their positions below.

| Issue | Relief Sought |
|---|---|
| **Plaintiff WSOU States**:<br>The ZTE Defendants propose construction of 199 terms (all proposed by ZTE) and 11 briefs, one for each patent. This is overly excessive.<br><br>Plaintiff WSOU requests that the Court ordered Markman briefs group the 11 patents into three groups, as Plaintiff WSOU proposed nearly three months ago and, also, enforce the OGP 3.2 presumptive limits for such grouping. The Court has adopted this same approach in the previous for WSOU cases, namely *WSOU v. Dell* (12 patents, 36 terms, 4 briefs), *WSOU v. Google* (15 patents, 47 terms, 4 briefs), *WSOU v. Microsoft* (12 patents, 56 terms, 4 briefs), and *WSOU v. Huawei* (12 patents, 36 terms, 4 briefs).<br><br>To ease the burden on the Court and streamline the cases, in each of the *Dell, Microsoft, Google,* and *Huawei* cases, the parties agreed to group the patents for brief purposes to into groups of approximately four patents each, with a fixed number of terms and pages for each respective group with OGP 3.2 as the guideline for terms and page count for each group.<br><br>Despite having fewer patents (11) than the other four cases (12-15 Patents), the ZTE Defendants are the first and only parties that have refused to group patents for *Markman* purposes and refused any limits on the terms. Plaintiff WSOU first prosed the three groupings listed on the right on November 11, 2020. In response, on November 16, 2020, ZTE agreed that "consolidation in this matter is appropriate," but suggested that Plaintiff WSOU either drop case or reduce the claims being asserted in order to reduce the terms for construction.<br><br>Plaintiff WSOU followed up again on January 4, 2021 with the same three groupings. In response, on January 5, 2021, the ZTE Defendants responded that such consolidation consideration was "premature" because parties are now just | Plaintiff's request that the Court:<br><br>(1) Group the patents into these three groups for claim construction briefing:<br><br>    Group 1 (487, 488, 494, 49)<br>    Group 2 (489, 492, 495)<br>    Group 3 (490, 491, 493, 497)<br><br>(2) Order ZTE to comply with the presumptive limits from OGP 3.2, which yields the following limits:<br><br>| Group | Terms | Pages per Brief | |<br>\| \| \| Open/Response \| Replies \|<br>\| 1 \| 10 \| 30 \| 15 \|<br>\| 2 \| 10 \| 30 \| 15 \|<br>\| 3 \| 10 \| 30 \| 15 \|<br><br>(3) Order ZTE to specifically provide its 36 terms, no later than two weeks prior to Plaintiff's opening brief. |

| Issue | Relief Sought |
|---|---|
| starting to identify terms. The ZTE Defendants also repeated the same suggestion that Plaintiff WSOU drop cases or claims.<br><br>On January 6, 2021, the ZTE Defendants proposed construction of 199 terms across the 11 patents. Of those 199 terms, ZTE asserted that at least 119 terms are indefinite. WSOU propose that no terms require construction. Thus the entire dispute is of ZTE making. The breakdown is as follows (as shown in the attached spreadsheet):<br><br>| Group 1 | ZTE | WSOU | Indef. |<br>|---|---|---|---|<br>| 487 | 28 | 0 | 15 |<br>| 488 | 14 | 0 | 8 |<br>| 494 | 17 | 0 | 14 |<br>| 496 | 27 | 0 | 10 |<br>| Sub Total | 86 | 0 | 47 |<br><br>| Group 2 | ZTE | WSOU | Indef. |<br>|---|---|---|---|<br>| 489 | 33 | 0 | 19 |<br>| 492 | 13 | 0 | 10 |<br>| 495 | 15 | 0 | 8 |<br>| Sub Total | 61 | 0 | 37 |<br><br>| Group 3 | ZTE | WSOU | Indef. |<br>|---|---|---|---|<br>| 490 | 9 | 0 | 7 |<br>| 491 | 19 | 0 | 14 |<br>| 493 | 6 | 0 | 3 |<br>| 497 | 18 | 0 | 11 |<br>| Sub Total | 52 | 0 | 35 |<br><br>|  | ZTE | WSOU | Indef. |<br>|---|---|---|---|<br>| Total Terms | 199 | 0 | 119 | | |

