IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | § § § § | C.A. NO. 6:20-cv-00487-ADA C.A. NO. 6:20-cv-00488-ADA C.A. NO. 6:20-cv-00489-ADA |
| *Plaintiff*, | § § | C.A. NO. 6:20-cv-00490-ADA C.A. NO. 6:20-cv-00491-ADA |
| v. | § § | C.A. NO. 6:20-cv-00492-ADA C.A. NO. 6:20-cv-00493-ADA |
| ZTE CORPORATION, ZTE (USA) INC. AND ZTE (TX), INC., | § § § | C.A. NO. 6:20-cv-00494-ADA C.A. NO. 6:20-cv-00495-ADA C.A. NO. 6:20-cv-00496-ADA |
| *Defendants*. | § § | C.A. NO. 6:20-cv-00497-ADA |

**STATUS REPORT REGARDING PENDING VENUE MOTIONS**

Pursuant to the Court's March 23, 2021 Standing Order Regarding Motion for Inter-District Transfer ("Standing Order"), Defendants ZTE Corporation ("ZTE Corp."), ZTE (USA) Inc. ("ZTA"), and ZTE (TX), Inc. ("ZTX") (collectively "ZTE") provide the following status report regarding the pending venue-related motions with respect to the eleven separate pending suits filed by Plaintiff WSOU Investments LLC D/B/A Brazos Licensing and Development ("WSOU")[1]:

1. On October 9, 2020, Defendants ZTE Corp., ZTA, and ZTX Moved to Dismiss and/or Transfer to the Northern District of Texas ("NDTX"). Dkt. Nos. 23-27 (the "First Motion to Dismiss"). WSOU then, on November 6, 2020, simultaneously filed responses to the First Motion to Dismiss (Dkt. Nos. 36-37), and filed an Amended Complaint (Dkt. Nos. 38-39). As

---

[1] There are 11 pending cases. Citations throughout refer to new WDTX Case Nos. -00487 through -00497, and specific citations reference to the docket for WDTX Case No. -00487.

1

such, Defendants filed an unopposed extension requesting "that the deadlines to respond to the Amended Complaint (with a new Motion to Dismiss or otherwise) . . . be extended to December 4, 2020." Dkt. No. 41. The Court granted the extension on November 12, 2020. Despite filing the Amended Complaint and despite the granted extension for the new Motion to Dismiss, however, WSOU insisted that the First Motion to Dismiss was not mooted by the Amended Complaint, and further insisted on continued briefing of the First Motion to Dismiss. Dkt. No. 42. As such, Defendants filed their reply on November 20, 2020. Dkt. No. 42; *see also* Dkt. Nos. 43, 46, and 48 (WSOU seeking leave for sur-reply brief).

2. Then, on December 4, 2020, Defendants ZTA and ZTX again Moved to Dismiss for Improper Venue, or in the alternate, transfer to the NDTX, in view of the Amended Complaint. Dkt. No. 47 (the "Second Motion to Dismiss"); *see also* December 12, 2020 Order (striking in part Motion to Transfer). Through electronic communication WSOU sought venue discovery, and on December 15, 2020, the Court granted venue discovery through June 4, 2021.

3. Venue discovery is ongoing as WSOU seeks discovery from multiple entities— including third parties (such as Cincinnati Bell Long Distance; Cincinnati Bell Technology Solutions LLC; Cincinnati Bell Wireless, LLC; Hiliary Communications LLC; Cintex Wireless, LLC; and Commnet of Texas LLC), which are all unaffiliated with Defendants. As for the Defendants, WSOU will depose a representative from ZTX on April 13, 2021, and will depose a representative from ZTA on April 14, 2021. *See also* March 24, 2021 Discovery Hearing order.

4. On October 30, 2020, the Court initially scheduled a *Markman* hearing in these cases for May 20-21, 2021. Dkt. No. 31. These May 20-21, 2021 *Markman* hearing dates remain unchanged despite WSOU's November 6, 2020 Amended Complaint filing and despite the granted venue discovery for the Second Motion to Dismiss extending through June 4, 2021.

5. Further, on December 30, 2020, given the current schedule, Defendants moved to stay the cases, pending resolution of the pending Second Motion to Dismiss. Dkt. No. 49. WSOU filed an opposition on January 6, 2021. Dkt. No. 50. And Defendants filed a reply on January 13, 2021. Dkt. No. 51. Defendants' Motion to Stay is therefore ready for resolution.

In conclusion, the *Markman* hearing for these cases is scheduled for May 20-21, 2021, which is several weeks before the conclusion of the venue discovery in the cases on June 4, 2021 (and the remaining briefing for the Second Motion to Dismiss). Thus, as outlined in the pending Motion to Stay (which is ripe for resolution), Dkt. No. 49, and in accordance with the Standing Order and Federal Circuit mandate/precedent,[2] Defendants again respectfully request that all issues unrelated to venue be stayed, pending the outcome of the Second Motion to Dismiss.

DATED:  April 2, 2021                                         Respectfully submitted,

/s/Lionel M. Lavenue
Lionel M. Lavenue
Virginia Bar No. 49,005
lionel.lavenue@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
1875 Explorer Street, Suite 800

---

[2] *See In re TracFone Wireless, Inc.*, 2021-118, 2021 WL 865353 (Fed. Cir. Mar. 8, 2021) (district courts must give venue motions "top priority before resolving the substantive issues in the case"); *see also See In re Apple*, 979 F.3d 1332, 1337 (Fed. Cir. 2020) (resolution of venue issues should "unquestionably take top priority" in a case); and *In re SK Hynix Inc.*, No. 2021-113, 2021 WL 321071, at *1 (Fed. Cir. Feb. 1, 2021) (prioritization of venue considerations).

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on April 2, 2021.

                                          */s/Lionel M. Lavenue*

                                          Lionel M. Lavenue