IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 6:20-cv-487-ADA CIVIL ACTION NO. 6:20-cv-488-ADA CIVIL ACTION NO. 6:20-cv-489-ADA CIVIL ACTION NO. 6:20-cv-490-ADA CIVIL ACTION NO. 6:20-cv-491-ADA CIVIL ACTION NO. 6:20-cv-492-ADA CIVIL ACTION NO. 6:20-cv-493-ADA CIVIL ACTION NO. 6:20-cv-494-ADA CIVIL ACTION NO. 6:20-cv-495-ADA CIVIL ACTION NO. 6:20-cv-496-ADA CIVIL ACTION NO. 6:20-cv-497-ADA |
| Plaintiff, | | |
| v. | | |
| ZTE CORPORATION, ZTE (USA) INC., AND ZTE (TX), INC. | | |
| Defendants. | | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S RESPONSE TO**
**STATUS REPORT REGARDING PENDING VENUE MOTIONS**

Plaintiff respectfully files this Response to Defendants' Status Report Regarding Pending Venue Motions.

1. Defendants' "Status Report" re-urges their pending motion to stay pending venue discovery. Defendants' motion to stay should be denied for at least three reasons.

2. First, it is plainly unnecessary. This Court's March 23, 2021 Standing Order Regarding Motions for Inter-District Transfer clearly states how this Court will address the types of concerns raised in Defendants' Motion to Stay. Defendants' proposed order is unnecessary and is inconsistent with this Court's Standing Order.

3. Second, although WSOU has until June 4 to complete its venue discovery, WSOU has been diligent in accelerating its discovery to the point where it should be complete by April 30. The wild cards are two depositions of the ZTE, which have been pushed back at ZTE's request. The depositions are scheduled for and should be completed on April 13 and 14 if Defendants cooperate and are properly prepared for their depositions.

1

4. Third, the third-third party discovery identified in Defendants' Status Report will not delay venue briefing. Indeed, all third-party venue discovery is complete, other than one third party, which should be completed before the depositions of Defendants.

5. Finally, as a separate matter, in paragraph 1 of the Status Report, Defendants claim Plaintiff forced Defendants to file a reply in support of Defendants' original motions to dismiss by refusing to treat the motions to dismiss as moot. It is unclear why this claim is included in Defendants' Status Report on venue discovery, but it is incorrect. Although Plaintiff considered its Amended Complaint to moot only the motion to dismiss filed by ZTE Corporation, Plaintiff agreed as a courtesy to extend Defendants ZTE TX's and ZTE USA's deadlines to file renewed motions to dismiss. Defendants were not forced to file a reply in support of their original motions to dismiss. Nor did they file replies in support of their motions to dismiss. The document Defendants cite in their Status Report (-487 Dkt. No. 42) is an untimely reply in support of their motions to transfer, not a reply in support of their motions to dismiss. Defendants later filed an untimely renewed motion to transfer, which this Court struck.

Dated: April 6, 2021

Respectfully submitted,

/s/ Travis Richins
James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Brett A. Mangrum
Texas State Bar No. 24065671
Travis Lee Richins
Texas State Bar No. 24061296
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com

Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com

Mark D. Siegmund
State Bar No. 24117055
mark@waltfairpllc.com
Law Firm of Walt, Fair PLLC.
1508 North Valley Mills Drive
Waco, Texas 76710
Telephone: (254) 772-6400
Facsimile: (254) 772-6432

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that on April 6, 2021 a true and correct copy of the foregoing document was served upon all counsel of record via the Court's electronic delivery system under this Court's Local Rules.

/s/ *Travis Richins*
Travis Richins