# EXHIBIT A

# United States Court of Appeals for the Federal Circuit

_____

**ANDRA GROUP, LP,**
*Plaintiff-Appellant*

v.

**VICTORIA'S SECRET STORES, L.L.C., VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC., VICTORIA'S SECRET DIRECT BRAND MANAGEMENT, LLC, L BRANDS, INC.,**
*Defendants-Appellees*

_____

2020-2009

_____

Appeal from the United States District Court for the Eastern District of Texas in No. 4:19-cv-00288-ALM-KPJ, Judge Amos L. Mazzant, III.

_____

Decided: August 3, 2021

_____

MAEGHAN WHITEHEAD, Griffith Barbee PLLC, Dallas, TX, argued for plaintiff-appellant. Also represented by CASEY GRIFFITH.

RICHARD WILLIAM MILLER, Ballard Spahr LLP, Atlanta, GA, argued for defendants-appellees. Also represented by LYNN E. RZONCA, Philadelphia, PA.

_____

Before REYNA, MAYER, and HUGHES, *Circuit Judges*.

HUGHES, *Circuit Judge*.

Andra Group, LP appeals the district court's grant in part of the Defendants' motion to dismiss for improper venue. Because we find that venue is improper in the Eastern District of Texas as to the three dismissed defendants under 28 U.S.C. § 1400(b), we affirm.

I

Defendants are related companies. *Andra Grp., LP v. Victoria's Secret Stores, LLC*, No. 4:19-cv-288, 2020 WL 1465894 at *1 (E.D. Tex. Mar. 26, 2020) (*Decision*). L Brands, Inc. (LBI) is the corporate parent of several retailers in the apparel and home product field. *Id.* This case involves the parent LBI and several Victoria's Secret entities: (1) Victoria's Secret Stores, LLC (Stores) operates the physical Victoria's Secret stores; (2) Victoria's Secret Direct Brand Management, LLC (Direct) manages the victoriassecret.com website and the Victoria's Secret mobile application; and (3) Victoria's Secret Stores Brand Management, Inc. (Brand) creates Victoria's Secret branded intimate apparel and beauty products. *Id.* "LBI's subsidiaries each maintain their own corporate, partnership, or limited liability company status, identity, and structure." *Id.* Each Defendant is incorporated in Delaware. *Andra Grp., LP v. Victoria's Secret Stores, LLC*, No. 4:19-cv-288, 2020 WL 2478546, at *2 (E.D. Tex. Feb. 24, 2020) (*Report and Recommendation*), *report and recommendation adopted*, *Decision*, 2020 WL 1465894. LBI, Direct, and Brand (collectively, the Non-Store Defendants) do not have any employees, stores, or any other physical presence in the Eastern District of Texas (the District). *Id.* at *3. Stores operates at least one retail location in the District. *Id.* at *5.

In April 2019, Andra sued Defendants for infringement of U.S. Patent No. 8,078,498 (the '498 patent), which claims

inventions directed to displaying articles on a webpage, including applying distinctive characteristics to thumbnails and displaying those thumbnails in a "master display field." '498 patent 11:27–42. **[J.A. 56]** Andra's infringement claims are directed to the victoriassecret.com website, related sites, and smartphone applications that contain similar functionality as the website. Appellant's Br. 3–4.

Defendants moved to dismiss the infringement suit for improper venue under 28 U.S.C. § 1406(a), or in the alternative, to transfer the lawsuit to the Southern District of Ohio. Andra filed an amended complaint, and the Defendants renewed their motion. *Report and Recommendation*, 2020 WL 2478546, at \*1. Defendants argued that venue was improper because Stores did not commit acts of infringement in the District and the Non-Store Defendants did not have regular and established places of business in the District.

The magistrate judge recommended that the Non-Store Defendants be dismissed for improper venue but that the suit continue against Stores, because testimony by one Stores employee supported a finding of the alleged infringing acts in the District. *Id.* at \*4–5. The magistrate judge did not consider transfer, because the parties had only briefed the issue of transfer where venue was improper against all the Defendants. *Id.* at \*5. The magistrate judge discussed a potential division in the case, where venue was proper against some Defendants and improper against others, in a telephone conference on February 19, 2020, and Andra stated that it would proceed in the District against the Defendants who were not dismissed even if some of the Defendants were dismissed. *Id.*

After reviewing objections by both parties to the magistrate's report and recommendation, the district court adopted the findings and conclusions of the magistrate judge as the findings and conclusions of the court. *Decision*,

2020 WL 1465894 at *1. The district court dismissed the Non-Store Defendants without prejudice for improper venue on March 26, 2020. In a departure from its earlier statement that it would proceed against any Defendants who were not dismissed, Andra voluntarily dismissed the last remaining Defendant, Stores, and the district court subsequently dismissed all remaining claims without prejudice on May 15, 2020. Andra timely filed notice of appeal of the dismissal of the Non-Store Defendants for improper venue.

