**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **WSOU INVESTMENTS, LLC d/b/a** | § | **CIVIL ACTION NO. 6:20-cv-487-ADA** |
| **BRAZOS LICENSING AND** | § | **CIVIL ACTION NO. 6:20-cv-488-ADA** |
| **DEVELOPMENT,** | § | **CIVIL ACTION NO. 6:20-cv-489-ADA** |
| | § | **CIVIL ACTION NO. 6:20-cv-490-ADA** |
| **Plaintiff,** | § | **CIVIL ACTION NO. 6:20-cv-491-ADA** |
| | § | **CIVIL ACTION NO. 6:20-cv-492-ADA** |
| **v.** | § | **CIVIL ACTION NO. 6:20-cv-493-ADA** |
| | § | **CIVIL ACTION NO. 6:20-cv-494-ADA** |
| **ZTE CORPORATION, ZTE (USA)** | § | **CIVIL ACTION NO. 6:20-cv-495-ADA** |
| **INC., AND ZTE (TX), INC.** | § | **CIVIL ACTION NO. 6:20-cv-496-ADA** |
| | § | **CIVIL ACTION NO. 6:20-cv-497-ADA** |
| **Defendants.** | § | |
| | § | **JURY TRIAL DEMANDED** |

**<u>RESPONSE TO ZTE CORPORATION'S MOTION TO RECONSIDER</u>**

ZTE Corporation's ("ZTC's") motion to reconsider must be denied because it fails to establish a manifest error of law or fact and does not present newly discovered evidence. Instead, it raises new arguments and evidence. A motion to reconsider "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" and "cannot be used to raise arguments which could, and should, have been made before the judgment issued" or "to argue a case under a new legal theory." *United States v. Wilson*, 555 Fed. Appx. 417, 418 (5th Cir. 2014). If the ZTE Defendants believed ZTA was an indispensable party, they should have made this argument (to the extent they could properly do so in a Rule 12 motion) in their renewed Motion to Dismiss (Dkt. 47[1]). They did not do so, *see* Dkt. 47, and cannot use a motion to reconsider to bring this argument for the first time.

Regardless, ZTC's motion must be denied because ZTA is not an indispensable party. Further, ZTC's allegation that ZTA is an indispensable party asks that this Court disregard

---

[1] Cites to the docket refer to the -487 case.

WSOU's well pleaded facts. Thus, ZTC's new arguments are not only improper for a motion to reconsider, but they are also improper for a Rule 12(b) motion to dismiss.

ZTC's meritless motion to reconsider should be promptly denied. In recent IPR filings, ZTC represented to the Board that this motion to reconsider "is likely to succeed," hoping this representation will convince the Board to institute trial. Exhibit D[2] at 1, 3. ZTC's IPR filings further argue that ZTC's motion to reconsider is causing a delay of *Markman*, which will likewise delay trial. *Id.* at 2. ZTC's delay tactics should not be rewarded.

## A. Background: ZTC abandoned its original motion to dismiss after WSOU filed its Amended Complaint.

On October 9, 2020, ZTC filed a motion to dismiss or transfer, arguing ZTC lacked sufficient minimum contacts with Texas to allow this Court to invoke personal jurisdiction. *See* Dkt. 27 at 3-5. In it, ZTC argued that it does not do business in the United States and deliberately avoided contacts within the United States. *Id.* ZTC further argued that any theory of specific jurisdiction "relating to the patent infringement alleged in this case . . . could only be traced back to [ZTC] by bootstrapping [ZTC's] dealings with and commerce through its own United States subsidiary." *Id.* at 6.

In response, WSOU filed an Amended Complaint on November 6, 2020, mooting ZTC's original motion to dismiss. *See* Dkt. 38. The Amended Complaint alleges that jurisdiction is proper because the ZTE Defendants place goods and services, including Accused Products, into the stream of commerce knowing they will end up in Texas. *Id.* ¶ 10. The Amended Complaint added details specifically about **<u>ZTC's</u>** acts of infringement in the United States, including that  ZTC: (1) sells and/or licenses Accused Products directly to ZTA and ships them to ZTA in Texas; (2) targets other Texas customers through ZTC's website and ships Accused Products to customers in Texas; (3) specifically targets Accused Products at individuals and companies in Texas at least by selling and/or licensing Accused Products to ZTA, a consumer and distributor of Accused Products manufactured by ZTC; (4) assists ZTA with troubleshooting or other technical support of ZTC

---

[2] Exhibits to this response are being filed only in the -487.

equipment sold in the United States, including Texas; (5) issued releases from Richardson, Texas, marketing ZTE products, including Accused Products – releases hosted on ZTC's website and including a "ZTE Corporation" copyright; (6) issued a release from "RICHARDSON, Texas" announcing that Blade Vantage 2 would be available in "Verizon stores across the U.S." and would "operate on Verizon's national network;" (7) regularly ships ZTC products to ZTA's headquarters and *other addresses in Texas*. *Id.* ¶¶10-21.

