# EXHIBIT A

# FINNEGAN
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
WWW.FINNEGAN.COM

LIONEL M. LAVENUE
571.203.2750
lionel.lavenue@finnegan.com

January 6, 2021

*via electronic mail*

Mark Siegmund, Esq.
Walt Fair, PLLC
1508 North Valley Mills Drive
Waco, Texas 76710-4462

*WSOU Investments LLC d/b/a Brazos Licensing and Development v. ZTE Corp., et al.*
C.A. No. 6:20-cv-00487, -488, -489, -490, -491, -492, -493, -494, -495, -496, -497-ADA

Dear Mark:

On behalf of ZTE Corp., ZTE (USA) Inc., and ZTE (TX) Inc. ("ZTE"), I write in response to your December 17, 2020 venue discovery requests. Per the normal 30-day timeline for objections and responses, we plan to provide formal objections and responses by January 18, 2021. However, we provide ZTE's initial objections, if WSOU wishes to have an early meet-and-confer.

Regarding the venue discovery at large, we wish to clarify the scope of such discovery at the outset. As you know, WSOU carries the burden of demonstrating venue is proper in *the WDTX*—not any other district in Texas at this time. As such, the scope of this venue discovery is limited to the WDTX. Indeed, WSOU previously stated that the discovery relates to just "ZTE's business[es] and employees in the WDTX." *See* December 9, 2020 e-mail communication from WSOU. This means that any discovery requests for documents, identifications, etc. directed outside the WDTX are too broad in scope. Thus, ZTE's responses will be limited to the WDTX.

WSOU also carries the burden of proving venue was appropriate, as of the time the action was filed (i.e., this action was initially filed on June 3, 2020). As the relevant timeframe for establishing venue is June 3, 2020, any discovery for general documents, identifications, etc. outside of this timeframe and not relevant to establishing venue on June 3, 2020 are too broad in scope. We will work with WSOU on certain exceptions, such as information pertaining to former offices in the WDTX, prior to June 3, 2020, but general discovery before that time is too broad.

==Finally, we note that only ZTE USA and ZTE TX challenged venue in the renewed Motion to Dismiss. Thus, ZTE's responses will generally be limited to ZTE USA and ZTE TX==, as to general venue discovery demands, but ZTE's responses will certainly be limited to the WDTX.

If WSOU disagrees, under Judge Albright's Standing Order Regarding Venue and Jurisdictional Discovery Limits for Patent Cases, WSOU is directed to raise this issue with the Court, as necessary, after we have had a meet-and-confer on any issues that WSOU may still have.

Mark Siegmund, Esq.
January 6, 2021
Page 2

For your reference, we provide our early responses/objections to the venue RFPs, as follows:

**RFP No. 1:**

**"Documents and communications identifying the number of ZTE employees and contractors located in the State of Texas as listed by either place of business, temporary residence, or permanent residence."**

This request seeks information related to ZTE employees and contractors located in the State of Texas.

As explained above, the scope of these requests is to be limited geographically to the WDTX and temporally to June 3, 2020. ZTE USA and ZTE TX do not have employees located in the WDTX nor did either entity have employees in the WDTX on June 3, 2020.

**RFP No. 2**

**"Documents and communications identifying the number of ZTE employees and contractors located in the WDTX as listed by either place of business, temporary residence, or permanent residence."**

The information sought by this request is entirely encompassed by, and is, thus, duplicative of, RFP No. 1.

As explained above, the scope of these requests is to be limited geographically to the WDTX and temporally to June 3, 2020. ZTE USA and ZTE TX do not have employees located in the WDTX nor did either entity have employees in the WDTX on June 3, 2020.

**RFP No. 3**

**"Documents and communications identifying the number, contact information, and job responsibilities for ZTE employees and contractors located in the State of Texas working with the instrumentalities identified in WSOU' s infringement contentions – broken out by each specific case."**

This request seeks information related to ZTE employees and contractors located in the State of Texas.

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP

Mark Siegmund, Esq.
January 6, 2021
Page 3

As explained above, the scope of these requests is to be limited geographically to the WDTX and temporally to June 3, 2020. ZTE USA and ZTE TX do not have employees located in the WDTX nor did either entity have employees in the WDTX on June 3, 2020.

