# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **WSOU INVESTMENTS LLC D/B/A** | § | |
| **BRAZOS LICENSING AND** | § | **C.A. NO. 6:20-cv-00487-ADA** |
| **DEVELOPMENT,** | § | **C.A. NO. 6:20-cv-00488-ADA** |
| | § | **C.A. NO. 6:20-cv-00489-ADA** |
| *Plaintiff,* | § | **C.A. NO. 6:20-cv-00490-ADA** |
| | § | **C.A. NO. 6:20-cv-00491-ADA** |
| **v.** | § | **C.A. NO. 6:20-cv-00492-ADA** |
| | § | **C.A. NO. 6:20-cv-00493-ADA** |
| **ZTE CORPORATION, ZTE (USA) INC.** | § | **C.A. NO. 6:20-cv-00494-ADA** |
| **AND ZTE (TX), INC.,** | § | **C.A. NO. 6:20-cv-00495-ADA** |
| | § | **C.A. NO. 6:20-cv-00496-ADA** |
| *Defendants.* | § | **C.A. NO. 6:20-cv-00497-ADA** |
| | § | |

## DEFENDANTS' OBJECTIONS AND RESPONSES TO WSOU'S FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Standing Order Regarding Venue and Jurisdictional Discovery Limits for Patent Cases, Defendants ZTE Corporation ("ZTC"), ZTE (USA) Inc. ("ZTA"), and ZTE (TX), Inc. ("ZTX"), (collectively, "ZTE" or "Defendants"), hereby provide the following objections and responses to Plaintiff WSOU Investments LLC d/b/a Brazos Licensing and Development's ("WSOU") First Set of Requests for Production (each, a "Request," collectively the "Requests") as set forth below.

## GENERAL OBJECTIONS

The following general objections are incorporated by reference into responses to each and every Request:

1.      Defendants' responses and objections are based upon information currently known to it through reasonable investigation thus far, and are subject to amendment, supplementation, and/or other modification.  Venue discovery in this matter is ongoing, and during the course of

venue discovery, Defendants may become aware of additional information that may be responsive to the Requests.  Defendants reserve the right to amend, supplement, or otherwise modify these responses and objections if additional information is discovered.  By providing these responses and objections, Defendants do not, and do not intend to, waive their right to rely on evidence or information that is subsequently discovered through its continuing investigation and/or included in amended, supplemental, or otherwise modified responses.  In addition, these responses and objections are made without prejudice to Defendants' right to present additional evidence or contentions at any venue-related hearing based upon information hereafter obtained or developed.

2.      Defendants object to each Request to the extent that it seeks or imposes requirements or obligations on Defendants that are inconsistent with those set forth in the Federal Rules of Civil Procedure, the Western District of Texas Civil Local Rules, or any other applicable rules or orders governing this case, including the scope of venue discovery agreed to by the parties, written or otherwise.

3.      Defendants object to each Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection from discovery. Nothing contained in these responses is intended to be, or in any way constitutes, a waiver of any such privilege, immunity, or confidentiality obligation.

4.      Defendants object to each Request with an open-ended time period and, unless specifically stated otherwise, Defendants will limit their responses to providing information from the relevant time period. The relevant time period for establishing whether venue is proper in the WDTX is the time the action was filed. These cases were filed on June 3, 2020.

5.      Defendants object to each Request that seeks information outside of the relevant district for venue discovery, and, unless specifically stated otherwise, Defendants will limit their

2

responses to providing information from the relevant district. The relevant district in these cases is the WDTX, as the purpose of this venue discovery is to establish whether venue is proper in the WDTX.

6.      Defendants object to each Request that seeks information related to parties not challenging in venue in these cases, and unless specifically stated otherwise, Defendants will limit their responses to providing information related to parties that challenged venue in these cases. Only ZTA and ZTX challenged venue in these cases. ZTC did not challenge venue.

7.      Defendants object to each Definition, Instruction, and Request to the extent the documents or information requested are not in Defendants' possession, custody, and/or control.

8.      Defendants object to each Definition, Instruction, and Request to the extent it seeks information that contains confidential business information, trade secrets, and/or proprietary information of a party in this litigation or a third party.

9.      Defendants object to each Definition, Instruction, and Request to the extent it seeks to impose obligations on Defendants that are inconsistent with and/or beyond the scope of those imposed or authorized by the Federal Rules of Civil Procedure, the Local Rules of this Court, or any governing case law.

10.      Defendants object to each Definition, Instruction, and Request that uses any of the terms "Document(s)," "Information," "Communication," "Entity," or "Entities" as vague, overbroad, ambiguous, unduly burdensome to the extent it seeks information that is not relevant to establishing venue, seeking information protected from disclosure by the attorney-client privilege, the attorney work product, or another applicable privilege and/or immunity, and seeking information that is not reasonably accessible to Defendants upon reasonable diligence.

may inquire with corporate representatives of ZTA and ZTX on issues at to the WDTX, but general documents and communications of this nature are too broad.

Subject to the foregoing objections and without waiver or limitation thereof, and pursuant to Plaintiff's Instruction No. 1, Defendants request clarification as to the relevance of this Request to establishing venue was proper in the WDTX as of June 3, 2020, the relevant time period for establishing venue (i.e. as of the time these actions were filed). Please also provide supporting case law, so ZTE can properly consider this Request.

As to any potential relevance to venue, Plaintiff may inquire with corporate representatives of ZTA and ZTX on issues as to the WDTX, but general documents and communications of this nature are too broad. Defendants are amenable to meeting and conferring on the scope of this Request.

Defendants' investigation is ongoing. Defendants reserve the right to supplement and/or amend this response as further information becomes available, and/or after responsive, non-privileged documents are otherwise produced.

DATED:  January 18, 2021                          Respectfully submitted,


                                                  /s/Lionel M. Lavenue
                                                  Lionel M. Lavenue
                                                  Virginia Bar No. 49,005
                                                  lionel.lavenue@finnegan.com
                                                  **FINNEGAN, HENDERSON, FARABOW,**
                                                  **GARRETT & DUNNER, LLP**
                                                  1875 Explorer Street, Suite 800
                                                  Reston, VA 20190
                                                     Phone:  (571) 203-2700
                                                     Fax:     (202) 408-4400

                                                  **ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record, who are deemed to have consented to electronic service, are being served on January 18, 2021 with a copy of this document via email.

/s/Lionel M. Lavenue
Lionel M. Lavenue