# EXHIBIT D

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

ZTE Corporation, ZTE (USA), Inc., and ZTE (TX), Inc.,

Petitioners

v.

WSOU Investments LLC D/B/A Brazos Licensing and Development,

Patent Owner

U.S. Patent No. 7,489,929
Filing Date: Mar. 31, 2005
Issue Date: Feb. 10, 2009

_____

Case No. IPR2021-00694

**PETITIONERS' PRELIMINARY REPLY TO PATENT OWNER'S PRELIMINARY RESPONSE ADDRESSING THE ISSUE OF DISCRETIONARY DENIAL UNDER § 314(a)**

IPR2021-00694 Petition
U.S. Patent 7,489,929

Recent developments, and non-venue discovery only recently began, further establish that discretionary denial is inappropriate here because all *Fintiv* factors favor institution of trial.

**A. Factor 1: Parallel District Court Dismissed Two of the Three Petitioners and is Likely to Dismiss or Transfer the Third**

The likelihood of a stay remains the same, however, the likelihood that *all* parallel district court proceedings for *all* Petitioners be dismissed is likely—thereby removing the need for a stay. The district court dismissed two Petitioners (Ex. 1020) based on arguments PO incorrectly contended were just "boilerplate" (Paper 6, p. 12). The sole remaining Petitioner in Litigation, ZTE Corp., with the Court's permission, filed a Motion for Reconsideration[1] regarding legal support of dismissal for the sole remaining defendant, or alternatively transfer.

ZTE Corp.'s Motion for Reconsideration is likely to succeed. The court dismissed Petitioner ZTE USA for improper venue, however, PO fatally turned it into an indispensable party by relying on it for the infringement theories. *See Supra*

---

[1] ZTE Corp. filed the Motion under Seal because PO marked the Final Infringement Contentions as "CONFIDENTIAL." *See* Litigation (Case No. 6:20-cv-00487), Dkt. 107. The public version will be filed August 23, 2021, and Petitioner—if requested—will gladly update the Exhibit listings.

1

fn. 1; *see also* Ex. 1024; and *AGIS v. ZTE Corp. et al.*, No. 2:17-CV-00517-JRG, 2018 WL 4854023, at *4 (E.D. Tex. Sept. 28, 2018) (finding improper venue over ZTE USA and refusing to sever it as an indispensable party). As such, the misvenue of ZTE USA and ZTE Corp. rise and fall together because, in the interests of judicial economy and equity, the two defendants may not be separated. *Id*. For any case involving ZTE Corp., any such Litigation must progress with both together, in dismissal or in transfer—and PO vehemently opposed transfer. *Id*.

**B. Factor 2: The *Markman* Hearing Delay Indicates that Jury Trial is Unlikely Before Final Written Decision.**

There's a substantial likelihood that the Litigation *trials* will not occur before a final written decision. The PO incorrectly infers (Paper 6, pp. 10-13) that the informal trial dates are fixed. But the Court refrains from officially setting the trial date *until* after the *Markman* hearing. *See* Ex. 1021 ("[t]he Court expects to set [the trial date] at the conclusion of the *Markman* hearing"). Because the *Markman* hearing remains indefinitely postponed until the resolution of the above dismissal/transfer issues (Ex. 1022), this trial will be postponed trial as well. Thus, there is no reason to assume trial will occur before the final written decision.

**C. Factor 3: The Investment in the Parallel Litigation Remains Minimal.**

PO misrepresents the state of discovery (Paper 6, p. 7) that "*Markman* discovery . . . has been completed," but the truth of the matter is that there was *no*

*Markman* discovery. The only authorized discovery was venue discovery until June 4, 2021, and fact discovery only recently began. Ex. 1023 at p. 12.

**D. Factor 4: There's No Risk of Duplicative Efforts.**

If the Board institutes here, like in *Juniper*, Petitioner ZTE Corp. (the sole remaining Petitioner in Litigation), agrees not to pursue in the Litigation any ground raised or that could have been reasonably raised in the IPR (i.e., any ground raised or that could have been reasonably raised under §§ 102, 103 based on prior art patents or printed publications). This eliminates any risk of duplicative efforts or conflicting decisions between the Board and district court. *Sotera Wireless, Inc. v. Masimo Corp.*, IPR2020-01019 (Paper 12), 13-14 (P.T.A.B. Dec. 1, 2020); *Juniper Networks, Inc. v. Correct Transmission, LLC*, IPR2021-00469 (Paper 10), 8 (P.T.A.B. Aug. 9, 2021).

**E. Factor 5: Only *One* of the Three Petitioners is a Defendant in Litigation.**

This factor now favors institution. As addressed above, only one Petitioner, ZTE Corp. remains in Litigation. And the Court is likely to dismiss it from Litigation—removing all Petitioners from Litigation. *See Supra* fn. 1.

**F. Factor 6: The Other Circumstances Favor Institution. (Unchanged)**

**G. Conclusion**

With the Litigation delays, minimal investment in Litigation, and absence of duplicative efforts, the *Fintiv* factors do not support discretionary denial.

