**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **WSOU INVESTMENTS LLC D/B/A** | § | |
| **BRAZOS LICENSING AND** | § | **C.A. NO. 6:20-cv-00487-ADA** |
| **DEVELOPMENT,** | § | **C.A. NO. 6:20-cv-00488-ADA** |
| | § | **C.A. NO. 6:20-cv-00489-ADA** |
| *Plaintiff,* | § | **C.A. NO. 6:20-cv-00490-ADA** |
| | § | **C.A. NO. 6:20-cv-00491-ADA** |
| **v.** | § | **C.A. NO. 6:20-cv-00492-ADA** |
| | § | **C.A. NO. 6:20-cv-00493-ADA** |
| **ZTE CORPORATION, ZTE (USA) INC.** | § | **C.A. NO. 6:20-cv-00494-ADA** |
| **AND ZTE (TX), INC.,** | § | **C.A. NO. 6:20-cv-00495-ADA** |
| | § | **C.A. NO. 6:20-cv-00496-ADA** |
| *Defendants.* | § | **C.A. NO. 6:20-cv-00497-ADA** |
| | § | |

**DEFENDANT'S RESPONSE[1] TO THIRD-PARTY MOTION FOR LIMITED**
**CONSOLIDATION AND PROTECTIVE ORDER**

---

[1] There are 11 pending cases here in the WDTX. Citations throughout refer to Case Nos. -00487 through -00497, and specific citations reference to the docket for Case No. -00487.

ZTE opposes the pending motion to consolidate discovery.[2] ZTE has no pending Motion to Compel *in any forum* for consolidation.[3] And ZTE does not seek discovery for standing issues, rather ZTE *is the only Defendant* seeking discovery for damages issues. The only commonality here is that these actions involve the same plaintiff - and same Third-Parties. Similarly worded subpoena discovery requests, viewed in isolation, are an insufficient basis for consolidation. The facts for each Defendant are different, as each set of actions involves *different* accused devices, *different* asserted patents, *different* patent file histories, *different* patent licenses, and presumably *different* patent purchasing agreements. The legal theories are different for at least ZTE as well, as ZTE seeks discovery of damages issues—which is supported by Delaware law, the Third-Parties' local forum. *Acceleration Bay LLC v. Activision Blizzard, Inc.*, 2018 WL 798731, at *3 (D. Del. Feb. 9, 2018) (finding discovery over third-parties as proper as such "may be relevant to central issues like validity and infringement, valuation, damages, royalty rates, pre-suit investigative diligence, and whether [Plaintiff] is an operating company," and that "common sense").

The Third-Parties here refused to address ZTE's positions. In fact, the Third-Parties refused to properly confer with ZTE on its positions, refused to address them in any communications, and refused to address them until court briefing, where they are "happy to address *in a response brief*."

---

[2] WSOU Investments, LLC ("WSOU")—an entity formed ostensibly for the purpose of monetizing its purchased patent portfolio through litigation—and its agents (collectively the "Third-Parties") Aqua Licensing, LLC ("Aqua") (retained to secure the purchase of patents and then to sell and/or licenses those patents), and BP Funding Trust ("BP") and Terrier SSC, LLC ("Terrier") (financiers of the patent purchases) move for consolidation and a protective order to prevent discovery and separate depositions of its witnesses among multiple actions it brought against nonparties Google, HPE, Dell, and Defendant ZTE Corporation ("ZTE"). Dkt. 161 (Motion by Aqua, BP, and Terrier joined by WSOU). The movants seek to limit arguments herein to standing issues, which this Court allegedly ordered all such discovery closed off in *Microsoft*.

[3] ZTE notes that its pending Motion to Stay all case activity until the resolution of the Federal Circuit ruling on venue in *In re ZTE* remains pending, and briefing is underway thereon. Dkt. 163.

Dkt. 161, p. 15 (emphasis added). This district already found that such a dilatory tactic is improper, as a meet-and-confer requires the movant to make a good-faith effort to "resolve the dispute *without court action*." *Infernal Technology, LLC v. Epic Games, Inc.*, 2021 WL 2292804, *2 (W.D. Tex. 2021) (emphasis added). Hiding a legal basis for opposition to discovery until the *reply* briefing here is very improper, and that is sufficient grounds for denial all itself.

For these and the reasons below, the movants' motion should be denied in its entirety.

