NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**In re: ZTE CORPORATION,**
*Petitioner*

2022-122

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in Nos. 6:20-cv-00487-ADA, 6:20-cv-00488-ADA, 6:20-cv-00489-ADA, 6:20-cv-00490-ADA, 6:20-cv-00491-ADA, 6:20-cv-00492-ADA, 6:20-cv-00493-ADA, 6:20-cv-00494-ADA, 6:20-cv-00495-ADA, 6:20-cv-00496-ADA, and 6:20-cv-00497-ADA, Judge Alan D. Albright.

**ON PETITION**

Before MOORE, *Chief Judge*, DYK and PROST, *Circuit Judges*.

MOORE, *Chief Judge*.

**O R D E R**

ZTE Corporation ("ZTE") petitions for a writ of mandamus directing the United States District Court for the Western District of Texas to vacate its January 3, 2022 order denying transfer and to transfer to the United States District Court for the Northern District of Texas.

WSOU Investments LLC opposes. For the following reasons, we deny ZTE's petition.

### BACKGROUND

WSOU filed these cases in the Western District of Texas in June 2020, accusing ZTE and its subsidiaries ZTE (USA), Inc. ("ZTA") and ZTE (TX), Inc. ("ZTX") (collectively, "the ZTE entities") of patent infringement. In October 2020, each defendant filed a motion principally seeking to dismiss or transfer under 28 U.S.C. § 1406(a). ZTE's motion included an alternative request to transfer under 28 U.S.C. § 1404(a) to the Northern District of Texas if the court transferred the claims against ZTA and ZTX to that district. Appx363–65.

After WSOU amended its complaints on November 6, 2020, the ZTE entities filed a second, joint motion to dismiss or transfer under § 1406(a) on December 4, 2020. That joint motion also included an alternative request to transfer to the Northern District of Texas under § 1404(a), but the district court issued an order striking the transfer portion of the motion as untimely on December 11, 2020, based on a previously issued scheduling order. On December 30, 2020, the ZTE entities moved to stay all other proceedings pending resolution of venue.

On August 6, 2021, the district court agreed to dismiss only ZTA and ZTX for improper venue. ZTE moved for reconsideration, arguing, among other things, that judicial economy would benefit from either dismissal of all the defendants or transfer because it was highly likely that WSOU would refile against ZTA and ZTX in the Northern District of Texas or that ZTE would file a declaratory judgment action there. The district court denied reconsideration on September 3, 2021, reasoning that "to the extent there is a judicial efficiency concern here, that concern remains hypothetical." Appx508.

On September 7, 2021, ZTA filed a declaratory judgment action in the Northern District of Texas, challenging the same patents asserted in the present actions. On September 10, 2021, the Western District of Texas requested supplemental briefing "in light of the new developments which raise[] a judicial economy concern," noting that it was "only interested in briefing regarding transfer under [28 U.S.C. §] 1404(a), with an emphasis on judicial economy." Appx510. In its brief, ZTE argued that the court should not apply the first-to-file rule and should transfer the case to the Northern District of Texas to then be consolidated with ZTA's now-pending parallel litigation.

On December 6, 2021, ZTE was informed that its stay request would not be granted. On January 3, 2022, the district court denied ZTE's request to transfer to Northern Texas. Appx1–2. The district court reasoned that these actions have been proceeding "at a relatively fast pace," including that claim construction briefing had finished, fact discovery had progressed for months, and the district court had resolved several discovery disputes. Appx2. It noted that the only substantive action in the Northern Texas case was briefing of a motion to dismiss or stay also concerning the first-to-file issues. The district court thus did "not find that transferring these actions to the [Northern District of Texas] would promote the efficient resolution of the disputes between the parties or judicial economy" and denied transfer. *Id.* This petition followed.

## DISCUSSION

A writ of mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (internal quotation marks and citation omitted). A petitioner must satisfy three requirements: (1) the petitioner must "have no other adequate means to attain the relief" desired; (2) the petitioner must show that the "right to

issuance of the writ is clear and indisputable"; and (3) the petitioner must convince the court that the writ is "appropriate under the circumstances." *Id.* at 380–81 (internal quotation marks and citations omitted). We cannot conclude this standard has been met here.

