**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**ZTE CORPORATION,**<br><br>*Defendant.* | **Civil Action No. 6:20-cv-00487-ADA-DTG**<br>**Civil Action No. 6:20-cv-00488-ADA-DTG**<br>**Civil Action No. 6:20-cv-00489-ADA-DTG**<br>**Civil Action No. 6:20-cv-00490-ADA-DTG**<br>**Civil Action No. 6:20-cv-00491-ADA-DTG**<br>**Civil Action No. 6:20-cv-00492-ADA-DTG**<br>**Civil Action No. 6:20-cv-00493-ADA-DTG**<br>**Civil Action No. 6:20-cv-00494-ADA-DTG**<br>**Civil Action No. 6:20-cv-00495-ADA-DTG**<br>**Civil Action No. 6:20-cv-00496-ADA-DTG**<br>**Civil Action No. 6:20-cv-00497-ADA-DTG** |

## ORDER REGARDING DISCOVERY DISPUTES

This Court, having considered disputes raised by Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff") and Defendant ZTE Corporation ("Defendant") during the May 26, 2022, Discovery Hearing, hereby ORDERS the following:

1.      Plaintiff's request to compel Defendant's 30(b)(6) witnesses in Macau along with the related document production is GRANTED.  The Court considered the *Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199 (E.D.N.Y. 2007) factors and concludes that the depositions and document productions should proceed under the Federal Rules of Civil Procedure rather than in conjunction with the Hague Convention based on the following *Credit Lyonnais* Factor analysis:

1. <u>The importance to the investigation or litigation of the documents or other information requested</u>: The information sought from Defendant is of extraordinary importance to this litigation and weighs in favor of the Federal Rules of Civil Procedure;

2. <u>The degree of specificity of the request</u>: Plaintiff's requests for corporate testimony are sufficiently specific and weighs in favor of the Federal Rules of Civil Procedure;

3. <u>Whether the information originated in the United States</u>: The information requested originated in China and weighs in favor of applying the Hague Convention;

4. <u>The availability of alternative means of securing the information</u>: The Court finds that there are no alternative means of securing the information. The Court does not find ZTE USA/TX to be available alternative sources of information as Defendant agrees that these are separate entities. And it is the Court's understanding that compliance with the Hague Convention for this sought discovery is likely an exercise in futility, thus this factor weighs in favor of the Federal Rules of Civil Procedure;

5. <u>The competing interests of the nations whose laws are in conflict</u>: The Court understands that the Chinese Data Security Laws are written generally and aimed at national security, and that they do not prevent discovery; and thus this factor weighs in favor of the Federal Rules of Civil Procedure;

6. <u>The hardship of compliance on the party or witnesses from whom discovery is sought</u>:  The Court recognizes current hardships related to Covid-19 restrictions; however the caselaw discussed at the hearing convincingly shows that such restrictions are unlikely to impose substantial hardship in the future, and thus this factor weighs in favor of the Federal Rules of Civil Procedure.

2.      The 30(b)(6) depositions of Defendant's witnesses located in China shall proceed within four (4) weeks (June 23, 2022) under the Federal Rules of Civil Procedure in Macao, Hong Kong, or a location where they can legally give a remote deposition and comply with the travel requirements that their home country requires.  To the extent that Defendant does not tender its witnesses and necessary documents by this deadline, the parties shall submit a status report on June 23, 2022, with supporting documentary evidence showing documentary efforts of compliance by Defendant and/or correspondence reflecting retention of such documents by the Chinese authorities.

**3.**      The current June 17, 2022 deadline for the close of fact discovery is extended to July 1, 2022, and all subsequent due dates are similarly extended.  The Court encourages parties to complete document production and depositions within these four weeks.

4.      Plaintiff's request to compel Defendant's compliance with the May 12, 2022 Order of this Court (6:20-cv-00487-ADA-DTG, Dkt. 222) is GRANTED.  Defendant shall produce

within fourteen (14) days (no later than June 9, 2022) the document bearing bates ZTE-WSOU-000176675 in native form as well as the underlying native electronic data or database to documents bearing bates ZTE-WSOU-00013764 and ZTE-WSOU-000176675, which shall include all fields of the database for the relevant time period.

5.       Defendant shall provide discovery on products identified in Plaintiff's Exhibit C submitted to the Court titled "Brazos Proposed Preliminary List – Reasonably Similar Products as of April 28, 2022" ("Ex. C Products") (6:20-cv-00487-ADA-DTG, Dkt. 222) within four (4) weeks (no later than June 23, 2022).

6.       The parties are encouraged to complete production prior to the beginning of depositions.  To the extent key documents are produced after depositions are completed, then the Court will consider re-opening depositions.

Signed this 1st day of July, 2022.

_____
DEREK GILLILAND
UNITED STATES MAGISTRATE JUDGE