IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,**<br><br>*Plaintiff,*<br><br>v.<br><br>**ZTE CORPORATION,**<br><br>*Defendant.* | Civil Action No. 6:20-cv-00487-ADA<br>Civil Action No. 6:20-cv-00488-ADA<br>Civil Action No. 6:20-cv-00489-ADA<br>Civil Action No. 6:20-cv-00490-ADA<br>Civil Action No. 6:20-cv-00491-ADA<br>Civil Action No. 6:20-cv-00492-ADA<br>Civil Action No. 6:20-cv-00493-ADA<br>Civil Action No. 6:20-cv-00494-ADA<br>Civil Action No. 6:20-cv-00495-ADA<br>Civil Action No. 6:20-cv-00496-ADA<br>Civil Action No. 6:20-cv-00497-ADA |

## ORDER REGARDING DISCOVERY DISPUTES

This Court, having considered disputes raised by Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff") against Defendant ZTE Corporation ("Defendant") during the June 7, 2022, Discovery Hearing, hereby ORDERS the following:

1. Plaintiff's request to compel Defendant's production of source code files it deems unreadable identified in Plaintiff's dispute chart submitted to the Court titled "May 31, 2022 Dispute Chart" (the "Dispute Chart") is GRANTED-IN-PART and DENIED-IN-PART without prejudice. The Court will not require Defendant to provide replacement files for the Accused Products identified at this time, however, Plaintiff shall provide a list of files that it believes are not readable or searchable for Defendant's review. The parties shall then meet and confer to narrow disputes and determine whether the files should be produced. To the extent there is a disagreement, the parties are invited to contact the Court, which will promptly set an in-person hearing to resolve remaining disputes.

2. Plaintiff's request to compel Defendant's production of source code related to the '929, '534, and '839 Patents identified by Plaintiff in the Dispute Chart is GRANTED-IN-PART and DENIED-IN-PART without prejudice. The Court will not require Defendant to produce the source code related to Accused Products as identified, however, Plaintiff shall provide a list of files, and/or a list of Accused Product(s), that it believes are not readable, searchable, or are deficient for Defendant's review. The parties shall then meet and confer to narrow disputes, determine whether Defendant shall produce the source code for the Accused Products, and if the parties continue to disagree, they are invited to contact the Court to resolve any remaining disputes.

3. Plaintiff's request to compel production of source code relating to the Accused Products identified by Defendant as not sold in the United States in the Dispute Chart and listed by Plaintiff in Exhibit A of Plaintiff's Dispute Chart is DENIED without prejudice. The Court is willing to reconsider if presented with evidence demonstrating that the Accused Products identified are in fact sold in the United States.

4. Plaintiff's request to compel Defendant to supplement its source code production with regard to folders, files, and modules identified at Exhibits B and C of Plaintiff's Dispute Chart is GRANTED-IN-PART and DENIED-IN-PART without prejudice. Defendant shall supplement its source code production in response to Plaintiff's requests outlined in Exhibits B and C or serve a chart identifying on a file-by-file basis the reason for non-production, within fourteen (14) days – no later than June 21, 2022. The Court notes that Plaintiff has not waived its right to raise source code deficiencies after close of fact discovery.

5. The current June 17, 2022, deadline for the close of fact discovery is extended to July 1, 2022. The subsequent date for opening expert reports is further extended from June 30, 2022 to July 14, 2022. To the extent the parties require additional time for fact discovery, the

parties shall submit a proposed Joint Scheduling Order with revised deadlines for close of fact discovery and opening expert reports submissions.

6. Plaintiff's request to compel designations on all 30(b)(6) topics on which Defendant objected to provide testimony is GRANTED-IN-PART and DENIED-IN-PART. With respect to 30(b)(6) topics, the parties shall meet and confer with regard to topics identified in Plaintiff's Dispute Chart, notably] pertaining to *Georgia-Pacific Corp. v. United States Plywood Corp.* factors. The Court holds that the parties are entitled to discovery in connection with the factors outlined in the *Georgia-Pacific Corp. v. United States Plywood Corp.* case, but the parties should further meet and confer to narrow topics tailored to those factors. To the extent the parties continue to disagree, the parties can contact the Court, and it will set a prompt in-person hearing to resolve the matter.

Signed this 5th day of July, 2022.

_____
DEREK GILLILAND
UNITED STATES MAGISTRATE JUDGE