# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | §<br>§ C.A. NO. 6:20-cv-00487-ADA<br>§ C.A. NO. 6:20-cv-00488-ADA<br>§ C.A. NO. 6:20-cv-00489-ADA |
| *Plaintiff*, | § C.A. NO. 6:20-cv-00490-ADA<br>§ C.A. NO. 6:20-cv-00491-ADA |
| v. | § C.A. NO. 6:20-cv-00492-ADA<br>§ C.A. NO. 6:20-cv-00493-ADA |
| ZTE CORPORATION, | § C.A. NO. 6:20-cv-00494-ADA<br>§ C.A. NO. 6:20-cv-00495-ADA |
| *Defendant*. | § C.A. NO. 6:20-cv-00496-ADA<br>§ C.A. NO. 6:20-cv-00497-ADA<br>§<br>§ **JURY TRIAL DEMANDED**<br>§<br>§ |

## ZTE CORPORATION'S MOTION TO STAY PENDING RESOLUTION OF *INTER PARTES* REVIEW AND/OR *EX PARTE* REEXAMINATION OF THE ASSERTED PATENTS

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION: A STAY IS APPROPRIATE TO MINIMIZE WASTED PARTY RESOURCES GIVEN GRANTED POST-GRANT PROCEEDINGS | 1 |
| II. | BACKGROUND: PROGRESS OF POST-GRANT PROCEEDINGS SUPPORT STAY | 2 |
| | A. Fact Discovery Has Been Extended Numerous Times Already | 2 |
| | B. The USPTO, Through IPRs and EPRs, Initiated Review of All Claims WSOU Asserts Against ZTE | 2 |
| III. | LEGAL STANDARD | 4 |
| IV. | ARGUMENT: ALL CASE ACTIVITY SHOULD BE STAYED PENDING RESOLUTION OF GRANTED POST-GRANT PROCEEDINGS ANALYZING VALIDITY OF ALL ASSERTED CLAIMS | 5 |
| | A. Factor 1 Favors Stay: A Stay Will Not Unduly Prejudice WSOU | 5 |
| | B. Factor 2 Also Favors a Stay: A Considerable Amount of Fact Discovery By Both Parties Remains Incomplete | 6 |
| | C. Factor 3 Likewise Favors a Stay: A Stay Will Drastically Simplify Or Eliminate Issues In All Eleven Cases | 8 |
| V. | CONCLUSION: STAY IS NECESSARY TO PREVENT WASTING RESOURCES | 10 |

# TABLE OF AUTHORITIES

Cases

*Clinton v. Jones*, 520 U.S. 681, 706 (1997) .................................................................................. 4

*Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. A-13-CA-800-SS, 2015 WL 3773014, at
    *2 (W.D. Tex. June 16, 2015) ................................................................................................ 5, 9

*Evolutionary Intelligence, LLC v. Facebook, Inc.*, No. C 13-4202 SI, 2014 WL 261837,
    at *3 (N.D. Cal. Jan. 23, 2014) ................................................................................................... 5

*e-Watch, Inc. v. ACTi Corp., Inc.*, No. SA-12-CA-695-FB, 2013 WL 6334372 at *9
    (W.D. Tex. Aug. 9, 2013) ........................................................................................................... 6

*Gesture Tech. Partners, LLC v. Apple Inc.*, No. 6-21-cv-00121-ADA (W.D. Tex. Dec.
    29, 2021) ..................................................................................................................................... 5

*Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.,* No. 6:20-cv-00318-ADA, 2021
    WL 4555804 (W.D. Tex. Oct. 4, 2021) ........................................................................... 4, 5, 8, 9

*TC Tech. LLC v. T-Mobile USA, Inc.*, 2021 WL 8083373 (W.D. Tex. Dec. 7, 2021) ........... 4, 5, 8

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 2014 WL 121640 at *3 (N.D. Cal. July
    28, 2011) ..................................................................................................................................... 5

*Evolutionary Intelligence, LLC v. Samsung, Inc.*, No. C 13-04302 WHA, 2014 WL 93954
    at *3 (N.D. Cal. Jan. 9, 2014) ................................................................................................... 10

*NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111 (E.D.
    Tex. 2015) ................................................................................................................................ 10

Statutes

35 U.S.C. § 315(e)(2) ..................................................................................................................... 9

