IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,**<br><br>*Plaintiff,*<br><br>v.<br><br>**ZTE CORPORATION,**<br><br>*Defendant.* | Civil Action No.: 6:20-cv-00487-ADA<br>Civil Action No.: 6:20-cv-00488-ADA<br>Civil Action No.: 6:20-cv-00489-ADA<br>Civil Action No.: 6:20-cv-00491-ADA<br>Civil Action No.: 6:20-cv-00493-ADA<br>Civil Action No.: 6:20-cv-00494-ADA<br>Civil Action No.: 6:20-cv-00495-ADA<br>Civil Action No.: 6:20-cv-00497-ADA<br><br>**JURY TRIAL DEMANDED** |

## ORDER REGARDING DISCOVERY DISPUTES

This Court, having considered the disputes raised by Defendant ZTE Corporation ("Defendant") against Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos") (collectively, "Parties") during the December 13, 2022, Discovery Hearing, hereby ORDERS the following:

1. Defendant's request to compel Plaintiff's 30(b)(6) witness Stuart Shanus ("Mr. Shanus") for a half-day deposition regarding documents produced after June 30, 2022, as well as, select documents produced *before* his June 30, 2022 deposition is **GRANTED**. Defendant may question Mr. Shanus regarding documents produced after June 30, 2022, and documents to which those relate, such as previously produced versions of the same documents such as WSOU-ZTEALL-0002932-3360.

2. Defendant's request for 30(b)(6) testimony on the following topics is **DENIED** as they are the subject of expert testimony:

| No. | Topic |
|---|---|
| 73 | All facts relating to any alleged damages that Plaintiff is claiming in these actions for the WSOU Asserted Patents, including all Documents on which Plaintiff intends to rely as evidence supporting any damages theory that Plaintiff intends to assert in this action, such as all Documents that comprise the basis for any calculations of lost profits, price erosion, or a reasonable royalty, and specifically all Documents pertaining to the *Georgia-Pacific* Factor 1 which Plaintiff intends to rely on such as the royalties received by You for the licensing of the WSOU Asserted Patents that You contend proves or tends to prove an established royalty. |
| 74 | All facts relating to any alleged damages that Plaintiff is claiming in these actions for the WSOU Asserted Patents, including all Documents on which Plaintiff intends to rely as evidence supporting any damages theory that Plaintiff intends to assert in this action, such as all Documents that comprise the basis for any calculations of lost profits, price erosion, or a reasonable royalty, and specifically all Documents pertaining to the *Georgia-Pacific* Factor 2 which Plaintiff intends to rely on such as the rates paid by any licensee for the use of other patents comparable to the WSOU Asserted Patents, |
| 75 | All facts relating to any alleged damages that Plaintiff is claiming in these actions for the WSOU Asserted Patents, including all Documents on which Plaintiff intends to rely as evidence supporting any damages theory that Plaintiff intends to assert in this action, such as all Documents that comprise the basis for any calculations of lost profits, price erosion, or a reasonable royalty, and specifically all Documents pertaining to the *Georgia-Pacific* Factor 3 which Plaintiff intends to rely on such as the nature and scope of any license an entity would have acquired for the WSOU Asserted Patents. |
| 76 | All facts relating to any alleged damages that Plaintiff is claiming in these actions for the WSOU Asserted Patents, including all Documents on which Plaintiff intends to rely as evidence supporting any damages theory that Plaintiff intends to assert in this action, such as all Documents that comprise the basis for any calculations of lost profits, price erosion, or a reasonable royalty, and specifically all Documents pertaining to the *Georgia-Pacific* Factor 4 which Plaintiff intends to rely on such as WSOU's established policy and marketing program to maintain any monopoly by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly. |