| Issue | Relief Sought |
|---|---|
| to Construe | |

On February 5, 2021, Plaintiff WSOU presented the same groupings to ZTE, noting the above numbers. Plaintiff WSOU also provided ZTE with this Court's order compelling Dell to reduce its numbers to 36 terms across 12 patents (grouped into four groups). In response, the ZTE Defendants noted its belief that there are "four distinct technical groupings," but repeated its request that Plaintiff WSOU drop claim and/or cases to reduce the number of terms. Thinking there may be room to compromise, WOSU has repeatedly asked about the "four distinct technical groups," but ZTE has refused to answer, and instead demands that WSOU drop asserted claims and drop cases

The ZTE's argument about a large number of claims being asserted should be rejected. The ZTE Defendants are in no different of a position than four other defendant groups, namely Google, Dell, Huawei, and Microsoft. Each had more patents and a large number of claims and were able to come within the limits of OGP 3.2.

| Case Sets | No. of Patents | No. of Claims | No. of Terms |
|---|---|---|---|
| WSOU v. Dell | 12 | 171 | 36 |
| WSOU v. Google | 15 | 191 | 47 |
| WSOU v. Microsoft | 12 | 122 | 56 |
| WSOU v. Huawei | 12 | 133 | 36 |
| WSOU v. ZTE | 11 | 140 | 199* |

* Current Amount

As seen above, ZTE is clearly the outlier in terms it wants construed. The table above shows that the number of asserted claims does not directly correlate to number of terms or pages required for briefing. The Court already directly recognized that the number of asserted claims doesn't correlate to page numbers required for briefing. *See Email from the Court dated Oct. 16, 2020 ("Second, the Court does not believe that number of asserted claims directly correlates to number

| Issue | Relief Sought |
|---|---|
| of terms or pages required for briefing. As WSOU points out, many of the asserted claims for one patent may be dependent claims which share the same critical terms. If the asserted claims are from the same patent (dependent or not) they will likely share much of the same vocabulary and less construction will be required overall."). The ZTE Defendant's claim count is almost four times the amounts in all other cases – including the Google, which involves three more patents and 50 more claims than the ZTE Defendants.<br><br>The ZTE proposal of construction of 199 terms (all proposed by ZTE) and 11 briefs, one for each patent is overly excessive.  WSOU asks the court to order the parties to group the patents into the three proposed groups, and file three briefs which comply with OGB 3.2 and three Markman briefs, one for each group.   We further request the court order ZTE to specifically provide its 36 terms, no later than two weeks prior to Plaintiff's open brief. | |