## II

"We review de novo the question of proper venue under 28 U.S.C. § 1400(b)." *Westech Aerosol Corp. v. 3M Co.*, 927 F.3d 1378, 1381–82 (Fed. Cir. 2019). "[T]he plaintiff has the burden of establishing proper venue under 28 U.S.C. § 1400(b)." *Id.*

> 28 U.S.C. § 1400(b) provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." A "domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1517 (2017).

Because each Defendant is incorporated in Delaware, no defendant "resides" in Texas for the purpose of patent venue. Thus, to establish venue in this case, Andra must show that each Defendant committed acts of infringement and maintains a regular and established place of business in the Eastern District of Texas.

To show that a defendant has a regular and established place of business, there are three requirements: "(1) there must be a physical place in the district; (2) it must be a

regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

As we stated in *Cray*, "[t]he Supreme Court has . . . instructed that '[t]he requirement of venue is specific and unambiguous; it is not one of those vague principles which, in the interests of some overriding policy, is to be given a liberal construction.'" *Id.* at 1361 (second alteration in original) (quoting *Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260, 264 (1961)); *see also In re Google LLC*, 949 F.3d 1338, 1346 (Fed. Cir. 2020) ("[T]he Supreme Court has cautioned against a broad reading of the venue statute.").

The parties do not dispute that Stores operates retail locations in the District, and whether venue is proper as to Stores is not at issue in this appeal. The question is whether these Stores locations can be considered "a regular and established place of business" of the Non-Store Defendants. *In re Cray*, 871 F.3d at 1360. Andra argues that Stores locations are "a regular and established place of business" of the Non-Store Defendants because Stores employees are agents of the Non-Store Defendants, or, alternatively, because the Non-Store Defendants have ratified Stores locations as their places of business. We address each argument in turn.

A

"[A] 'regular and established place of business' requires the regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged 'place of business.'" *In re Google*, 949 F.3d at 1345. Because there is no dispute that the Non-Store Defendants lack employees in the District, Andra argues that Stores employees are agents of LBI, Direct, and Brand. Appellant's Br. 13–14.

> "Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to

another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." Restatement (Third) of Agency § 1.01 (Am. L. Inst. 2006). "The essential elements of agency are (1) the principal's 'right to direct or control' the agent's actions, (2) 'the manifestation of consent by [the principal] to [the agent] that the [agent] shall act on his behalf,' and (3) the 'consent by the [agent] to act.'" *In re Google*, 949 F.3d at 1345 (alterations in original) (quoting *Meyer v. Holley*, 53 U.S. 280, 286 (2003).

Andra argues that LBI "controls store location workers by dictating store operations, hiring, and conduct." Appellant's Br. 16. Andra points to various public filings by LBI that speak in broad terms about real estate holdings and investments, contends that LBI controls the hiring and firing of employees, and argues that because LBI requires Stores associates to sign and follow LBI's Code of Conduct, this indicates control over the employees. Andra argues that Direct "controls store location workers by dictating their handling of returns of merchandise purchased on the [Victoria's Secret] website." *Id.* at 18. Finally, Andra argues that Stores employees are agents of Brand because Brand "'closely controls the distribution and sales of its products' exclusively available through store locations and the [w]ebsite." *Id.* at 19 (quoting J.A. 799–801 ¶¶ 11, 13, 15–16). Andra also contends that Brand's control over the Victoria's Secret website "strengthens the agency relationship with [] Brand." *Id.* at 19–20.

We considered a similar agency question in *In re Google*. There, a plaintiff sued Google for patent infringement in the Eastern District of Texas, alleging that venue was proper based on the presence of several Google Global Cache servers in the District. *In re Google*, 949 F.3d at 1340. Google did not own the datacenters where the servers were hosted but contracted with two internet service

providers (ISPs) in the district to host the servers. *Id.* The contracts included several limitations including: restricting "the ISPs' ability to relocate the servers without Google's permission," limiting unauthorized access to the space used by Google's servers, requiring the ISPs to provide "installation services," forbidding the ISPs from accessing, using, or disposing of the servers without Google's permission, and requiring the ISPs to provide "remote assistance services" involving basic maintenance activities performed on the servers by the ISP's on-site technician, if requested by Google. *Id.* at 1340–41.

The relevant inquiry was "whether the ISPs [were] acting as Google's agent." *Id.* at 1345. We held that although the installation of the servers and provision of maintenance may suggest an agency relationship, the installation activity was a "one-time event for each server" that did not constitute the conduct of a "regular and established" business, and "SIT ha[d] not established that the ISPs performing the specified maintenance functions [were] conducting Google's business within the meaning of the statute." *Id.* at 1346.