As a result of WSOU's Amended Complaint, ZTC **abandoned** its motion to dismiss for lack of jurisdiction. When the ZTE Defendants filed their renewed Motion to Dismiss (Dkt. 47), they challenged **only** whether venue was proper over ZTA and ZTX under §1400(b), admitting that §1400(b) is "inapplicable" to ZTC and that venue over ZTC is governed solely by §1391, under which venue over a foreign corporation is proper in every district. *Id.* at 21 (citing case authority that recognizes venue over a foreign corporation is proper in every district). In view of the Amended Complaint, they did not argue that jurisdiction or venue was improper over ZTC and did not re-urge the original ZTC motion to dismiss (which had been denied as moot).

**B. Venue is proper over ZTC, and the ZTE Defendants never argued otherwise.**

This Court properly determined that venue is proper over ZTC because ZTC is a foreign corporation. Venue for foreign corporations is governed by the general venue statute, which provides that "a defendant not resident in the United States may be sued in any judicial district." 28 U.S.C. § 1391(c)(3); *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 714, 92 S. Ct. 1936, 1941, 32 L. Ed. 2d 428 (1972) ("[1391(c)(3)] is properly regarded, not as a venue restriction at all, but rather as a declaration of the long-established rule that suits against aliens are wholly outside the operation of all the federal venue laws, general and special.").

Because it is indisputable that venue is proper over ZTC, the ZTE Defendants never argued otherwise. Their renewed motion to dismiss argued only that venue was improper as to ZTA and ZTX. Throughout the venue discovery period, the ZTE Defendants refused to produce relevant information from ZTC, insisting ZTC should not be required to produce such information because it was not challenging venue. In a letter dated January 6, 2021, the ZTE Defendants stated:

"Finally, we note that **only ZTE USA and ZTE TX challenged venue** in the renewed Motion to Dismiss. Thus, ZTE's responses will generally be limited to ZTE USA." Exhibit A at 1 (emphasis added). In their formal objections to WSOU's venue discovery requests, the ZTE Defendants objected to WSOU's requests because they sought information "related to parties not challenging venue in these cases," stating again that "**[o]nly ZTA and ZTX challenged venue for these cases in the renewed Motion to Dismiss. __ZTC did not__**." Exhibit B at 3 (emphasis added).

The paragraph of the renewed Motion to Dismiss directly addressing ZTC does not argue that venue is improper over ZTC. *See* Dkt. 47 at 21. To the contrary, it admits that ZTC *cannot* challenge venue. It cites *Slyce Acquisition, Inc.* – a case recognizing that a foreign corporation "***may be sued in any judicial district***"[3] – to support the undisputed statement that "28 U.S.C. §1391 is the sole basis for venue in patent infringement actions against defendants that do not reside within the United States." *Id.* Further, it admits the undisputed fact that §1400(b) (the section ZTA and ZTX relied on to challenge venue) is "inapplicable" to ZTC. In other words, the paragraph of the renewed Motion to Dismiss dedicated to ZTC admits that ZTC could not challenge venue under §1400(b) because §1391 allows a foreign corporation to be sued in any judicial district in the United States.

There was no need for WSOU to "respond" to ZTC's admission that it could not challenge venue. Despite this, after this Court found venue proper as to ZTC, counsel for ZTE wrote to this Court insisting that this Court was incorrect, disingenuously stating "[w]e are unable to locate in WSOU's briefing where it argued venue was proper for ZTE Corporation." There was, of course, no reason for any such argument in WSOU's briefing.

---

[3] *Slyce Acquisition Inc. v. Syte - Visual Conception Ltd.*, 422 F. Supp. 3d 1191, 1205–06 (W.D. Tex. 2019), reconsideration denied, W-19-CV-00257-ADA, 2020 WL 278481 (W.D. Tex. Jan. 10, 2020) ("With respect to Syte, because Syte admits it is a foreign corporation, 28 U.S.C. § 1391(c)(3)—and not 28 U.S.C. § 1400—applies. And pursuant to 28 U.S.C. § 1391(c)(3), venue in proper in this District for a foreign corporation such as Syte.") (cleaned up).