**RFP No. 4**

**"Documents identifying the team (or teams) of which each individual identified in Item No. 2 is a part of and a location of other team members by residence."**

This request seeks information related to the ZTE employees identified in RFP No. 2 and the team to which each employee belongs.

As explained above, the scope of these requests is to be limited geographically to the WDTX and temporally to June 3, 2020. ZTE USA and ZTE TX do not have employees located in the WDTX nor did either entity have employees in the WDTX on June 3, 2020.

**RFP No. 5**

**"Documents and communications identifying ZTE's customers located in the Western District of Texas for the last two years where payment to any ZTE entity has exceeded $50,000 in any twelve-month period."**

This request seeks information related to ZTE's customers in the WDTX for the last two years whose payment to any ZTE entity has exceeded $50,000 in any 12-month period.

This request is related to establishing personal jurisdiction and is not relevant to establishing venue. Please provide case law supporting that the location of customers establishes venue, so ZTE can properly consider this request.

**RFP No. 6**

**Sealed filings and venue discovery produced in any of the following cases, (including a corresponding lead case if filings made there instead of a member case):**

- *Seven Networks, LLC v. ZTE (USA) Inc. and ZTE Corp.*, Civil Action No. 3:17-CV-1495 (N.D. Tex.)
- X-Mobile Technologies LLC v. ZTE Corporation, ZTE (TX) Inc., and *ZTE (USA) Inc.*, Civil Action No. 4:17-cv-696 (E.D. Tex.)

Mark Siegmund, Esq.
January 6, 2021
Page 4

- *American Patents LLC v. ZTE Corp., et al.*, Civil Action No. 4:18-cv-675-ALM (E.D. Tex.)
- *Am. GNC Corp. v. ZTE Corp.*, Civil Action No. 4:17-CV-620, (E.D. Tex. Nov. 7, 2017)
- *In re ZTE (USA) Inc.*, 890 F.3d 1008 (Fed. Cir. 2018)
- *AGIS Software Dev., LLC v. ZTE Corp.*, Civil Action No. 2:17-CV-00517-JRG (E.D. Tex.)
- *Fractus, S.A. v. ZTE Corporation et al.*, Civil Action No. 2:17-cv-00561-JRG (E.D. Tex.)

This request seeks sealed filings and venue discovery produced in the above-listed 7 cases.

As explained above, the scope of these requests is to be limited geographically to the WDTX and temporally to June 3, 2020. None of these cases are in the WDTX, so venue discovery produced in these cases is likely irrelevant. These cases were filed in 2017 and 2018. Any venue discovery produced in the above cases would be irrelevant to establishing venue on June 3, 2020.

Also, to the extent the venue disputes in the above cases depend on third-party facts, ZTE cannot produce any third-party confidential or sealed documents.

**RFP No. 7**

**"Deposition transcripts concerning venue issues as it relates to ZTE in any of the cases identified in Item No. 6."**

This request seeks deposition transcripts concerning venue issues in the cases identified under RFP No. 6.

As explained above, the scope of these requests is to be limited geographically to the WDTX and temporally to June 3, 2020. None of these cases are in the WDTX, so venue discovery produced in these cases is likely irrelevant. These cases were filed in 2017 and 2018. Any venue discovery produced in the above cases would be irrelevant to establishing venue on June 3, 2020.

Also, to the extent the venue disputes in the above cases depend on third-party facts, ZTE cannot produce any third-party confidential or sealed documents.

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP

Mark Siegmund, Esq.
January 6, 2021
Page 5

**RFP No. 8**

**"Communications and venue subpoena responses concerning venue issues as it relates to ZTE in any of the cases identified in Item No. 6."**

This request seeks communications and venue subpoena responses concerning venue issues in the cases identified under RFP No. 6.

As explained above, the scope of these requests is to be limited geographically to the WDTX and temporally to June 3, 2020. None of these cases are in the WDTX, so venue discovery produced in these cases is likely irrelevant. These cases were filed in 2017 and 2018. Any venue discovery produced in the above cases would be irrelevant to establishing venue on June 3, 2020.