3

IPR2021-00694 Petition
U.S. Patent 7,489,929

Date: August 17, 2021                    Respectfully Submitted,

/Lionel M. Lavenue/
Lionel M. Lavenue, Lead Counsel
Reg. No. 46,859

4

# LIST OF EXHIBITS

| Exhibit | Description |
|---|---|
| Ex-1001 | U.S. Patent No. 7,489,929 (the '929 patent) |
| Ex-1002 | Prosecution File History of U.S. Patent No. 7,489,929 |
| Ex-1003 | Declaration of Stephen Gray |
| Ex-1004 | Curriculum Vitae of Stephen Gray |
| Ex-1005 | U.S. Patent App. Pub. No. 2002/0045451 ("*Hwang*") |
| Ex-1006 | WO 2004102848 ("*Kim*") |
| Ex-1007 | U.S. Patent App. Pub. No. 2008/0280611 ("*Miklos*") |
| Ex-1008 | 3rd Generation Partnership Project (3GPP), Technical Specification Group (TSG) RAN; Working Group 2 (WG2); Radio Interface Protocol Architecture; TS 25.301 V3.2.0 (1999-10) ("*TS25.301*") |
| Ex-1009 | Screen shot of 3GPP Portal showing the upload time of *TS25.301* on the 3GPP file server |
| Ex-1010 | Penrod, Bruce M., "A New Class of Precision UTC and Frequency Reference Using IS-95 CDMA Base Station Transmissions", 33rd Annual Precise Time and Time Interval (PTTI) Meeting, 2002-01-01 |
| Ex-1011 | F. Cortes-Rodriguez, D. Munoz-Rodriguez, and R. Soto, "Position location assisted multi-valued logic handoff algorithm," Gateway to 21st Century Communications Village. VTC 1999-Fall. IEEE VTS 50th Vehicular Technology Conference (Cat. No.99CH36324), Amsterdam, Netherlands, 1999, pp. 775-779 vol. 2. |
| Ex-1012 | A. Rojas and J. Paradells, "Shadow margin, overlapping and transceivers per cell when making handovers with hysteresis margin," Ninth IEEE International Symposium on Personal, Indoor and Mobile Radio Communications (Cat. No.98TH8361), Boston, MA, USA, 1998, pp. 340-344 vol.1, |
| Ex-1013 | WO 01/99291 ("*Lin*") |
| Ex-1014 | U.S. Patent No. 6,609,003 ("*Park*") |
| Ex-1015 | U.S. Patent App. Pub. No. 2003/0060230 ("*Soliman*") |
| Ex-1016 | [Reserved] |
| Ex-1017 | [Reserved] |
| Ex-1018 | [Reserved] |
| Ex-1019 | [Reserved] |
| Ex-1020 | *WSOU Investments, LLC d/b/a Brazos Licensing and Development v. ZTE Corporation et al.*, W.D. Tex. 6:20-cv-00487-ADA, Docket |

|  | Item 105, Order Granting Defendants' Motion to Dismiss for Improper Venue (August 6, 2021) |
|---|---|
| Ex-1021 | Order Governing Procedures or "OGP" – Patent Case v. 3.4 (W.D. Tex. Feb. June 24, 2021), *available at* [https://www.txwd.uscourts.gov/wp-content/uploads/Standing%20Orders/Waco/Albright/Order%20Governing%20Proceedings%20-%20Patent%20Cases%20062421.pdf](https://www.txwd.uscourts.gov/wp-content/uploads/Standing%20Orders/Waco/Albright/Order%20Governing%20Proceedings%20-%20Patent%20Cases%20062421.pdf) |
| Ex-1022 | *WSOU Investments, LLC d/b/a Brazos Licensing and Development v. ZTE Corporation et al.*, W.D. Tex. 6:20-cv-00487-ADA, Docket Item 81, Order Cancelling *Markman* Hearing (May 18, 2021) |
| Ex-1023 | *WSOU Investments, LLC d/b/a Brazos Licensing and Development v. ZTE Corporation et al.*, W.D. Tex. 6:20-cv-00487-ADA, Docket Item 45, First Amended Scheduling Order (December 3, 2020) |
| Ex-1024 | *WSOU Investments, LLC d/b/a Brazos Licensing and Development v. ZTE Corporation et al.*, W.D. Tex. 6:20-cv-00487-ADA, Docket Item 38, First Amended Complaint (November 6, 2020) |

IPR2021-00694 Petition<br>U.S. Patent 7,489,929

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing PETITIONERS' PRELIMINARY REPLY TO PATENT OWNER'S PRELIMINARY RESPONSE ADDRESSING THE ISSUE OF DISCRETIONARY DENIAL UNDER § 314(a) and Exhibits 1020 - 1024 were served via electronic mail to the following attorneys of record for Patent Owner:

Ryan Loveless
ryan@etheridgelaw.com
Jeffrey A. Stephens
jstephens@etheridgelaw.com
Brett Mangrum
brett@etheridgelaw.com
James Etheridge
IPTeam@etheridgelaw.com
Brian Koide
brian@etheridgelaw.com
Jeffrey Huang
jeff@etheridgelaw.com

Dated: August 17, 2021            By: /Lisa C. Hines/
                                      Lisa C. Hines
                                      Senior Litigation Legal Assistant

                                      FINNEGAN, HENDERSON, FARABOW,
                                      GARRETT & DUNNER, LLP

7