## I.    BACKGROUND

Based on the redacted briefing in *Microsoft*, discovery and proceedings therein dealt with legal issues for the alpha (beginning) period of a case such as ownership and standing. *WSOU v. Microsoft*, No. 6:20-cv-457, Dkt. 79 (W.D. Tex. Nov. 2, 2021); *see also* Dkt. 161, p. 6. Each of the other Defendants seek discovery under a similar standing relevancy theory. Dkt. 161, p. 6.

ZTE, on the other hand, seeks discovery from Third-Parties based on an omega (ending) case period such as damages, costs, valuation, and licensing. Even if there may be overlap of documents and information, it is believed that each of the three Third-Parties solely possess select discoverable documents. ZTE sought this discovery from each under its unique damages theory. But they refused entirely. For instance, on December 8, 2021, ZTE wrote Aqua, BP, and Terrier individually indicating that the "underlying document requests . . . are relevant to the issues of infringement and damages in the underlying cases." *See* Ex. 1, p. 2. ZTE further wrote that:

> **ZTE**: "Regarding relevancy, the District of Delaware recognizes that discovery requests of this nature are proper, and are likely to produce relevant documents and information. Discovery over third-parties—even third-parties with security interests—are proper and 'may be relevant to central issues like validity and infringement, valuation, damages, royalty rates, pre-suit investigative diligence, and whether [Plaintiff] is an operating company," and that "common sense" confirms the document request relevancy." *Id.* at pp. 6, 10 (citing *Acceleration Bay*, 2018 WL 798731 at *3 (D. Del. Feb. 9, 2018).

On December 16, 2021, counsel for Third-Parties stated that they refused to produce the requested documents, and further refused to provide their position with respect to Delaware case law,

*Acceleration Bay*. *See* Ex. 2. Then, counsel for the Third-Parties further confirmed their refusal to

provide their legal basis for opposition to ZTE's damages relevancy theory ***until court briefing***:

> **TP**: "Delaware district court orders are not controlling as to anything, but I would suggest that you can feel free to make whatever arguments you want to make in this regard in the supplemental brief that I have proposed that you should have a chance to file, should you choose to do so." Ex. 3, p. 2.

Before filing, ZTE confirmed the Third-Parties refused to reduce party costs without court action:

> **ZTE**: "ZTE clarified that its subpoenas and requested discovery therein are different from the requested discovery from Google's subpoena and from the subsequent Google Motion to Compel in Delaware. For instance, ZTE's subpoenas are not limited to standing issues, but rather, ZTE's subpoenas seek information pertaining to damages for its particular 11 cases in the WDTX (i.e., the Georgia-Pacific factors). . . We have sought your position from BP & Terrier on these damages issues, which it is our understanding, are quite different from the standing issues that are addressed in the sealed Microsoft briefing and the Google Motion to Compel. We further confirmed via email and during the January 20th meet-and-confer that BP & Terrier refuse to provide their legal support to us prior to its planned briefing (and thus further refused to reduce party costs through resolution outside briefing)." Ex. 4, p.2.

## II.      LEGAL STANDARD

### A.      Movant Bears the Burden of Proof that Consolidation is Proper

The Court may, if "actions before the court involve a common question of law or fact, the

court may" consolidate the actions. FED. R. CIV. P. 42(a). However, the party seeking the

consolidation bears the burden of proof that consolidation would be proper. *In re Repetitive Stress

Injury Litigation*, 11 F.3d 368, 373 (2d Cir. 1993). Absent a common question, consolidating

actions under Rule 42(a) is an abuse of discretion. *See Enterprise Bank v. Saettele*, 21 F.3d 233,

235-36 (8th Cir. 1994). The mere existence of a common legal theory is insufficient for the

common question, especially when the common legal theory requires resolution of facts unique to

each individual party. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990).

Additionally, a district court may only order consolidation of those matters before it, requiring

transfer otherwise. *See Swindell-Dressler Corp. v. Dumbauld*, 308 F.2d 267, 273 (3d Cir. 1962).

**B.      Movant Bears the Burden of Showing the Necessity of a Protective Order**

The Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See* FED. R. CIV. P. 26(c). The movant bears the burden of showing the necessity of a protective order. *See, e.g., Morrow v. City of Tenaha Deputy City Marshal*, 2010 WL 2721400, at *2 (E.D. Tex. July 8, 2010); *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998)). And the movant must prove that "good cause" exists with a specific showing that the requested discovery will result in a clearly defined and serious injury, and broad conclusory allegations of harm do not suffice. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994); *see also American Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 740 (Fed. Cir. 1987).