ZTE argues that the district court should have analyzed and weighed judicial economy considerations, the availability of sources of proof, the convenience of the witnesses, and local interest considerations all in favor of transferring to Northern Texas. Of those considerations, we find that ZTE clearly raised in the district court only judicial economy. We therefore do not consider the other factors. *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1296 (Fed. Cir. 2009) ("If a party fails to raise an argument before the trial court, or presents only a skeletal or undeveloped argument to the trial court, we may deem that argument waived on appeal . . . ." (citation omitted)).

ZTE's supplemental transfer briefing did not itself raise any argument concerning the sources of proof, witnesses, and local interest factors. ZTE also was not prevented from raising these arguments; to the contrary, the district court informed the parties that it was "interested in briefing regarding transfer under [28 U.S.C. §] 1404(a)." Appx510. Although the district court asked for the parties to place an emphasis on the issue of judicial economy, the district court did not prohibit, and indeed invited, ZTE to present its argument for why this case should be transferred under the statute. Rather than raise these factors, ZTE elected to focus solely on judicial economy.

ZTE contends that it raised these arguments indirectly in a one-line footnote in the brief saying it "incorporates its transfer for convenience arguments previously raised" in its October and December 2020 motions. Appx515 n.4. But it has not shown a clear right to have arguments

raised in such a manner considered. *See generally SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1320 (Fed. Cir. 2006) (requiring arguments to ordinarily be fully developed in the briefs and not in footnotes); *Graphic Controls Corp. v. Utah Med. Prods., Inc.*, 149 F.3d 1382, 1385 (Fed. Cir. 1998) (finding that an argument raised in a footnote which in turn referenced the full argument in the appendix was not preserved).

Even if we considered those prior submissions, ZTE still has not shown that it had clearly preserved these arguments. ZTE's October 2020 motion, which ZTE itself argued was moot after the amended complaint, Appx117–19, in fact, stated that these factors had "little bearing" on these cases, Appx364. We have also not been asked directly to overturn or been shown any clear and indisputable error that would warrant disturbing the court's December 11, 2020 order striking the transfer portion of the ZTE entities' December 2020 venue motion. Under these circumstances, ZTE has failed to demonstrate a clear right to have considerations other than judicial economy weighed in favor of transfer.

In denying ZTE's transfer request, the district court considered ZTE's judicial economy arguments in the context of applying the first-to-file rule, which "generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012) (citations omitted); *W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24*, 751 F.2d 721, 730 (5th Cir. 1985). We see no clear and indisputable error in the district court following that rule here. Although departure from the rule may be justified based on "considerations of judicial and litigant economy," *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005) (internal quotation marks and citation omitted), the district court here made a reasonable finding that such considerations did not warrant an exception to the rule given the

progression of this litigation in Western Texas before the second-filed action was commenced.

ZTE cites to this court's cases that have held that "[a] district court's decision to give undue priority to the merits of a case over a party's transfer motion should not be counted against that party in the venue transfer analysis." *In re Apple Inc.*, 979 F.3d 1332, 1343 (Fed. Cir. 2020). But that analysis is not directly applicable to ZTE's circumstances, which do not involve a court relying on the progress of a case that occurred while a transfer motion was pending as the basis for denying that same motion. ZTE instead asserts that the court should have granted its stay request in December 2020 when it filed the motion to dismiss, which would have resulted in none of the progress cited by the district court that warranted following the first-to-file rule here. But ZTE cites no clear legal right, and we are not aware of any, to such a stay here. *See In re ADTRAN, Inc.*, 840 F. App'x 516, 517 (Fed. Cir. 2021) (denying mandamus relief to direct stay of proceedings because of "no authority establishing a clear legal right to a stay of all non-venue-related deadlines under circumstances where the venue-related motion is still in briefing and the Markman hearing is months away").

ZTE also contends that this court should direct transfer because the Northern District of Texas is the only venue in which the related actions can be consolidated. But denial of mandamus here does not leave the two district courts without means to fulfill the first-to-file rule's objective of trying to avoid inconsistent judgments or waste party and judicial resources. The parties informed this court that the Northern District of Texas action has been stayed pending the outcome of this petition. And WSOU has a pending motion to dismiss or stay that action premised on application of the first-to-file rule.

Accordingly,

IN RE: ZTE CORPORATION     7

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

May 5, 2022
Date

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court