# TABLE OF EXHIBITS

| Exhibit | Document |
|---|---|
| 1 | *WSOU Investments, LLC. d/b/a Brazos Licensing and Development v. ZTE Corporation*, 6:20-cv-487, Complaint, Dkt. 1 |
| 2 | *WSOU Investments, LLC. d/b/a Brazos Licensing and Development v. ZTE Corporation*, 6:20-cv-488, Complaint, Dkt. 1 |
| 3 | *WSOU Investments, LLC. d/b/a Brazos Licensing and Development v. ZTE Corporation*, 6:20-cv-489, Complaint, Dkt. 1 |
| 4 | *WSOU Investments, LLC. d/b/a Brazos Licensing and Development v. ZTE Corporation*, 6:20-cv-490, Complaint, Dkt. 1 |
| 5 | *WSOU Investments, LLC. d/b/a Brazos Licensing and Development v. ZTE Corporation*, 6:20-cv-491, Complaint, Dkt. 1 |
| 6 | *WSOU Investments, LLC. d/b/a Brazos Licensing and Development v. ZTE Corporation*, 6:20-cv-492, Complaint, Dkt. 1 |
| 7 | *WSOU Investments, LLC. d/b/a Brazos Licensing and Development v. ZTE Corporation*, 6:20-cv-493, Complaint, Dkt. 1 |
| 8 | *WSOU Investments, LLC. d/b/a Brazos Licensing and Development v. ZTE Corporation*, 6:20-cv-494, Complaint, Dkt. 1 |
| 9 | *WSOU Investments, LLC. d/b/a Brazos Licensing and Development v. ZTE Corporation*, 6:20-cv-495, Complaint, Dkt. 1 |
| 10 | *WSOU Investments, LLC. d/b/a Brazos Licensing and Development v. ZTE Corporation*, 6:20-cv-496, Complaint, Dkt. 1 |
| 11 | *WSOU Investments, LLC. d/b/a Brazos Licensing and Development v. ZTE Corporation*, 6:20-cv-497, Complaint, Dkt. 1 |
| 12 | This portion intentionally left blank |
| 13 | *WSOU Investments, LLC. d/b/a Brazos Licensing and Development v. ZTE Corporation*, 6:20-cv-487-ADA, Order Granting Motion to Extend Scheduling Order Deadlines, Dkt. 160 |
| 14 | IPR2021-00698 |
| 15 | IPR2021-00695 |
| 16 | IPR2021-00696 |
| 17 | IPR2021-00699 |
| 18 | Order of Reexamination '905 Patent |
| 19 | Order of Reexamination '839 Patent |
| 20 | Order of Reexamination '240 Patent |
| 21 | Order of Reexamination '036 Patent |
| 22 | Order of Reexamination '929 Patent |
| 23 | Order of Reexamination '232 Patent |

| 24 | Order of Reexamination '060 Patent |
| 25 | ZTE Request for Reexamination '505 Patent |
| 26 | ZTE Request for Reexamination '534 Patent |
| 27 | *Ravgen, Inc. v. Natera, Inc. et al.*, Case No. 1:20-cv-692-LY (W.D. Tex. May 31, 2022) Dkt. 247 |
| 28 | *WSOU Investments LLC v. Arista Networks, Inc.*, Case No. 4:21-cv-08679-JSW, Dkt. 104 |
| 29 | *WSOU Investments LLC v. Arista Networks, Inc.*, Case No. 4:21-cv-08679-JSW, Dkt. 1 |
| 30 | *The Resurgence and Perils of Ex Parte Reexaminations_Sterne Kessler* |
| 31 | *AIA Trial Statistics Sep 2021* |

I.      **INTRODUCTION: A STAY IS APPROPRIATE TO MINIMIZE WASTED PARTY RESOURCES GIVEN GRANTED POST-GRANT PROCEEDINGS**

As of August 4, 2022, all eleven of the asserted patents are undergoing review by either the Patent Trial and Appeal Board ("PTAB") and/or the United States Patent and Trademark Office ("USPTO"). Pursuant to the Court's inherent authority to control its docket, ZTE Corporation ("ZTE") moves to stay the eleven suits filed by WSOU Investments LLC d/b/a Brazos Licensing and Development ("WSOU") to conserve the Court's and parties' resources. Both parties would waste countless resources if required to continue fact and expert discovery, summary judgment, pre-trial and trial for claims that will likely be invalidated and/or found unpatentable.