| | |
|---|---|
| 77 | All facts relating to any alleged damages that Plaintiff is claiming in these actions for the WSOU Asserted Patents, including all Documents on which Plaintiff intends to rely as evidence supporting any damages theory that Plaintiff intends to assert in this action, such as all Documents that comprise the basis for any calculations of lost profits, price erosion, or a reasonable royalty, and specifically all Documents pertaining to the *Georgia-Pacific* Factor 5 which Plaintiff intends to rely on such as the commercial relationship between You and Defendant. |
| 78 | All facts relating to any alleged damages that Plaintiff is claiming in these actions for the WSOU Asserted Patents, including all Documents on which Plaintiff intends to rely as evidence supporting any damages theory that Plaintiff intends to assert in this action, such as all Documents that comprise the basis for any calculations of lost profits, price erosion, or a reasonable royalty, and specifically all Documents pertaining to the *Georgia-Pacific* Factor 6 which Plaintiff intends to rely on such as the existing value of the invention to You as a generator of sales for non-patented items and the extent of such derivative or convoyed sales. |
| 79 | All facts relating to any alleged damages that Plaintiff is claiming in these actions for the WSOU Asserted Patents, including all Documents on which Plaintiff intends to rely as evidence supporting any damages theory that Plaintiff intends to assert in this action, such as all Documents that comprise the basis for any calculations of lost profits, price erosion, or a reasonable royalty, and specifically all Documents pertaining to the *Georgia-Pacific* Factor 7 which Plaintiff intends to rely on such as the duration of the WSOU Asserted Patents and term of the license. |
| 80 | All facts relating to any alleged damages that Plaintiff is claiming in these actions for the WSOU Asserted Patents, including all Documents on which Plaintiff intends to rely as evidence supporting any damages theory that Plaintiff intends to assert in this action, such as all Documents that comprise the basis for any calculations of lost profits, price erosion, or a reasonable royalty, and specifically all Documents pertaining to the *Georgia-Pacific* Factor 8 which Plaintiff intends to rely on such as the established profitability of the product made under the WSOU Asserted Patent, its commercial success, and its current popularity. |
| 81 | All facts relating to any alleged damages that Plaintiff is claiming in these actions for the WSOU Asserted Patents, including all Documents on which Plaintiff intends to rely as evidence supporting any damages theory that Plaintiff intends to assert in this action, such as all Documents that comprise the basis for any calculations of lost profits, price erosion, or a reasonable royalty, and specifically all Documents pertaining to the *Georgia-Pacific* Factor 9 which Plaintiff intends to rely on such as the utility and advantages of the patent property over |

|    | |
|----|---|
|    | the old modes or devices, if any, that had been used for working out similar results. |
| 82 | All facts relating to any alleged damages that Plaintiff is claiming in these actions for the WSOU Asserted Patents, including all Documents on which Plaintiff intends to rely as evidence supporting any damages theory that Plaintiff intends to assert in this action, such as all Documents that comprise the basis for any calculations of lost profits, price erosion, or a reasonable royalty, and specifically all Documents pertaining to the *Georgia-Pacific* Factor 10 which Plaintiff intends to rely on such as the nature of the patented invention, the character of the commercial embodiment of it as owned and produced by You, and the benefits to those who have used the invention. |
| 83 | All facts relating to any alleged damages that Plaintiff is claiming in these actions for the WSOU Asserted Patents, including all Documents on which Plaintiff intends to rely as evidence supporting any damages theory that Plaintiff intends to assert in this action, such as all Documents that comprise the basis for any calculations of lost profits, price erosion, or a reasonable royalty, and specifically all Documents pertaining to the *Georgia-Pacific* Factor 11 which Plaintiff intends to rely on such as the extent to which you believe Defendant has made use of the WSOU Asserted Patents and any evidence probative of the value of that use. |
| 84 | All facts relating to any alleged damages that Plaintiff is claiming in these actions for the WSOU Asserted Patents, including all Documents on which Plaintiff intends to rely as evidence supporting any damages theory that Plaintiff intends to assert in this action, such as all Documents that comprise the basis for any calculations of lost profits, price erosion, or a reasonable royalty, and specifically all Documents pertaining to the *Georgia-Pacific* Factor 12 which Plaintiff intends to rely on such as the portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions. |
| 85 | All facts relating to any alleged damages that Plaintiff is claiming in these actions for the WSOU Asserted Patents, including all Documents on which Plaintiff intends to rely as evidence supporting any damages theory that Plaintiff intends to assert in this action, such as all Documents that comprise the basis for any calculations of lost profits, price erosion, or a reasonable royalty, and specifically all Documents pertaining to the *Georgia-Pacific* Factor 13 which Plaintiff intends to rely on such as the portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by Defendant. |
| 86 | All facts relating to any alleged damages that Plaintiff is claiming in these actions for the WSOU Asserted Patents, including all Documents on which Plaintiff intends to rely as evidence supporting any damages |

4

|   | theory that Plaintiff intends to assert in this action, such as all Documents that comprise the basis for any calculations of lost profits, price erosion, or a reasonable royalty, and specifically all Documents pertaining to the *Georgia-Pacific* Factor 15 which Plaintiff intends to rely on such as the amount that You and Defendant would have agreed upon at the time you believe infringement began if there was a hypothetical negotiation. |
|---|---|

3. Defendant's request for Craig Etchegoyen's deposition is **DENIED as moot** in light of Plaintiff's agreement to produce Mr. Etchegoyen for deposition.

4.

**SIGNED** this 27th day of December 2022.

_____
**DEREK GILLILAND**
**UNITED STATES MAGISTRATE JUDGE**