| Issue | Relief Sought |
|---|---|
| **The ZTE Defendants State**: WSOU refuses to compromise by first reducing the number of asserted claims for these 11 cases before ZTE Defendants agree to reduce the number of terms. ZTE Defendants are entitled to at least 8 terms per patent (88 in total) and should not be required to indirectly consolidate its invalidity arguments without WSOU reducing its *excessively* large number of 140 asserted claims. Nevertheless, as a compromise, ZTE Defendants already reduced the terms for construction to just 59 terms in addition to the 35 U.S.C. § 112 terms (comprising 43 means-plus-function terms and 66 indefinite/lack of written support terms).<br><br>WSOU asserts 11 patents with 140 claims, which this Court recognizes as a "large number of asserted claims" requiring reduction and/or extended *Markman* briefing. *See* FAQ below ("[Q] If Plaintiff asserts a large number of claims, e.g., 50-60, how might that impact the claim construction schedule? [A] Plaintiff can either reduce the number of claims or, if not, then the Court will extend the schedule to provide extra time for the parties to adequately brief and prepare for the Markman hearing."). Further, per the OGP 3.2 limits, parties are entitled to at least 8 terms per patent for construction (or, here, 88 terms for these 11 cases), with 20 pages for the opening brief per patent, not the reduced limits WSOU proposes. As shown below in ZTE Defendants' chart, when the asserted claims are stripped of § 112 terminology (e.g. means-plus-function and remaining written support/indefinite invalidity terms), ZTE Defendants only propose **55 terms for construction** (well below the limits). As such, the Court should deny WSOU's requested relief and grant ZTE's requested relief.<br><br>The chart below summarizes the number of asserted claims in these 11 cases, along with the parties' number of terms for construction (WSOU in <mark>yellow</mark> and ZTE in <mark>green</mark>), and the chart denotes the accused technologies from ZTE Defendants' 4 technical groupings. It should be noted that a few independent claims for these 11 patents disproportionately account for ZTE Defendants' identified terms for construction—such that reduction of the number of asserted claims to **three claims per patent** would significantly reduce the burden on the Court, by reducing the number of terms for construction. In fact, when the § 112 terminology, such as the means-plus-function terms (43 in total) and/or written description/indefiniteness | **Defendants Request that the Court:\***<br><br>(1)     extend the *Markman* briefing in accordance with its FAQ,<br><br>(2)     order WSOU to reduce the number of asserted claims to three per patent in accordance with the Court's FAQ,<br><br>(3)     order WSOU to resume negotiations with ZTE Defendants so that the parties may jointly determine the claim construction briefing claim term and page limits in accordance with the OGP 3.2 standing order as ZTE Defendants are entitled to (shown below), and<br><br>(4)     find that ZTE Defendants' identification of 55 terms for construction, and the remaining § 112 terms (including 43 means-plus-function terms, and 70 indefiniteness/written support terms) are preserved even after these cases are dismissed and refiled in the Northern District of Texas and/or preserved for appeal. |

| Group | Pat. | Terms | P./Brief Open/Response | Replies |
|---|---|---|---|---|
| 1 | '505 | 8 | 30 | 15 |
|   | '534 | 8 |   |   |
|   | '929 | 8 |   |   |
| 2 | '232 | 8 | 30 | 15 |
|   | '036 | 8 |   |   |
|   | '240 | 8 |   |   |

5

| Issue | Relief Sought |
|---|---|

| Issue |
|---|
| terms (70 in total) are stripped from the analysis, then ZTE Defendants would only propose just **55 terms for construction** from the 140 asserted claims (see blue). This is a reasonable amount well within the limits, and hardly a burden for this Court. But, ZTE Defendants request an opportunity to address both those terms for construction *and* the § 112 terminology (i.e. MPF/support/indefiniteness) issues, for these complex and voluminous claims. |

| Relief Sought | | | | |
|---|---|---|---|---|
| 3 | '839 | 8 | 30 | 15 |
|  | '060 | 8 |  |  |
|  | '905 | 8 |  |  |
|  | '960 | 8 |  |  |
| 4 | '071 | 8 | 20 | 10 |

*ZTE Defendants' primary requests are pending, including (1) a motion to Stay and (2) a Motion to Dismiss for Improper Venue. As such, this *Markman* briefing is secondary to those more pertinent issues. *See In re Apple*, 979 F.3d 1332, 1337 (Fed. Cir. 2020) (resolution of venue issues should "unquestionably take top priority" in a case); *see also In re SK Hynix Inc.*, No. 2021-113, 2021 WL 321071, at *1 (Fed. Cir. Feb. 1, 2021) (prioritization of venue considerations).