Here, as in *Google*, none of Andra's arguments are sufficient to show that Stores employees are agents of the Non-Store Defendants. None of the public filings cited by Andra demonstrate LBI's control, because they are documents covering all of LBI's brands. The documents' use of "we" does not convey that "we" means LBI specifically, but that "we" could include the individual subsidiary brands, like Stores. *See* J.A. 452, 846. Andra's contention that LBI controls the hiring and firing of store employees is directly contradicted by the testimony of the store manager for the Plano, Texas store, Lisa Barcelona, who stated during her deposition that she, a Stores employee, interviews associates and makes offers of employment. J.A. 642–43. She also testified that she decides whether to fire employees and that she does not need any approval before doing so, and that it is she who holds Stores employees at her store

accountable for following the Code of Conduct, not LBI. Thus, none of the facts alleged by Andra are sufficient to prove that Stores employees are agents of LBI, because LBI does not have "the right to direct or control" Stores employees, an essential element of an agency relationship. *In re Google*, 949 F.3d at 1345.

Additionally, while Stores locations accepting returns of Direct merchandise purchased on the website is a service that may benefit Direct, Andra has not shown that Direct controls this process. This one discrete task is analogous to the ISPs' installation and maintenance of the servers in *Google*, which we found insufficient to establish an agency relationship. *Id.* at 1346. Finally, Brand's close control of its products and the website does not equate to "the right to direct or control" employees at the physical Stores locations in the District. *Id.* at 1345.

For the above reasons, we agree with the district court that Andra has not established that any of the Non-Store Defendants exercise the degree of control over Stores employees required to find an agency relationship.

B

Andra's second venue theory is that the Non-Store Defendants ratified Stores locations as their own places of business such that Non-Store Defendants may be said to maintain a regular and established place of business in the District.

A threshold inquiry when determining whether the place of business of one company can be imputed to another, related company is whether they have maintained corporate separateness. If corporate separateness has not been maintained, the place of business of one corporation may be imputed to the other for venue purposes. But where related companies have maintained corporate separateness, the place of business of one corporation is not imputed to the other for venue purposes. *See Cannon Mfg. Co. v.*

*Cudahy Packing Co.*, 267 U.S. 333, 334–35 (1925); 14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3823 & nn.25–26 (4th ed.).

Andra does not argue that the Defendants have not maintained corporate separateness. Andra contends that each of the Non-Store Defendants has ratified the retail stores as its own based on the criteria outlined in *In re Cray*, including "whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place," "the storing of materials at a place in the district so that they can be distributed or sold from that place," and the "defendant's representations that it has a place of business in the district." 871 F.3d at 1363.

Andra argues (1) that LBI has ratified store locations through its control over store operations and by holding out store locations as its own; (2) that Direct has ratified store locations by allowing merchandise purchased online to be returned in stores and by directing customers to store locations using the "Find a Store" feature; and (3) that Brand has ratified store locations by distributing and selling its merchandise from Store locations and because it is listed as the registrant for the Victoria's Secret website.

But "the mere fact that a defendant has advertised that it has a place of business or has even set up an office is not sufficient; the defendant *must actually engage in business* from that location." *In re Cray*, 871 F.3d at 1364 (emphasis added). Andra has not shown that the Non-Store Defendants actually engage in business at Stores locations. Andra asserts that the Non-Store Defendants maintain a "unified business model" with Stores, asserting many of the same facts it set forth in support of its agency theory, but the fact that the entities work together in some aspects, as discussed above, is insufficient to show ratification. *See In re ZTE(USA) Inc.*, 890 F.3d 1008, 1015 (Fed. Cir. 2018) (holding that a contractual relationship between two entities "does not necessarily make [the first company's] call center

'a regular and established place of business' of [the second company] in the [district]").

Several additional factors weigh against a finding of ratification here. The Non-Store defendants do not own or lease Stores locations; Stores leases and performs all operations at the retail locations. *Decision*, 2020 WL 1465894 at *5. The Victoria's Secret website's "Find a Store" feature points consumers to Stores locations, not Non-Store Defendants locations. J.A. 829. The Non-Store Defendants do not display their corporate names in the retail locations. *Decision*, 2020 WL 1465894 at *5. Non-Store Defendants carry out different business functions than Stores. *Id.* And the companies' shared use of "Victoria's Secret" in their name does not detract from the separateness of their businesses. Giving "reasoned consideration to all relevant factors or attributes of the relationship" between Stores and Non-Store Defendants, Andra has not met its burden to show that Non-Store Defendants have ratified Stores locations as their own places of business such that Non-Store Defendants may be said to maintain a regular and established place of business in the District.

III

All three *Cray* factors must be met for venue to be proper against a defendant. The second *Cray* factor, a "'regular and established place of business' requires the regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged 'place of business.'" *In re Google,* 949 F.3d at 1345. Because Andra has not demonstrated that LBI, Brand, or Direct has "the right to direct or control" the actions of Store employees, *id.* at 1346, it has not shown the "regular, physical presence of an employee or other agent" of LBI, Brand, or Direct in the District. The Defendants have also maintained corporate formalities and Andra has not shown that Non-Store Defendants ratified Stores locations in the District as their own places of business. We therefore

affirm the district court's decision that venue was not proper in the District as to the Non-Store Defendants.

**AFFIRMED**