**C.  ZTC's new arguments are not proper in a motion to reconsider.**

ZTC's motion to reconsider should be denied because it is based entirely on new arguments that could and should have been brought in the renewed Motion to Dismiss. Knowing it cannot challenge venue, ZTC now argues for the first time that ZTA is an indispensable party, and therefore, ZTC cannot remain here alone. The renewed Motion to Dismiss does not argue that ZTA is an indispensable party. *See* Dkt. 47. The word "indispensable" is found nowhere in the motion. *Id.* Nor does the renewed Motion to Dismiss cite the authorities and evidence upon which ZTC now relies. In support of its new argument, ZTC relies on Fed. R. Civ. P. 19(b), *In re Rolls Royce Corp.*, 775 F.3d 671, 680 (5th Cir. 2014), and *Haas v. Jefferson Nat. Bank of Miami Beach*, 442 F.2d 394, 396 (5th Cir. 1971). None of these authorities are cited anywhere in the renewed Motion to Dismiss. *See* Motion to Dismiss.

The authorities that *are* cited in the renewed Motion to Dismiss (*Magnacoustics* and *AGIS*) do not require dismissal of all defendants whenever there is dismissal of any defendant, nor do they contain any discussion of indispensable parties. In *Magnacoustics*, the Federal Circuit found the district court could not properly transfer three defendants to the Eastern District of New York where it was undisputed that venue there was improper over two of the defendants.[4] It did not hold that a district court must dismiss all defendants if venue is improper over any one defendant. In *AGIS*, the EDTX declined to sever ZTA and ZTX because it was transferring ZTA. It noted that if ZTA was transferred and ZTX remained, the same case would be litigated in "two different forums." *See AGIS Software Development, LLC v. ZTE Corp. et al.*, 2018 WL 4854023, at *3 n. 6 (E.D. Tex. Sept. 28, 2018). There is no such risk here, as this Court dismissed ZTA and ZTX, and WSOU has not refiled against them in a different forum. *AGIS* did not hold that severance is never

---

[4] *Magnacoustics, Inc. v. Resonance Tech. Co.*, 132 F.3d 49 (Fed. Cir. 1997) ("Without addressing the propriety of the conclusion regarding Resonance, we must reverse because of the presence in the suit of the additional defendants Mr. and Mrs. Ziarati.[2] Mr. and Mrs. Ziarati, as individuals, remain defendants in this action. It is undisputed that they do not "reside" in New York, and that they do not "have a regular and established place of business" in New York. Therefore, under the plain language of 28 U.S.C. § 1400(b), venue in New York is not proper as to the individual defendants Mr. and Mrs. Ziarati. Because venue requirements must be met as to each defendant, the transfer under 28 U.S.C. § 1404(a) was improper.").

proper. Such a holding would clearly be wrong. Dismissal of certain defendants for improper venue does not mandate dismissal of all defendants. *See e.g., Andra Grp., LP v. Victoria's Secret Stores, LLC*, No. 4:19-cv-288, 2020 WL 1465894 at *1 (E.D. Tex. Mar. 26, 2020) (dismissing several "Non-Store" defendants for improper venue without dismissing the "Store" defendant). *Magnacoustics* and *AGIS* do not say otherwise.

As new evidence, ZTC attaches excerpts from WSOU's infringement contentions that are not cited in the renewed Motion to Dismiss. The infringement contention language ZTC relies on (language that does *not* somehow show ZTA is an indispensable party) was included in WSOU's preliminary infringement contentions served on November 3, 2020, a month before the ZTE Defendants filed the renewed Motion to Dismiss on December 4, 2020. *See* Exhibit C at 3, 5, 41. ZTC cannot base its motion for reconsideration on evidence that was available to ZTC when the renewed Motion to Dismiss was filed. Nor can it base a Rule 12(b) motion on evidence that (unsuccessfully) attempts to contradict well pleaded facts in WSOU's Amended Complaint.