Also, to the extent the venue disputes in the above cases depend on third-party facts, ZTE cannot produce any third-party confidential or sealed documents.

**RFP No. 9**

**"Documents and communications concerning equipment located in the Western District of Texas for which ZTE asserts or has asserted any type of control or ability to configure."**

This request seeks information related to equipment located in the WDTX for which ZTE asserts or has asserted control or ability to configure.

As explained above, the scope of these requests is to be limited temporally to June 3, 2020, the relevant date for establishing venue. ZTE USA and ZTE TX did not have an office or physical location in the WDTX on June 3, 2020, and as such, no equipment located in the WDTX.

**RFP No. 10**

**"Contracts governing the equipment in Item No. 9 and related communications."**

This request seeks contracts governing the equipment referred to in RFP No. 9.

As explained above, the scope of these requests is to be limited temporally to June 3, 2020, the relevant date for establishing venue. ZTE USA and ZTE TX did not have an office or physical location in the WDTX on June 3, 2020, and as such, no equipment located in the WDTX.

Mark Siegmund, Esq.
January 6, 2021
Page 6

**RFP No. 11**

**"Documents and communications concerning the provisioning of the equipment in Item No. 9."**

This request seeks information relating to the provisioning of the equipment referred to in RFP No. 9.

As explained above, the scope of these requests is to be limited temporally to June 3, 2020, the relevant date for establishing venue. ZTE USA and ZTE TX did not have an office or physical location in the WDTX on June 3, 2020, and as such, no equipment located in the WDTX.

**RFP No. 12**

**"Documents and communications used in preparing any of the declarations submitted by ZTE in this case."**

This request seeks information used in preparing any declarations submitted by ZTE in this case.

This request is improper to the extent it seeks information protected under attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity.

As explained above, only ZTE USA and ZTE TX challenged venue in the renewed Motion to Dismiss ("MTD"). ZTE Corp. submitted a declaration in the first MTD on the grounds of improper personal jurisdiction. ZTE Corp. did not submit a declaration in the renewed MTD for improper venue. Therefore, since the ZTE Corp. declaration is not part of the venue discovery, ZTE objects to the request to the extent it seeks documents and communications used in preparing the ZTE Corp. declaration submitted in these cases.

**RFP No. 13**

**"Documents and communications relating to ZTE's ownership or other rights in the property located at River Place Corporate Park, Building I, 6500 River Place Boulevard, Austin, Texas 78730 (the "River Place Property"), including any lease agreements, communications concerning any lease agreements, and documents and communications relating to personal property of ZTE's stored at the River Place Property."**

Mark Siegmund, Esq.
January 6, 2021
Page 7

This request seeks information relating to ZTE's ownership or other rights in the River Place Property in Austin. TX.

Such non-immune and/or non-privileged documents, as found and within reasonable scope, will be provided.

## RFP No. 14

**"Documents and communications concerning ZTE's payment of taxes relating to the River Place Property and any personal property of ZTE's relating to the River Place Property."**

This request seeks information related to ZTE's tax payments and personal property relating to the River Place Property.

Such non-immune and/or non-privileged documents, as found and within reasonable scope, will be provided.

## RFP No. 15

**"Documents or communications sufficient to identify all ZTE employees or contractors who are or were assigned to work at the River Place Property."**

This request seeks information sufficient to identify all ZTE employees or contractors assigned to work at the River Place Property.

This request is duplicative of at least RFP Nos. 2, 3, and 4.

Such non-immune and/or non-privileged documents, as found and within reasonable scope, will be provided.

## RFP No. 16

**"Documents or communications sufficient to identify the nature of ZTE activities performed at the River Place Property."**

This request seeks information sufficient to identify the nature of ZTE activities performed at the River Place Property.

This request is duplicative of at least RFP Nos. 2, 3, and 4.

Mark Siegmund, Esq.
January 6, 2021
Page 8

Such non-immune and/or non-privileged documents, as found and within reasonable scope, will be provided.

**RFP No. 17**

**"Documents and communications relating to ZTE's ownership or other rights in the property located at Plaza 7000, 7000 Mopac Expressway, 2nd Floor, Austin, Texas (the "Plaza Property"), including any lease agreements, communications concerning any lease agreements, and documents and communications relating to personal property of ZTE's stored at the River Place Property."**

This request seeks information relating to ZTE's ownership or other rights in the Plaza Property in Austin. TX.