**C.      Movant Bears the Burden to Show Whether Subpoena is Unreasonable**

If the subpoena subjects a person to "undue burden," then the Court may quash or modify the subpoena. FED. R. CIV. P. 45(D)(1)-(3). The "burden of proving that a subpoena is oppressive is on the party moving to quash and is a heavy one." *Heat and Control, Inc. v. Hester Industries, Inc.*, 785 F.2d 1017, 1025 (Fed. Cir. 1986). Evidence sought from the non-party need not be admissible or "probative" evidence to be relevant and discoverable. *Truswal Systems Corp. v. Hydro-Air Engineering, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987). And, "[a]ccordingly, the scope of discovery is broad," including to certain third-parties. *Infernal*, 2021 WL 2292804, *1 (W.D. Tex. 2021) (quoting *Crosby v. La Health Ser. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011)).

**III.    ARGUMENT**

Not only should the movants' motion be denied for the reasons below, but ZTE again requests that this Court stay all case activity in its cases—including any discovery disputes whether between parties or nonparties, until the Federal Circuit rules on the pending petition in *In re ZTE*.

Dkt. 163. ZTE respectfully requests that the Court prioritize its Motion to Stay its 11 cases, Dkt. 163, given the underlying Federal Circuit briefing on ZTE's consolidation in the transferee forum.

### A.    No ZTE Motion to Compel Before this Court (or Any Court) for Consolidation

Without a pending ZTE Motion to Compel of *any* Third-Party, in *any* district court, there is no ZTE action to hitch on the proposed wagon train of consolidation in the WDTX, as sought by the movants here. The party seeking consolidation bears the burden of proof that consolidation is proper. *Repetitive Stress*, 11 F.3d at 373 (2d Cir. 1993). But before even addressing the Third Parties' burden of proof, a district court may only order consolidation of those matters before it, and if not before it, then an action must first be transferred to one district before a motion to consolidate may be entertained. *See Dumbauld*, 308 F.2d at 273 (3d Cir. 1962). ZTE has no Motion to Compel pending in this district, or in *any* district for transfer, thus consolidating a *non-existent* ZTE matter is improper and should not be entertained. Furthermore, in view of the *non-existent* ZTE Motion to Compel, there is no way the Third-Parties can meet any of their burdens of proof.

### B.    The Third-Parties Failed to Confer to Minimize Court Involvement

Worse yet, the Third-Parties seek to steer its consolidation wagon train with mere strawmen arguments. The Third-Parties refuse to confer with respect to ZTE's unique facts and damages law for the requested discovery of all three. In fact, they selectively disclose facts to the Court to improperly contain the complex relevancy legal theories into an already-decided-behind-closed-doors decision from the sealed *Microsoft* ruling, which ZTE understands pertains to legal theories of relevancy for standing. *See* Dkt. 161, p. 6 (arguing that discovery is "a fishing expedition about standing"). But, the reality—which underscores the lack of commonality for ZTE's issues—is that ZTE does not seek this discovery based on a legal theory of relevancy for standing, instead, ZTE seeks discovery based on a relevancy theory for damages. The Third-Parties' motion entirely

ignores damages. Dkt. 161. And their refusal to acknowledge ZTE's unique facts and unique law for discovery requests further demonstrates a lack of commonality for at least ZTE.

Most telling is that the Third-Party motion has no certificate of conference (as required). The Third-Parties' failure to properly meet and confer with ZTE, and the further failure to certify that they met in "good faith" to "resolve the dispute without court action," is also reason enough to deny the consolidation. The WDTX court in *Infernal* admonished the movant for its failed attempt to resolve such issues promptly and amicably ***without court involvement***. *Infernal*, 2021 WL 2292804 at *2 (W.D. Tex. June 4, 2021). In fact, even though it "appear[ed] that counsel for the parties had a phone conversation before the Motion was filed," the WDTX court nevertheless found that the movant's "failure to certify . . . [was] sufficient for the Court to deny the Motion under Local Rule CV-7(i)." *Id.* The Third-Party motion similarly failed to certify here. Dkt. 161.