A stay here would drastically reduce judicial and party resources (a goal the Court shares). WSOU does not share this goal, however, as it failed to engage in discussions altogether here for an overall stay of these eleven cases. Instead, WSOU only engaged in extension discussions here—the parties are negotiating extending the close of expert discovery to February-March of 2023. Yet in the sister *Arista* case, which had a similar April 2023 close of expert discovery date, WSOU agreed to stay that case pending the outcome of its respective post-grant proceedings. Over 100 claims across eleven patents remain in these cases necessitating at least three trials separated by three months, and *every claim* of every asserted patent is under post-grant review. It is highly likely that these post-grant proceedings will alter the scope, or even validity, of these asserted claims.

All relevant factors weigh in favor of a stay. First, a stay will not unduly prejudice WSOU. WSOU is a non-practicing entity and seeks only monetary damages; WSOU can be fully compensated in spite of any delay. And a stay here equally benefits all parties as it reduces technical issues at the heart of dispute. Second, although these cases persisted for some time, a considerable amount of fact discovery remains unaddressed. The expenditure of substantial party resources, including international travel costs for Defendant's witnesses' depositions (which, by

Chinese law, must occur outside of China), could potentially be avoided by grant of a stay. Third, 100% of the claims asserted by WSOU are under review by the PTAB and/or the USPTO. The grant of a stay would drastically simplify, if not completely resolve, all eleven cases (and reduce the risk of costly and dangerous travel).

## II.     BACKGROUND: PROGRESS OF POST-GRANT PROCEEDINGS SUPPORT STAY

### A.     Fact Discovery Has Been Extended Numerous Times Already

WSOU filed its Complaint in all eleven cases against ZTE on June 3, 2020, asserting infringement of one patent in each case. *See* Exs. 1-11. In a July 5, 2022 Order, this Court extended the close of fact discovery from June 17, 2022 to July 1, 2022. *See WSOU Investments, LLC. d/b/a Brazos Licensing and Development v. ZTE Corporation*, 6:20-cv-487, Dkt. 232. Although the Court has yet to enter the order, the close of fact discovery was extended to August 1, 2022. *See id.*; Dkt. 233 at p. 26. Additionally, the parties further agreed to extend fact discovery to at least November 1, 2022 and remain in discussions.

The parties have yet to complete fact discovery—and the parties agree to push opening expert reports until at least December 21, 2022 for some cases. None of the three trials have been officially set, and based on party negotiations, the trials will likely be delayed until possibly the fall of 2023. A denial of a stay now will unduly necessitate significant work and great expenditure of resources by both parties. However, the jury selection and trial dates will certainly be delayed as a result of the extended—and continued extensions to fact discovery. *See* Ex. 13, p. 2.

### B.     The USPTO, Through IPRs and EPRs, Initiated Review of All Claims WSOU Asserts Against ZTE

The PTAB has instituted *Inter Partes* Review on all claims of four of the asserted patents. On March 21, 2021, ZTE petitioned for IPR on all claims of the '505 patent and the petition was instituted on October 18, 2021. *See* Ex. 14. On March 26, 2021, ZTE petitioned for IPR on all

claims of the '960 patent (instituted October 18, 2021), and the '071 patent (instituted September 27, 2021). *See* Exs. 15-16. On March 31, 2021, ZTE petitioned for IPR of all claims of the '534 patent and the petition was instituted October 18, 2021. *See* Ex. 17. The first of the Final Written Decisions is expected by the statutory deadline of September 27, 2022.

Of the remaining seven asserted patents, ZTE requested—and the USPTO granted—EPR on all claims of those patents. On May 9, 2022, the USPTO granted EPR on all claims of the '905 patent. *See* Ex. 18. On May 13, 2022, the USPTO granted EPR on all claims of the '839 patent. *See* Ex. 19. On May 26, 2022, the USPTO granted EPR on all claims of the '240 patent. *See* Ex. 20. On June 1, 2022, the USPTO granted EPR on all claims of the '036 patent. *See* Ex. 21. On June 24, 2022, the USPTO granted EPR on all claims of the '929 patent. *See* Ex. 22. On June 29, 2022, the USPTO granted EPR on all claims of the '232 patent. *See* Ex. 23. On July 12, 2022, the USPTO granted EPR on all claims of the '060 patent. *See* Ex. 24.