| Group 1: Multi-Carrier Message Transmission & Handoff | | | | | | |
|---|---|---|---|---|---|---|
| Patent | Claims | WSOU | ZTE | MPF | Invalid | Const. | Accused Tech. |
| 505 (-497) | 7 | 0 | 16 | 3 | 4 | 9 | Hotspots, and Mobile Devices |
| 534 (-496) | 18 | 0 | 27 | 16 | 1 | 10 | ZTE Network Elements, Base Stations, and ZTE Smartphones |
| 929 (-488) | 15 | 0 | 10 | 0 | 2 | 8 | Macro Base Stations (BS), LTE Modules, Routers, and Phones |
| Sub Total | 40 | 0 | 53 | 19 | 7 | 27 | |

| Group 2: Network Traffic Flow/Routing/Forwarding | | | | | | |
|---|---|---|---|---|---|---|
| Patent | Claims | WSOU | ZTE | MPF | Invalid | Const. | Accused Tech. |
| 232 (-495) | 2 | 0 | 16 | 5 | 8 | 3 | Routing Switches |
| 036 (-494) | 24 | 0 | 17 | 3 | 13 | 1 | Routing Switches |
| 240 (-489) | 19 | 0 | 23 | 1 | 12 | 10 | ZTE Element Management Systems |
| 839 (-487) | 12 | 0 | 25 | 10 | 15 | 0 | Routing Switches |
| Sub Total | 57 | 0 | 81 | 19 | 48 | 14 | |

| Group 3: Bandwidth & Device Resources | | | | | | |
|---|---|---|---|---|---|---|
| Patent | Claims | WSOU | ZTE | MPF | Invalid | Const. | Accused Tech. |
| 060 (-493) | 2 | 0 | 6 | 0 | 3 | 3 | Phones, and Modems |
| 905 (-491) | 26 | 0 | 16 | 3 | 6 | 7 | Hotspots, Routers, Switches, Gateways, and Phones |

6

| Issue | | | | | | | Relief Sought |
|---|---|---|---|---|---|---|---|
| 960 (-490) | 10 | 0 | 7 | 0 | 1 | 6 | Phones |
| Sub Total | 38 | 0 | 29 | 3 | 10 | 16 | |
| **Group 4: Projector Image Output** | | | | | | | |
| Patent | Claims | WSOU | ZTE | MPF | Invalid | Const. | Accused Tech. |
| 071 (-492) | 5 | 0 | 7 | 2 | 5 | 0 | Smart Projectors |
| Sub Total | 5 | 0 | 7 | 2 | 5 | 0 | |
| | | | | | | | |
| Patent | Claims | WSOU | ZTE | MPF | Invalid | Const. | |
| Total | 140 | 0 | 170 | 43 | 70 | 55 | |

Thus, as shown in the chart, unless WSOU reduces the number of asserted claims (current 140 claims from 11 patents), then ZTE Defendants' request of 55 terms for construction, and the additional § 112 terms for interpretation (43 MPF terms and 70 indefinite/written support terms), are entirely reasonable.

**WSOU Should Reduce the Number of Asserted Claims**

As a threshold matter, any discussions on limiting the claim terms for the *Markman* briefing must include discussions addressing the excessively large number of asserted claims. Per the Court's FAQ, (https://www.txwd.uscourts.gov/for-attorneys/judge-albright-courtroom-faq/), WSOU asserts a large number of claims, so WSOU should first reduce the number of claims (or agree to extend the schedule):

> "Q. If Plaintiff asserts a large number of claims, e.g., 50-60, how might that impact the claim construction schedule?
>
> A. Plaintiff can either reduce the number of claims or, if not, then the Court will extend the schedule to provide extra time for the parties to adequately brief and prepare for the Markman hearing."