### D. ZTA is not an indispensable party, and its dismissal does not force litigation in two separate forums.

ZTC argues that ZTA is an indispensable party because (1) WSOU's infringement contentions supposedly show WSOU relies on ZTA "for its alleged infringement theories" and (2) ZTC is allegedly "removed from alleged infringement activity in the United States." Mtn. at 6-7. It is not proper to make these new arguments in a motion to reconsider. Further, ZTC's new arguments are improper for a Rule 12(b) motion because they ask this Court to ignore the well pleaded facts in WSOU's Amended Complaint. Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim has "facial plausibility" and must *not* be dismissed "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

ZTC's Amended Complaint contains ample allegations to support the reasonable inference that ZTC has committed acts of infringement not only in the United States but in Texas and in this

District. Dkt. 38 ¶¶ 10 – 21. Excerpts from WSOU's infringement contentions showing ZTA's involvement in *some* acts of infringement do not support the conclusion that infringement in the U.S. occurs *only* through ZTA or that ZTC does not commit acts of infringement here.[5]

### E. WSOU did not waive the opportunity to address ZTC's new arguments.

There is no merit to ZTC's argument that WSOU waived the right to address ZTC's new arguments. There was no need for WSOU to argue venue is *proper* over ZTC because the renewed Motion to Dismiss does not argue venue is *improper* over ZTC. To the contrary, the renewed Motion to Dismiss admits that (1) ZTC could not challenge venue based on § 1400(b), as that section is inapplicable to foreign corporations, and (2) venue over ZTC is governed solely under § 1391, under which a foreign corporation like ZTC *cannot* challenge venue. *See* Dkt. 47 at 21. Further, ZTC repeatedly insisted that ZTC was not disputing venue to avoid venue discovery on ZTC. *See* Ex. A and B.[6] Had ZTC instead made the arguments it is now making, ZTC could not have argued venue discovery was improper against ZTC. Rather, ZTC would have had to admit venue discovery from ZTC was proper to explore the allegations ZTC now makes in support of its motion to reconsider.

There was also no need for WSOU to "present arguments in opposition to *Magnacoustics* and *AGIS*" because those cases are cited in the "Statement of Venue Law" section of the renewed Motion to Dismiss merely to support the basic statements that "[v]enue must be determined as to each defendant separately" and "[v]enue must be proper *for all defendants*" that remain in a case. Dkt. 47 at 7. WSOU did not respond to those basic statements because WSOU does not dispute them. WSOU was not required to predict how ZTC would misinterpret those cases to later

---

[5] ZTC's claim that ZTA is an indispensable party is also belied by the fact that ZTC signed powers of attorney for all three ZTE entities (ZTC, ZTA, and ZTX), claiming to have authority for all three entities. ZTC also claims to be a party in interest in the IPR filings by the ZTE entities.

[6] Ultimately, this Court ordered the ZTE Defendants to tender a witness capable of testifying about ZTC. During the deposition, however, the witness testified that he was not prepared to testify concerning ZTC, mistakenly believing the notice of deposition was only for ZTE (USA). *See* Dkt. 85, Ex. 4 at 125.

erroneously argue that dismissal of one defendant for improper venue requires dismissal of every defendant for improper venue. Indeed, it would be difficult to anticipate such an illogical argument.

Finally, ZTC did not (and could not) cite *Magnacoustics* or *AGIS* to support its new argument that ZTC must be dismissed because ZTA is indispensable. This is clear from the fact that the renewed Motion to Dismiss never alleges that ZTA is indispensable (and the fact that ZTC felt the need to include new case authority and pages of new argument in its motion to reconsider). WSOU did not waive its right to address this new theory improperly raised for the first time in ZTC's motion to reconsider.

ZTC's frivolous motion to reconsider should be promptly denied. ZTC's overall conduct – including its attempt to now rely on evidence and allegations from and about ZTC after ZTC refused to participate in venue discovery on grounds that it was not challenging venue – is sanctionable.

Dated: August 18, 2021                    Respectfully submitted,

                              By:     */s/ Ryan Loveless*
                                      James L. Etheridge
                                      Texas Bar No. 24059147
                                      Ryan S. Loveless
                                      Texas Bar No. 24036997
                                      **Etheridge Law Group, PLLC**
                                      2600 E. Southlake Blvd., Suite 120 / 324
                                      Southlake, TX 76092
                                      Tel.: (817) 470-7249
                                      Fax: (817) 887-5950
                                      Jim@EtheridgeLaw.com
                                      Ryan@EtheridgeLaw.com

                                      Mark D. Siegmund
                                      State Bar No. 24117055
                                      mark@waltfairpllc.com
                                      Law Firm of Walt, Fair PLLC.
                                      1508 North Valley Mills Drive
                                      Waco, Texas 76710
                                      Telephone: (254) 772-6400
                                      Facsimile: (254) 772-6432

                                      *Counsel for Plaintiff WSOU Investments, LLC*

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served or delivered electronically via the U.S. District Court [LIVE]-Document Filing System to all counsel of record August 18, 2021.

                                      */s/ Ryan Loveless*
                                      Ryan S. Loveless