Such non-immune and/or non-privileged documents, as found and within reasonable scope, will be provided.

**RFP No. 18**

**"Documents and communications concerning ZTE's payment of taxes relating to the Plaza Property and any personal property of ZTE's relating to the Plaza Property."**

This request seeks information related to ZTE's tax payments and personal property relating to the Plaza Property.

Such non-immune and/or non-privileged documents, as found and within reasonable scope, will be provided.

**RFP No. 19**

**"Documents or communications sufficient to identify all ZTE employees or contractors who are or were assigned to work at the Plaza Property."**

This request seeks information sufficient to identify all ZTE employees or contractors assigned to work at the Plaza Property.

This request is duplicative of at least RFP Nos. 2, 3, and 4.

Such non-immune and/or non-privileged documents, as found and within reasonable scope, will be provided.

Mark Siegmund, Esq.
January 6, 2021
Page 9

**RFP No. 20**

**"Documents or communications sufficient to identify the nature of ZTE activities performed at the Plaza Property."**

This request seeks information sufficient to identify the nature of ZTE activities performed at the Plaza Property.

This request is duplicative of at least RFP Nos. 2, 3, and 4.

Such non-immune and/or non-privileged documents, as found and within reasonable scope, will be provided.

**RFP No. 21**

**"All documents and communications used in preparing the December 3, 2020 declaration of James Ray Wood."**

This request seeks information used to prepare Ray's declaration submitted with the renewed Motion to Dismiss, filed December 4, 2020.

This request is duplicative of RFP No. 12, which broadly seeks information used to prepare *any* declaration submitted in this case. As such, ZTE holds the same position as for RFP No. 12.

This request is also improper to the extent it seeks information protected under attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity.

Non-immune and/or non-privileged documents, as found and within reasonable scope, will be provided.

**RFP No. 22**

**"All documents and communications used in preparing the December 3, 2020 declaration of Chao Shan."**

This request seeks information used to prepare Chao's declaration submitted with the renewed Motion to Dismiss, filed December 4, 2020.

Mark Siegmund, Esq.
January 6, 2021
Page 10

This request is duplicative of RFP No. 12, which broadly seeks information used to prepare *any* declaration submitted in this case. As such, ZTE holds the same position as for RFP No. 12.

This request is also improper to the extent it seeks information protected under attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity.

Non-immune and/or non-privileged documents, as found and within reasonable scope, will be provided.

**RFP No. 23**

**"All documents and communications used in preparing the October 2012 declaration of Du Jin, legal director of Division 4."**

Please clarify to which case this declaration is related. Please also provide an explanation as to the relevance of an October 2012 declaration to the current venue dispute.

**RFP No. 24**

**"Copies of all agreements between ZTE and another party concerning the River Place Property and the Plaza Property."**

This request seeks information concerning agreements between ZTE and other parties concerning the River Place Property.

This request is duplicative of at least RFP Nos. 13 and 17.

Such non-immune and/or non-privileged documents, as found and within reasonable scope, will be provided.

**RFP No. 25**

**"Documents and communications sufficient to show the actual location of ZTE employees, by city of residence, who are allegedly assigned to the ZTE's office in Richardson, Texas."**

This request seeks information relating to the residence of employees assigned to ZTE's office in Richardson, Texas.

Mark Siegmund, Esq.
January 6, 2021
Page 11

Please clarify the relevance of the location and/or residence of ZTE employees to establishing venue. Please also provide supporting case law, so ZTE can properly consider this request.

**RFP No. 26**

**"Documents and communications relating to all shipments of ZTE products from China to the United States during the past three years."**

This request seeks information relating to shipments of ZTE products from China to the United States in the last three years.

ZTE's renewed Motion to Dismiss only challenges venue for ZTE USA and ZTE TX. To the extent this request seeks information related to ZTE Corp., ZTE objects to this request as improper. ZTE further objects to this request because it seeks information related to personal jurisdiction, not venue.