And it is not surprising that the Third-Parties forgo the meet-and-confer certification rules, as to do so requires finally acknowledging ZTE's unique facts and unique legal theories pertaining to damages (setting it apart as unique). Instead of acknowledging the differences for at least ZTE, the Third-Parties elected to solely focus their briefing on a standing theory of relevancy, disregarding ZTE's damages theory. Dkt. 161, p. 6 (concluding that "none of the defendants has put forward any compelling reasons as to why the proposed consolidation should *not* be granted"). In fact, by the Third-Parties' own admission, they admit that they refused to discuss ZTE's damages theory of relevancy supported by Delaware district case law until their reply briefing here. *Id.* at 15. The only mention of "damages" in the opening brief is where the Third-Parties confirm that they will not address the damages legal theory of relevancy until their reply briefing. *Id.* Hiding the ball until briefing—the reply brief no less, after ZTE has no opportunity to respond—is the exact opposite of attempting to resolve these issues *without court involvement*.

In its subpoenas in Delaware, ZTE maintained its discovery requests based on its damages theory, and ZTE sought discovery from the Third-Parties under the same theory *for months*, but the Third-Parties refused to engage in discussions. *See* Background Section above. As such, any rebuttal by the Third-Parties with respect to ZTE's damages relevancy positions have been waived.

Moreover, as forum manipulation, the Third-Parties refuse to discuss the relevancy of ZTE's discovery requests under a damages theory, and they hope this Court fails to recognize this **key Delaware legal theory** setting ZTE apart. By volunteering themselves here in the WDTX, only for limited standing issues, the Third-Parties reserve the option to oppose production under a damages theory (especially if they refuse to discuss it entirely), as this Court lacks the jurisdiction to actually compel production. As Delaware entities, this Court is beyond the 100-mile geographic limit for jurisdiction, thus *only* the District of Delaware can compel production.[4] And the Third-Parties know this, as they oppose any discussion of Delaware law, and any discussion of ZTE's unique damages relevancy theory in order to prevent any production altogether. This is improper.

As the movant, the Third-Parties bear the burden of proving commonality across all Defendants, but they refuse to address the facts specific to ZTE. In fact, they improperly conferred and hid their positions on key facts and law pertaining to ZTE's discovery requests under the damages theory, thereby waiving a rebuttal entirely. As such, in view of the different facts and issues, the Third-Parties are unable to prove consolidation here is appropriate for at least ZTE.

## C.    Third-Parties Failed to Meet Burden Under FRCP 42(a), 26(c), and 45(D)

It is improper to proceed wagon-before-ox, as ZTE has no pending Motion to Compel, nevertheless, the Third-Party motion fails to meet the burdens under FRCP 42(a), 26(c), and 45(D).

---

[4] *See* May 2, 2011, Committee on Rules of Practice and Procedure of the Judicial Conference of the United States Memorandum, p. 147 (geographical limitations of subpoenas in Rule 45(b)(2).

### 1.    The Reasons Put Forth to Consolidate Fail to Satisfy Rule 42(a)

The reasons that the Third-Parties put forward to consolidate all four matters, as sought in their improper motion, do not satisfy the requirements of Rule 42(a). Dkt. 161, pp. 17-20. There is neither a common question of law nor a common question of facts across all four Defendants' matters. The Third-Parties failed to satisfy their burden under Rule 42(a) for the reasons below.

As addressed above, there is no common question of law—as the other Defendants seek discovery under legal theories of standing relevancy, whereas ZTE seeks discovery under a legal theory of damages relevancy. And absent a common question, consolidating actions under Rule 42(a) is an abuse of discretion. *See Enterprise Bank*, 21 F.3d at 235-36 (8th Cir. 1994). Unlike Microsoft or any other Defendant here, ZTE seeks discovery for damages and information pertaining to the *Georgia-Pacific* factors 1-2. And district courts—including the Third-Parties' home district of Delaware—recognize that ZTE's discovery requests are likely to produce relevant documents and information. *Acceleration Bay*, 2018 WL 798731 at *3 (D. Del. Feb. 9, 2018). Discovery over third-parties—even third-parties with security interests—are proper and "may be relevant to central issues like validity and infringement, valuation, damages, royalty rates, pre-suit investigative diligence, and whether [Plaintiff] is an operating company," and that "common sense" confirms the document request relevancy. *Id*. Thus, there is no common legal question, as at least ZTE's discovery requests and their legal support differ from the other Defendants (and are likely to lead to different deposition questions).