ZTE also filed a request for EPR on all claims of two patents which are pending IPR, the '505 patent and the '534 patent. The aforementioned requests were filed on July 29, 2022 and August 4, 2022, respectively. *See* Exs 24-25. A chart summarizing the status of each asserted patent undergoing IPR and/or EPR is below:

| Asserted Patent | Status | Case No./Re-examination Application No. | Deadline for Final Written Decision |
|---|---|---|---|
| 7,742,534 | *Inter partes* review instituted on all claims by the PTAB | IPR2021-00699 | October 18, 2022 |
| | Request for *ex parte* reexamination on all claims filed August 4, 2022 | 90/019,106 | N/A |
| 7,203,505 | *Inter partes* review instituted on all claims by the PTAB | IPR2021-00698 | October 18, 2022 |
| | Request for *ex parte* reexamination on all claims filed July 29, 2022 | 09/941,851 | N/A |
| 8,179,960 | *Inter partes* review instituted on all claims by the PTAB | IPR2021-00696 | October 18, 2022 |

3

| 8,147,071 | *Inter partes* review instituted on all claims by the PTAB | IPR2021-00695 | September 27, 2022 |
| --- | --- | --- | --- |
| 7,487,240 | *Ex parte* reexamination granted on all claims by the USPTO on June 28, 2022 | 90/019,083 | N/A |
| 8,451,839 | *Ex parte* reexamination granted on all claims by the USPTO on June 28, 2022 | 90/019,078 | N/A |
| 8,730,905 | *Ex parte* reexamination granted on all claims by the USPTO on July 13, 2022 | 90/019,077 | N/A |
| 9,185,036 | *Ex parte* reexamination granted on all claims by the USPTO on July 1, 2022 | 90/019,086 | N/A |
| 9,258,232 | *Ex parte* reexamination granted on all claims by the USPTO on July 29, 2022 | 90/019,094 | N/A |
| 9,294,060 | *Ex parte* reexamination granted on all claims by the USPTO on July 12, 2022 | 90/015,031 | N/A |
| 7,489,929 | *Ex parte* reexamination granted on all claims by the USPTO on June 24, 2022 | 90/015,029 | N/A |

### III.   LEGAL STANDARD

A district court has the inherent power to control its own docket, including the power to stay proceedings before it. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). "In particular, the question of whether to stay proceedings pending *inter partes* review of a patent is a matter committed to the district court's discretion." *Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.,* No. 6:20-cv-00318-ADA, 2021 WL 4555804, at *1 (W.D. Tex. Oct. 4, 2021) (internal quotation marks omitted). Furthermore, a stay is particularly justified when "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Id.* (internal quotation marks omitted).

Courts in this district typically consider three factors to determine whether to stay a case pending post-grant proceedings: (1) "whether the stay will unduly prejudice the nonmoving party;"

4

(2) "whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set;" and (3) "whether the stay will likely result in simplifying the case before the court." *Id.* at *2 (internal quotation marks omitted); *see also TC Tech. LLC v. T-Mobile USA, Inc.*, 2021 WL 8083373, at *2 (W.D. Tex. Dec. 7, 2021). "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors." *Kirsch*, 2021 WL 4555804, at *2 (internal quotation marks omitted).

## IV. ARGUMENT: ALL CASE ACTIVITY SHOULD BE STAYED PENDING RESOLUTION OF GRANTED POST-GRANT PROCEEDINGS ANALYZING VALIDITY OF ALL ASSERTED CLAIMS

### A. Factor 1 Favors Stay: A Stay Will Not Unduly Prejudice WSOU

The first factor, whether the stay will unduly prejudice the nonmoving party, favors a stay here because granting a stay will not prejudice WSOU (in fact it will help WSOU by reducing resources directly related to opening expert reports). "[T]he weight of Plaintiff's interest in timely enforcement is diminished here where a stay would merely delay Plaintiff's potential monetary recovery." *Id.*; *see also Gesture Tech. Partners, LLC v. Apple Inc.*, No. 6-21-cv-00121-ADA (W.D. Tex. Dec. 29, 2021) (granting stay where plaintiff requested only monetary damages). And although this factor may weigh against a stay "where the parties are direct competitors," that is not the case here as WSOU is a non-practicing entity that does not make or sell products that compete with ZTE (or anyone else). *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 2014 WL 121640 at *3 (N.D. Cal. July 28, 2011). As a result, monetary damages would adequately compensate WSOU for any alleged infringement and any purported prejudice arising from a stay.