| Issue | Relief Sought |
|---|---|
| Despite this Court's guidance on the issue (i.e. limiting the number of claims to 50-60 claims), WSOU maintains its assertion of *140 claims* which is nearly triple the guidance amount. This is a threshold issue and the parties cannot proceed with limiting the claim terms for construction without WSOU first reducing the number of asserted claims (and/or agreeing to extended briefing).<br><br>Additionally, as an example of how few select independent claims disproportionally require construction, out of the 18 total asserted claims for the '534 patent, three invoke 35 U.S.C. ¶112(f) by reciting [1] means-plus-function terms (summarized below).<br><br>**The '534 patent, Claims 6, 11, and 13**<br>1. "means for selecting . . ."<br>2. "means for selecting . . ."<br>3. "means for determining . . ."<br>4. "means for sending . . ."<br>5. "means for receiving and storing . . ."<br>6. "means for reading . . ."<br>7. "means for selecting . . ."<br>8. "means for receiving . . ."<br>9. "means for sending . . ."<br><br>If the parties were to strictly follow the OGP 3.2 limits, without WSOU first reducing the number of asserted claims for this patent, then the parties would be limited to just *eight* terms for construction. And WSOU seeks for this Court to reduce that limit even further. The means-plus-function terms exceed those limits, thus leaving no allotment for any constructions and/or 35 U.S.C. §112 indefiniteness/lack of support | |

---

[1] As another example of WSOU's improper positions, WSOU refuses to "request construction of any term" in order to artificially lower the number of terms for construction. WSOU insists that *no term* out of 140 claims require construction. This is clearly false. As shown here, several of these claims invoke 35 U.S.C. 112(f), by specifically reciting "means for." At least these means-plus-function claims require construction, and it is plainly wrong for WSOU to contend otherwise.

| Issue | Relief Sought |
|---|---|
| interpretations. As such, WSOU's proposed limits are unreasonable. And for any reasonable claim limit discussions, WSOU must first reduce the number of asserted claims to **three per patent (33 total)**.<br><br>Additionally, WSOU's agreements with third parties pertaining to different patents do not dictate what are reasonable number of asserted claims and claim terms for construction in these cases—the Court's FAQ does. The closed-door agreements between WSOU and Dell, Google, Microsoft, or Huawei do not provide meaningful guidance here on the complex nature of the excessive 140 asserted claims.[2] None of the asserted patents or accused technologies in those other cases are asserted against ZTE here so those cases fail to offer substantive guidance on the scale of the accused, diverse, and complex technologies in these cases. What the respective parties agreed to in those cases, in view of their different technologies, have no bearing on the fact that WSOU asserts a large number of claims here—by this Court's standard. As such, WSOU needs to reduce the number of claims and/or agree to extended *Markman* briefing to address these complexities.<br><br>In contrast to those other cases, and summarized above in the chart, the asserted patents and claims here cover a wide spread of technologies and accused devices—hot spots, mobile device, base stations, routers, management systems, and image projectors)—which are grouped into 4 groupings based on asserted claims and accused technologies.[3] As such, the technical nature of the claims and the complexity of terms up for construction is directly related to the breadth of asserted claims, and | |

---

[2] It is further noted that WSOU references email communications between the Court Clerk, WSOU, and other non-parties that ZTE Defendants are not privy to nor have access to. For instance, WSOU states "*See Email from the Court dated Oct. 16, 2020*," however, no such email was provided to ZTE Defendants. ZTE Defendants are fundamentally disadvantaged by this practice of referencing and relying on non-public emails that substitute as controlling case law.

[3] ZTE Defendants identified four technical groups based on the asserted claims and accused products: Group 1- Multi-Carrier Message Transmission & Handoff; Group 2- Network Traffic Flow/Routing/Forwarding; Group 3- Bandwidth & Device Resources; and Group 4- Projector Image Output.