Furthermore, as explained above, the relevant timeframe for establishing venue is the time the complaint was filed, which in this case, is June 3, 2020. This request is improper to the extent it seeks information outside of the relevant timeframe for establishing venue, which is at the time the complaint was filed (i.e. June 3, 2020).

As to any potential relevance to venue, WSOU may inquire with corporate representatives of ZTE USA and ZTE TX on issues as to the WDTX, but general documents and communications of this nature are too broad.

**RFP No. 27**

**"Documents and communications sufficient show how ZTE products are delivered to ZTE customers in Texas."**

This request seeks information related to how ZTE products are delivered to ZTE customers in Texas.

ZTE's renewed Motion to Dismiss only challenges venue for ZTE USA and ZTE TX. To the extent this request seeks information related to ZTE Corp., ZTE objects to this request as improper and not venue discovery. ZTE further objects to this request because it seeks information related to personal jurisdiction (e.g. stream of commerce), not venue.

Mark Siegmund, Esq.
January 6, 2021
Page 12

As to any potential relevance to venue, WSOU may inquire with corporate representatives of ZTE USA and ZTE TX on issues at to the WDTX, but general documents and communications of this nature are too broad.

For your reference, we provide our early responses/objections to the venue interrogatories, as follows:

**Interrogatory No. 1**

**"Describe the each [sic] channel by which ZTE products are delivered from the manufacturer to end users and consumers in the State of Texas."**

This interrogatory seeks information relating to each channel by which ZTE products are delivered from the manufacturer to end users and consumers in the State of Texas.

As explained above, WSOU has the burden of proving that the WDTX is the proper venue for these cases. Thus, ZTE's response will be limited to the WDTX. Should WSOU disagree, WSOU is directed to raise the issue with the Court.

Further, ZTE's renewed Motion to Dismiss only challenges venue for ZTE USA and ZTE TX. To the extent this request seeks information related to ZTE Corp., ZTE objects to this request as improper. ZTE further objects to this request because it seeks information related to personal jurisdiction (e.g. stream of commerce), not venue.

As to any potential relevance to venue, WSOU may inquire with corporate representatives of ZTE USA and ZTE TX on issues at to the WDTX, but general documents and communications of this nature are too broad.

Nonetheless, a general response to this interrogatory will be provided on January 18, 2021.

**Interrogatory No. 2**

**"Identify each ZTE employee and contractor located in the State of Texas and for each: (1) identify their residence by city or zip code; and (2) identify where they actually work (including where they actually have an office, and whether they work remotely or work from home)."**

This interrogatory seeks information related to the residence of ZTE employees and contractors located in the State of Texas.

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP

Mark Siegmund, Esq.
January 6, 2021
Page 13

As explained above, WSOU has the burden of proving that the WDTX is the proper venue for these cases. Thus, ZTE's response will be limited to the WDTX. Should WSOU disagree, WSOU is directed to raise the issue with the Court.

Additionally, ZTE's renewed Motion to Dismiss only challenges venue for ZTE USA and ZTE TX. To the extent this request seeks information related to ZTE Corp., ZTE objects to this request as improper. ZTE further objects to this request because it seeks information related to personal jurisdiction (e.g. stream of commerce), not venue.

Further, in *In re Cray*, an employee working from home in the district did not establish a place of business for venue under *TC Heartland*.

As to any potential relevance to venue, WSOU may inquire with corporate representatives of ZTE USA and ZTE TX on issues at to the WDTX, but general documents and communications of this nature are too broad.

Nonetheless, a general response to this interrogatory will be provided on January 18, 2021.

For your reference, we provide our early responses/objections as to depositions, as follows:

**30(b)(6) Depositions**

As we confirmed in our email correspondence of December 31, 2020, ZTE will agree to the 30(b)(6) depositions of James Ray Wood, for ZTE USA, and Chao Shan, for ZTE TX, limited to the issue of venue only. We will provide formal objections and responses by January 18, 2021.

As for the requested deposition of Ivette Tipton, she is not an employee of either ZTE entity challenging venue—ZTE USA or ZTE TX, so a meet-and-confer will be needed.

If you have any questions, please let us know.

With regards,

*/s/ Lionel M. Lavenue*
Lionel M. Lavenue