Nevertheless, for *arguendo*, even if there was a common legal question, the facts here for ZTE differ from the facts of the other Defendants. And, the mere existence of a common legal theory is insufficient for the common question especially when the common legal theory requires resolution of facts unique to each individual party. *See Johnson*, 899 F.2d at 1285 (2d Cir. 1990).

As addressed above, the facts here differ drastically from the other Defendants, as unlike Google, ZTE has no pending Motion to Compel. Additionally, each set of actions against Defendants include *different* patents with *different* file histories with *different* ties to central issues like validity, infringement, valuation, damages, royalty rates, pre-suit investigative diligence, etc., requiring resolution of fact inquiries unique to each Defendant. Even if subpoenas are similar, the sought after discovery and the underlying facts are drastically different across all these cases.

### 2.   The Reasons Put Forth to Limit Discovery Fail to Satisfy Rule 26(c)

And, further, the reasons to limit discovery do not satisfy the requirements of Rule 26(c) either. Dkt. 161, pp. 17-20. The "scope of discovery is broad, encompassing requests that seek admissible evidence or are 'reasonably calculated to lead to the discovery of admissible evidence.'" *Infernal*, 2021 WL 2292804 at *3 (W.D. Tex. June 4, 2021) (quoting *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). The movant must prove that "good cause" exists with a specific showing that the requested discovery will result in a clearly defined and serious injury, and broad conclusory allegations of harm do not suffice. *Pansy*, 23 F.3d at 786 (3d Cir. 1994). Here, the Third-Parties offer nothing at all on their burden, more than broad conclusory allegations, and they failed to satisfy the burden under Rule 26(c). Dkt. 161, pp. 17-20.

The Third-Parties identify no burden, certainly no undue burden, in permitting the requested discovery. Instead, they identify normal activity of financiers (BP and Terrier), and licensors (Aqua) of the patents, borne from conducting business with a self-proclaimed patent monetizing and litigating patent owner (WSOU). Dkt. 161, p1. The requested discovery (pertaining to validity, infringement, valuation, damages, royalty rates, and pre-suit investigative diligence), and the requested discovery activities (producing documents, preparing witnesses, and appearing for depositions), are all normal activities for litigating patents—which the Third-Parties

played critical roles in purchasing and licensing. *Id*. All of the Third-Parties anticipated this discovery when they engaged with an entity proclaiming to monetize patents through litigation. This normal activity does not become a burden simply because WSOU chose to file multiple actions against multiple defendants. It certainly does not justify consolidating four Defendants' discovery request sets—as this is improper and prejudicial to Defendants for each separate action.

### 3.    The Reasons to Effectively Quash Discovery Fail to Satisfy Rule 45(D)

The Third-Parties failed to explicitly request that this Court quash the pending subpoenas, but via improper procedures, the Third-Parties have indirectly requested it, by alleging an undue burden under Rule 45(D). Dkt. 161, p. 17. The "burden of proving that a subpoena is oppressive is on the party moving to quash and is a heavy one." *Heat and Control*, 785 F.2d at 1025 (Fed. Cir. 1986). As discussed above, the Third-Parties failed to establish a reasonable burden, let alone an "undue burden." Thus, the Third-Parties failed to satisfy their burden under Rule 45(D) as well.

## IV.    CONCLUSION

For the foregoing reasons, the facts and law support entirely denying the movants' improper requests, especially in view of ZTE's discovery requested under its unique damages theory. Consolidation is also inappropriate at this time, as ZTE has no pending Motion to Compel, and improper given Third-Parties failure to meet the burdens under FRCP 42(a), 26(c), and 45(D).

DATED:  January 28, 2022                    Respectfully submitted,

                                            */s/Lionel M. Lavenue*
                                            Lionel M. Lavenue
                                            Virginia Bar No. 49,005
                                            lionel.lavenue@finnegan.com
                                            **FINNEGAN, HENDERSON, FARABOW,
                                            GARRETT & DUNNER, LLP**
                                            1875 Explorer Street, Suite 800
                                            Reston, VA 20190
                                            Phone:  (571) 203-2700
                                            *Attorney for Defendant ZTE Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on January 28, 2022.

*/s/Lionel M. Lavenue*
Lionel M. Lavenue