Other courts similarly found that delaying potential monetary relief is not unduly prejudicial. *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. A-13-CA-800-SS, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015) ("mere delay in collecting [monetary] damages does not constitute undue prejudice."); *Evolutionary Intelligence, LLC v. Facebook, Inc.*, No. C 13-4202 SI, 2014 WL

5

261837, at *3 (N.D. Cal. Jan. 23, 2014) ("[c]ourts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement"). Under similar circumstances, courts regularly find no undue prejudice and granted motions to stay pending IPR and/or EPR proceedings. *See* Ex. 27, pp. 2-3 ("The court agrees with Defendants that a stay pending review at the USPTO would not present a significant delay").

WSOU's own conduct in related cases demonstrates that a stay would not unduly prejudice WSOU. Recently, on July 1, 2022, WSOU entered a joint stipulation with Arista Networks, Inc. ("Arista")—and the court granted—a stay of the proceedings pending the resolution of an IPR filed by Arista. *See* Ex. 28. In that case, before this Court transferred it to the Northern District of California, WSOU originally filed suit against Arista here in the Western District of Texas **less than five months after** WSOU filed the complaints against ZTE in the cases at hand. *See* Ex. 29 *id.*, Dkt. 1. Yet, due to WSOU's delay of six months of venue discovery here, in many ways the *Arista* case is procedurally more advanced than the cases here—and WSOU still agreed to stay—thus it is inappropriate for WSOU to engage in such conduct in the *Arista* case yet oppose a stay here as allegedly unduly prejudicial.

Further, mere delay associated with EPR or IPR proceedings, without more, does not justify denying a stay. *See e-Watch, Inc. v. ACTi Corp., Inc.*, No. SA-12-CA-695-FB, 2013 WL 6334372 at *9 (W.D. Tex. Aug. 9, 2013). In fact, a stay will also aid WSOU by saving party resources once the USPTO issues final written decisions for either the EPRs or the IPRs. Therefore, this factor weighs in favor of a stay.

    **B.**    **Factor 2 Also Favors a Stay: A Considerable Amount of Fact Discovery By Both Parties Remains Incomplete**

The second factor regarding whether the proceedings before the court have reached an advanced stage also favors a stay (because the cases are not advanced)—fact discovery remains

open and the Court has yet to set schedule any of the *three* trials for these cases (with at least three months between each trial). Although the proceedings in the instant cases have advanced for two years (a least six months were for venue discovery), a considerable amount of fact discovery remains incomplete. Fact discovery has encountered many setbacks unique to these cases—including WSOU's withholding of discovery. Dkt. 235, pp. 20-25. These setbacks borne from WSOU's misdeeds have forced delays to the close of fact discovery, thereby further delaying the respective three trial dates.

Notably, only one witness was deposed here (and another deposition of that witness is required) and at least eight more depositions remain across the parties. The depositions of ZTE's six Chinese witnesses which, under Chinese law, must occur outside of mainland China require an extraordinary amount of resources and time spent away from their regular corporate operations and this burden is further complicated by the resurgence of COVID-19 severe travel restrictions.

Absent a stay, the parties will expend substantial resources pursuing fact and expert discovery, dispositive motions, pre-trial motions and submissions, trial preparation, and trials for claims that the PTAB will likely invalidate and/or the USPTO will find unpatentable. More importantly, the Court is likely to invest substantial time and resources on hearings and discovery disputes (*e.g.*, discovery motions, dispositive motions, motions *in limine*, *Daubert* motions), and potentially pre-trial conferences and trials. Given the high likelihood that the IPR and EPR proceedings will impact the asserted claims, a stay is justified to avoid the needless waste of judicial and party resources. And proceeding with the merits of these cases will impinge the "waste of time, energy and money" that the Federal Circuit cautioned against, in *In re EMC Corp*. 501 Fed. Appx. 973, 975-76 (Fed. Cir. 2013).

Although the Court held a *Markman* hearing on March 3, 2022, the Court has granted stays in light of IPRs when a motion to stay was filed after the *Markman* hearing and no depositions had been taken. *See, e.g., Kirsch*, 2021 WL 4555804 at *1-2 ("The parties have only begun written discovery and no deposition have been taken." This factor favors denying a stay.") (internal citations omitted). Here, written discovery is still ongoing and only *one* deposition has been taken (which requires supplemental deposing). Therefore, this factor weighs in favor of a stay.