| Issue | Relief Sought |
|---|---|
| the number of claim terms cannot be limited without first the reduction of asserted claims. The horse goes before the cart and WSOU's insistence to the contrary is improper in view of this Court's FAQ guidance.<br><br>**Claim Term Limiting is Premature at this Stage**<br><br>WSOU prematurely presses for claim term construction limits.<br><br>First, the Court does not require grouping the patents and limiting the number of terms for construction until the deadline to narrow terms (February 26, 2021). As such, there is no urgency for this motion and WSOU's sought relief is premature. Any such limit now prematurely ends negotiations between the parties. Further, WSOU previously agreed previously agreed to limits beyond the OGP 3.2 limits with Microsoft, so any ruling now would disrupt those similar negotiations between ZTE Defendants and WSOU. *See WSOU Investments LLC v. Microsoft Corporation*, 6:20-cv-00455-ADA, Dkt. 44 (Dec. 30, 2020) (Joint Stipulation wherein WSOU agreed to 20 terms for construction for the respective '550 and '868 patents, and 20 terms for the '160, the '902, and the '702 patents—all of which are above the OGP 3.2 limits).<br><br>Second, the parties cannot have any meaningful discussions on limiting claim terms for construction (and reducing the number of pages for briefing) without WSOU first reducing the number of asserted claims, or alternatively, agreeing to extend the *Markman* briefing schedule (see above) in accordance with this Court's FAQ on large number of asserted claims.<br><br>**WSOU Incorrectly States the Record**<br><br>WSOU incorrectly states the record and this should not be permitted by this Court.<br><br>First, WSOU erroneously states above that "ZTE Defendants . . . have refused to group patents." *See* p. 1 above. In truth, ZTE *have not* refused to group the patents. | |

| Issue | Relief Sought |
|---|---|
| For instance, in response to WSOU's first request, ZTE agreed on November 16, 2020, that "consolidation in this matter is appropriate," and further stated that the 11 patents should be "broken down into roughly four distinct technical groupings" Due to the voluminous size of the 140 asserted claims, however, ZTE maintained that the parties should first discuss reducing the number of asserted claims in order to have a meaningful claim term discussion. Then, ZTE reiterated their positions on January 5, 2021 (in response to WSOU's January 4, 2021 communication), and again on February 6, 2021 (in response to WSOU's February 5, 2021 communication). ZTE again maintained its position during the February 10, 2021 meet-and-confer. Throughout all, ZTE never refused to group the patents, rather they only insisted on discussing asserted claim reduction as well.<br><br>By way of another example that demonstrates that ZTE Defendants did not refuse to group the patents, ZTE Defendants provided their production in the form of their proposed four technical groupings on <u>January 6, 2021</u> (and reproduced above in the chart).<br><br>In contrast, WSOU refused to provide its positions on the threshold matter of reducing the number of asserted claims and/or extending the *Markman* briefing in accordance with the Court's FAQ (see above). Since November 2020, WSOU dodged and ignored this threshold issue. And yet still, after ZTE Defendants insisted at the February 10, 2021 meet-and-confer WSOU refused to address the FAQ issues and reduction of asserted claims.<br><br>Second, WSOU erroneously states above that "ZTE has refused to answer" and have not provided the four distinct technical groups. *See* p. 3 above. But, as ZTE Defendants already addressed, this information was provided as early as at least January 6, 2021.<br><br>The Court should disregard WSOU's misstated facts as improper.<br><br>**<u>Conclusion</u>** | |

| Issue | Relief Sought |
|---|---|
| As such, this Court should (1) extend the *Markman* briefing in accordance with its FAQ; (2) order WSOU to reduce the number of asserted claims to three per patent in accordance with the Court's FAQ; (3) order WSOU to resume negotiations with ZTE Defendants so that the parties may jointly determine the claim construction briefing claim term and page limits in accordance with the OGP 3.2 standing order; and (4) preserve ZTE Defendants' identification of 55 terms for construction, and the remaining § 112 terms (including 43 means-plus-function terms, and 70 indefiniteness/written support terms) even after these cases are dismissed and refiled in the Northern District of Texas and/or preserved for appeal.[4] | |

---

[4] In fact, WSOU's own requested relief is ambiguous—underscoring the need for additional negotiations between the parties. WSOU requests a limit of 30 total terms in its requested relief #2 (well below ZTE Defendants' entitled 88), and then requests a limit of 36 total terms in its requested relief #3 (still well below ZTE Defendants' entitled 88).