    **C.**    **Factor 3 Likewise Favors a Stay: A Stay Will Drastically Simplify Or Eliminate Issues In All Eleven Cases**

The most important factor to the Court in deciding whether to grant a stay is the prospect that the IPR and/or EPR proceedings will result in simplification of issues before the Court. *See id.* at *3, *see also TC Tech. LLC v. T-Mobile USA, Inc.*, Case No. 6-20-CV-00899-ADA, 2021 WL 8083373 (W.D. Tex. Dec. 7, 2021). Here, where every asserted claim of all eleven asserted patents is under review, a stay will drastically simplify the issues and possibly even eliminate trial, thereby reducing the burden on the Court and the parties.

Recent studies show that stays as requested here are likely to simplify the issues. In approximately 80% of granted EPRs, the challenged claims are invalidated or amended. *See* Ex. 30. Between the '240 patent (11 claims), the '839 patent (9 claims), the '905 patent (**26 claims**), the '036 patent (**18 claims**), the '232 patent (2 claims), the '060 patent (2 claims), and the '929 patent (15 claims), despite already narrowing the number of asserted claims, 68 asserted claims remain (with nearly 70 additional claims) that are all subject to EPR. Assuming the statistical averages reported in the recent study apply, approximately 55 of those asserted claims undergoing EPR will be either invalidated or amended (also marginalizing the claim construction order).

Another USPTO study shows that, from October 2020 through September 2021, nearly half instituted claims were found to be unpatentable by a preponderance of the evidence in an IPR

Final Written Decision. *See* Ex. 31, p. 14. Between the '534 patent (12 claims), the '505 patent (4 claims), the '071 patent (3 claims), the '960 (4 claims), there remain 23 asserted claims (with nearly 80 additional claims) that are all subject to instituted IPRs—where several claims are likely to be invalidated as well. Thus, a stay which allows for resolution of the pending IPR and EPR proceedings could simplify the instant cases by an order of magnitudes, if not completely resolve all eleven cases.

Importantly, even if the PTAB does not ultimately invalidate some or all of the challenged claims, the issues in these cases will *still* be significantly simplified because ZTE will be estopped from arguing that the challenged claims are "invalid on any ground that [ZTE] raised or reasonably could have raised during [the] inter partes review." 35 U.S.C. § 315(e)(2). Thus, regardless of the outcome of the IPR proceedings, the scope of the parties' dispute in these cases will be narrowed.

Not granting the stay, on the other hand, would further complicate the issues in this case. With the pending IPR and EPR proceedings, "[p]roceeding to trial could [] prove to be extraordinarily wasteful of both the parties' resources and the Court's resources." *Crossroads Sys.*, 2015 WL 3773014, at *3; *see Kirsch*, 2021 WL 4555610, at *3 ("The Court finds that, given the number of grounds that PTAB instituted IPR upon, there is a good chance the PTAB will invalidate the … patent, rendering continued litigation of this case wasteful."). There is minimal value in litigating invalidity here while the same issues are before the PTAB and USPTO.

Staying this litigation safeguards judicial resources while providing the Court and parties with "the benefit of the expert agency's full and focused consideration of the effect of prior art on patents being asserted in litigation." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015); *Evolutionary Intelligence, LLC v. Samsung, Inc.*, No. C 13-04302 WHA, 2014 WL 93954 at *3 (N.D. Cal. Jan. 9, 2014) (IPR record may also

"raise estoppel issues, and encourage settlement"). The Court should stay these cases and prevent the parties from unnecessarily expending further valuable resources, while the PTAB and USPTO complete their respective review in the pending IPR and EPR proceedings. This factor, the most important one, weighs in favor of a stay.

## V.   CONCLUSION: STAY IS NECESSARY TO PREVENT WASTING RESOURCES

For the foregoing reasons, ZTE respectfully requests that the Court stay this case pending final resolution of the IPR proceedings and/or the EPR proceedings for the asserted patents.

DATED:  August 25, 2022                                     Respectfully submitted,

/s/Lionel M. Lavenue
Lionel M. Lavenue
Virginia Bar No. 49,005
lionel.lavenue@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
1875 Explorer Street, Suite 800
Reston, VA 20190
  Phone:  (571) 203-2700
  Fax:     (202) 408-4400

Attorney for Defendant,
ZTE Corporation

## CERTIFICATE OF CONFERENCE

The parties complied with Local Rule CV-7(i). On August 24, 2022, Defendants' counsel conferred with Plaintiff's counsel via telephone, and on Plaintiff's counsel confirmed that Plaintiff opposes the stay relief sought in this motion.

*/s/Lionel M. Lavenue*
Lionel M. Lavenue

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on August 25, 2022.

*/s/Lionel M. Lavenue*
Lionel M. Lavenue
